IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC § § Plaintiff, § § v. § § GOOGLE INC., YAHOO! INC., § IAC SEARCH & MEDIA, INC., AOL LLC, § and LYCOS, INC. § § Defendants. § | Civil Action No. 2:07-CV-511 TJW JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

For its Original Complaint, Software Rights Archive, LLC ("SRA") alleges as follows:

### I. THE PARTIES

1.  Plaintiff Software Rights Archive, LLC is a limited liability company organized and existing under the laws of Delaware.

2.  Upon information and belief, Defendant Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3.  Upon information and belief, Defendant Yahoo! Inc. ("Yahoo!") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 701 First Avenue, Sunnyvale, California 94089.

4.  Upon information and belief, Defendant IAC Search & Media, Inc. ("IAC") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 555 12th St. Ste. 500, Oakland, California 94607-3699.

5.    Upon information and belief, Defendant AOL LLC ("AOL") is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 22000 AOL Way, Dulles, Virginia 20166-9323.

6.    Upon information and belief, Defendant Lycos, Inc. ("Lycos") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 100 5th Avenue, Suite 501, Waltham, Massachusetts 02451-8724.

## II. JURISDICTION AND VENUE

7.    This action arises under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq*. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.    This Court has personal jurisdiction over Google, Yahoo!, IAC, AOL and Lycos (collectively, "Defendants") because, upon information and belief, Defendants reside in this District, have transacted business in this District, have committed acts of infringement in this District and continue to commit acts of infringement in this District.

9.    Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because Defendants reside in this District, have committed acts of direct and indirect infringement in this District, have transacted business in this District, and have established minimum contacts with this District.

## III. THE '352 PATENT

10.    On August 6, 1996, United States Patent No. 5,544,352 (the '352 Patent), entitled "Method and Apparatus for Indexing, Searching and Displaying Data" was duly and lawfully issued by the United States Patent and Trademark Office, naming Daniel Egger as sole inventor and Libertech, Inc. as assignee. A true and correct copy of the '352 Patent is attached as Exhibit

A.  SRA is the assignee of all right, title and interest in and to the '352 Patent, and holds the right to sue and recover for past, present, and future infringement thereof.

11.  The Defendants have infringed and continue to infringe the '352 Patent by their use, offer for sale, and sale of search engines, systems and services covered by the claims of the '352 Patent. The Defendants have also infringed and continue to infringe the '352 Patent by contributing to and inducing infringement by others. Defendants are therefore liable to Plaintiff for infringement of the '352 Patent under 35 U.S.C. § 271.

12.  Acts of infringement by Defendants have caused damage to SRA. SRA is entitled to recover from Defendants the damages sustained by SRA as a result of Defendants' wrongful acts in an amount subject to proof at trial, but not less than a reasonable royalty. Defendants' infringement of SRA's rights under the '352 Patent will continue to damage SRA, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

13.  Upon information and belief, Defendants' infringement of the '352 Patent is willful and deliberate, entitling SRA to enhanced damages under 35 U.S.C. § 284. Upon information and belief, Defendants have demonstrated at least objective recklessness in connection with their willful infringement.

14.  This case is exceptional, entitling SRA to recover attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### IV.  THE '494 PATENT

15.  On November 3, 1998, United States Patent No. 5,832,494 (the "'494 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data" was duly and lawfully issued by the United States Patent and Trademark Office naming Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors, and Libertech, Inc. as assignee. A true and correct

copy of the '494 Patent is attached as Exhibit B. SRA is the assignee of the '494 Patent and holds the right to sue and recover for past, present, and future infringement thereof.

16. The Defendants have infringed and continue to infringe the '494 Patent by their use, offer for sale, and sale of search engines, systems and services covered by the claims of the '494 Patent. The Defendants have also infringed and continue to infringe the '494 Patent by contributing to and inducing others to infringe. Defendants are therefore liable to Plaintiff for infringement of the '494 Patent under 35 U.S.C. § 271.

17. Defendants' acts of infringement have caused damage to SRA. SRA is entitled to recover from Defendants the damages sustained by SRA as a result of Defendants' wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty. Defendants' infringement of SRA's rights under the '494 Patent will continue to damage SRA, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

18. Upon information and belief, Defendants' infringement of the '494 Patent is willful and deliberate, entitling SRA to enhanced damages under 35 U.S.C. § 284. Upon information and belief, Defendants have demonstrated at least objective recklessness in connection with their willful infringement.

19. This case is exceptional, entitling SRA to recover attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### V. THE '571 PATENT

20. On May 15, 2001, United States Patent No. 6,233,571 (the "'571 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data" was duly and lawfully issued by the United States Patent and Trademark Office to Daniel Egger. A true and correct

copy of the '571 Patent is attached hereto as Exhibit C. SRA is the assignee of the '494 Patent and holds the right to sue and recover for past, present, and future infringement thereof.

21. The Defendants have infringed and continue to infringe the '571 Patent by their use, offer for sale, and sale of search engines, systems and services covered by the claims of the '571 Patent. The Defendants have also infringed and continue to infringe the '571 Patent by contributing to infringement and inducing others to infringe. Defendants are therefore liable to Plaintiff for infringement of the '571 Patent under 35 U.S.C. § 271.

22. Defendants' acts of infringement have caused damage to SRA. SRA is entitled to recover from Defendants the damages sustained by SRA as a result of Defendants' wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty. Defendants' infringement of SRA's rights under the '571 Patent will continue to damage SRA, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

23. Upon information and belief, Defendants' infringement of the '571 Patent is willful and deliberate, entitling SRA to enhanced damages under 35 U.S.C. § 284. Upon information and belief, Defendants have demonstrated at least objective recklessness in connection with their willful infringement.

24. This case is exceptional, entitling SRA to recover attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## VI. JURY DEMAND

25. SRA demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, SRA prays for relief against Defendants as follows:

a.  Judgment that Defendants have infringed, induced others to infringe, and committed acts of contributory infringement with respect to the claims of the '352, '494 and '571 Patents;

b.  Judgment that Defendants' patent infringement has been, and continues to be, willful;

c.  A permanent injunction enjoining the Defendants, their respective officers, agents, servants, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of the '352, '494 and '571 Patents;

d.  Awarding SRA damages adequate to compensate for the infringement by Defendants, but in no event less than a reasonable royalty for the use made of the inventions by Defendants, together with interests and costs under 35 U.S.C. § 284;

e.  Enhancing the foregoing damages due to Defendants' willful infringement, pursuant to 35 U.S.C. § 284;

f.  Awarding pre- and post-judgment interest on the damages assessed;

g.  Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding SRA its reasonable attorney fees;

h.  SRA's costs of court; and

i.  Awarding to SRA such other and further relief as the Court deems just.

DATED: November 21, 2007

Respectfully Submitted,

*[signature]*

Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Requesting Admission *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522
DINOVO PRICE ELLWANGER LLP
P. O. Box 201690
Austin, Texas 78720-1690
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
BROWN MCCARROLL, LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@mailbmc.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165

Charles Ainsworth
State Bar No. 0078352
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)