IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>GOOGLE INC., YAHOO! INC.,<br>IAC SEARCH & MEDIA, INC., AOL LLC,<br>and LYCOS, INC.,<br><br>              Defendants. | Case No. 2:07-cv-511 (TJW)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT YAHOO! INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT**

Defendant Yahoo! Inc. ("Yahoo!") respectfully submits its Answer, Affirmative Defenses, and Counterclaims to the Original Complaint ("Complaint") of Plaintiff Software Rights Archive, LLC ("Plaintiff" or "SRA"), dated November 21, 2007, and states as follows:

### I. THE PARTIES

1.    In answer to paragraph 1 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

2.    In answer to paragraph 2 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

3.    In answer to paragraph 3 of the Complaint, Yahoo! admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 701 First Avenue, Sunnyvale, California, 94089.

4. In answer to paragraph 4 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

5. In answer to paragraph 5 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

6. In answer to paragraph 6 of the Complaint, Yahoo! lacks sufficient information to form a belief as to the truth of the allegations contained therein, and therefore denies the allegations.

## II. JURISDICTION AND VENUE

7. In answer to paragraph 7 of the Complaint, Yahoo! admits that this action purports to arise under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq.*, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. In answer to paragraph 8 of the Complaint, Yahoo! admits that this Court has personal jurisdiction over Yahoo!. Except as expressly admitted, Yahoo! denies the remaining allegations in paragraph 8 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 8 relating to the other defendants, and therefore denies those allegations.

9. In answer to paragraph 9 of the Complaint, Yahoo! admits that venue is proper in this district. Except as expressly admitted, Yahoo! denies the remaining allegations in paragraph 9 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 9 relating to the other defendants, and therefore denies those allegations.

## III.  THE '352 PATENT

10. In answer to paragraph 10 of the Complaint, Yahoo! admits that the face of U.S. Patent No. 5,544,352 ("the '352 patent") lists its title as "Method and Apparatus for Indexing, Searching and Displaying Data," indicates August 6, 1996 as the patent's issue date, and lists Daniel Egger as the sole inventor and Libertech, Inc. as the assignee.  Yahoo! denies that the '352 patent was duly and lawfully issued by the United States Patent and Trademark Office.  Yahoo! denies that a true and correct copy of the '352 patent is attached to the Complaint as Exhibit A, as there are no attachments to the Complaint other than a Civil Cover Sheet.  Yahoo! lacks sufficient information to form a belief as to the allegation that "SRA is the assignee of all right, title and interest in and to the '352 Patent, and holds the right to sue and recover for past present, and future infringement thereof," and therefore denies that allegation.  Except as expressly admitted, Yahoo! denies the remaining allegations of paragraph 10.

11. In answer to paragraph 11 of the Complaint, Yahoo! denies each allegation of paragraph 11 directed to Yahoo!.  Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 11 directed to the other defendants, and therefore denies those allegations.

12. In answer to paragraph 12 of the Complaint, Yahoo! denies each allegation of paragraph 12 directed to Yahoo!.  Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 12 directed to the other defendants, and therefore denies those allegations.

13. In answer to paragraph 13 of the Complaint, Yahoo! denies each allegation of paragraph 13 directed to Yahoo!.  Yahoo! lacks sufficient information to form a belief as to the

allegations in paragraph 13 directed to the other defendants, and therefore denies those allegations.

14. In answer to paragraph 14 of the Complaint, Yahoo! denies each allegation.

### IV. THE '494 PATENT

15. In answer to paragraph 15 of the Complaint, Yahoo! admits that the face of U.S. Patent No. 5,832,494 ("the '494 patent") lists its title as "Method and Apparatus for Indexing, Searching and Displaying Data," indicates November 3, 1998 as the patent's issue date, and lists Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors and Libertech, Inc. as the assignee. Yahoo! denies that the '494 patent was duly and lawfully issued by the United States Patent and Trademark Office. Yahoo! denies that a true and correct copy of the '494 patent is attached to the Complaint as Exhibit B, as there are no attachments to the Complaint other than a Civil Cover Sheet. Yahoo! lacks sufficient information to form a belief as to the allegation that "SRA is the assignee of the '494 Patent, and holds the right to sue and recover for past present, and future infringement thereof," and therefore denies that allegation. Except as expressly admitted, Yahoo! denies the remaining allegations of paragraph 15.

16. In answer to paragraph 16 of the Complaint, Yahoo! denies each allegation of paragraph 16 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 16 directed to the other defendants, and therefore denies those allegations.

17. In answer to paragraph 17 of the Complaint, Yahoo! denies each allegation of paragraph 17 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 17 directed to the other defendants, and therefore denies those allegations.

18. In answer to paragraph 18 of the Complaint, Yahoo! denies each allegation of paragraph 18 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 18 directed to the other defendants, and therefore denies those allegations.

19. In answer to paragraph 19 of the Complaint, Yahoo! denies each allegation.

### V. THE '571 PATENT

20. In answer to paragraph 20 of the Complaint, Yahoo! admits that the face of U.S. Patent No. 6,233,571 ("the '571 patent") lists its title as "Method and Apparatus for Indexing, Searching and Displaying Data," indicates May 15, 2001 as the patent's issue date, and lists Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors and Daniel Egger as the assignee. Yahoo! denies that the '571 patent was duly and lawfully issued by the United States Patent and Trademark Office. Yahoo! denies that a true and correct copy of the '571 patent is attached to the Complaint as Exhibit C, as there are no attachments to the Complaint other than a Civil Cover Sheet. Yahoo! lacks sufficient information to form a belief as to the allegation that "SRA is the assignee of the '571 Patent, and holds the right to sue and recover for past present, and future infringement thereof," and therefore denies that allegation. Except as expressly admitted, Yahoo! denies the remaining allegations of paragraph 20.

21. In answer to paragraph 21 of the Complaint, Yahoo! denies each allegation of paragraph 21 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 21 directed to the other defendants, and therefore denies those allegations.

22. In answer to paragraph 22 of the Complaint, Yahoo! denies each allegation of paragraph 22 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the

allegations in paragraph 22 directed to the other defendants, and therefore denies those allegations.

23. In answer to paragraph 23 of the Complaint, Yahoo! denies each allegation of paragraph 23 directed to Yahoo!. Yahoo! lacks sufficient information to form a belief as to the allegations in paragraph 23 directed to the other defendants, and therefore denies those allegations.

24. In answer to paragraph 24 of the Complaint, Yahoo! denies each allegation.

## VI. JURY DEMAND

25. An answer to paragraph 25 of the Complaint is not necessary from Yahoo!.

## VII. PRAYER FOR RELIEF

26. Yahoo! denies that SRA is entitled to any of the relief it seeks in its prayer for relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Yahoo! asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE
(Invalidity)

27. One or more of the claims of the '352 patent are invalid on the grounds that the purported inventions claimed therein fail to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

28. One or more of the claims of the '494 patent are invalid on the grounds that the purported inventions claimed therein fail to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

29. One or more of the claims of the '571 patent are invalid on the grounds that the purported inventions claimed therein fail to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

## SECOND DEFENSE
### (Non-Infringement)

30. Yahoo! does not and has not infringed, whether directly or indirectly, literally or by equivalents, willfully or otherwise, any claim of the '352 patent. If the claims at issue are interpreted so broadly as to read on any accused product or method, Yahoo! does not and has not infringed any such claim of the '352 patent under the Reverse Doctrine of Equivalents.

31. Yahoo! does not and has not infringed, whether directly or indirectly, literally or by equivalents, willfully or otherwise, any claim of the '494 patent. If the claims at issue are interpreted so broadly as to read on any accused product or method, Yahoo! does not and has not infringed any such claim of the '494 patent under the Reverse Doctrine of Equivalents.

32. Yahoo! does not and has not infringed, whether directly or indirectly, literally or by equivalents, willfully or otherwise, any claim of the '571 patent. If the claims at issue are interpreted so broadly as to read on any accused product or method, Yahoo! does not and has not infringed any such claim of the '571 patent under the Reverse Doctrine of Equivalents.

## THIRD DEFENSE
### (Prosecution History Estoppel)

33. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '352 patent preclude SRA from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

34. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '494 patent preclude SRA from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

35. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '571 patent preclude SRA from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

**FOURTH DEFENSE**
**(Adequate Remedy at Law)**

36. SRA has an adequate remedy at law, and no basis exists for the grant of equitable relief.

**FIFTH DEFENSE**
**(Laches)**

37. Each of SRA's claims for relief is barred by the doctrine of laches. SRA delayed filing suit for an unreasonable and inexcusable length of time from the time that it knew or reasonably should have known of its alleged claims against Yahoo!. This delay operated to the material prejudice of Yahoo!.

**SIXTH DEFENSE**
**(Limitation on Damages)**

38. To the extent that SRA is seeking damages arising from alleged acts of infringement committed more than six years before the filing of the Complaint, such damages are barred by 35 U.S.C. § 286.

## SEVENTH DEFENSE
### (Marking)

39. On information and belief, some or all of SRA's claim for damages is barred by 35 U.S.C. § 287.

## EIGHTH DEFENSE
### (Limitation on Recovery of Costs)

40. On information and belief, SRA is precluded from seeking recovery of its costs by 35 U.S.C. § 288.

## ADDITIONAL DEFENSES
### (Reserved)

41. Yahoo! specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

## YAHOO!'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

## JURISDICTION AND VENUE

42. Yahoo! incorporates by reference paragraphs 1-41 as if fully set forth herein.

43. Yahoo! is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

44. Upon information and belief, SRA is a limited liability company organized and existing under the laws of the State of Delaware.

45. These counterclaims arise under federal statutory law, including 35 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 2201 and 2202. Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

46. By filing its Complaint, SRA has consented to the personal jurisdiction of this Court.

47. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400.

48. By its Complaint, SRA alleges that Yahoo! has infringed the '352, '494, and '571 patents. Yahoo! has denied these allegations. A justifiable controversy therefore exists between SRA and Yahoo!.

49. A judicial declaration is necessary and appropriate at this time in order that Yahoo! may ascertain its rights and duties with respect to the '352, '494, and '571 patents.

## COUNT ONE
**(Declaratory Judgment of Non-Infringement and Invalidity of the '352 Patent)**

50. Yahoo! incorporates by reference Paragraphs 1-49 as if fully set forth herein.

51. Yahoo! does not and has not infringed in any manner, willfully or otherwise, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '352 patent, and is entitled to a declaration to that effect.

52. Additionally, SRA is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '352 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

53. Upon information and belief, one or more claims of the '352 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112, and Yahoo! is entitled to a declaration to that effect.

54. Based on the foregoing, Yahoo! seeks a judgment holding that the '352 patent is invalid and not infringed.

## COUNT TWO
**(Declaratory Judgment of Non-Infringement and Invalidity of the '494 Patent)**

55. Yahoo! incorporates by reference Paragraphs 1-54 as if fully set forth herein.

56. Yahoo! does not and has not infringed in any manner, willfully or otherwise, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '494 patent, and is entitled to a declaration to that effect.

57. Additionally, SRA is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '494 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

58. Upon information and belief, one or more claims of the '494 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112, and Yahoo! is entitled to a declaration to that effect.

59. Based on the foregoing, Yahoo! seeks a judgment holding that the '494 patent is invalid and not infringed.

## COUNT THREE
**(Declaratory Judgment of Non-Infringement and Invalidity of the '571 Patent)**

60. Yahoo! incorporates by reference Paragraphs 1-59 as if fully set forth herein.

61. Yahoo! does not and has not infringed in any manner, willfully or otherwise, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '571 patent, and is entitled to a declaration to that effect.

62. Additionally, SRA is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '571 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

63. Upon information and belief, one or more claims of the '571 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112, and Yahoo! is entitled to a declaration to that effect.

64. Based on the foregoing, Yahoo! seeks a judgment holding that the '571 patent is invalid and not infringed.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant and counterclaimant Yahoo! prays for relief as follows:

A. That the Court enter judgment in favor of Yahoo!, and against plaintiff SRA;

B. That the Court find that Yahoo! has not infringed and is not infringing the '352, '494, and '571 patents, and enter declaratory judgment that Yahoo! has not infringed and is not infringing the '352, '494, and '571 patents;

C. That the Court find that the '352, '494, and '571 patents are invalid and enter declaratory judgment that the '352, '494, and '571 patents are invalid;

D. That SRA take nothing by its Complaint against Yahoo!;

E. That the Court deny any and all of SRA's requests for injunctive relief;

F. That the Court deny any and all of SRA's requests for equitable relief;

G. That the Court dismiss SRA's Complaint in its entirety, with prejudice.

H. That the Court find this case exceptional under 35 U.S.C. § 285, and award Yahoo! its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

I. That the Court grant Yahoo! such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yahoo! hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

Dated: January 31, 2008

Respectfully submitted,

/s/ Michael E. Jones
Michael A. Jacobs (mjacobs@mofo.com)
Lead Attorney
Rachel Krevans (rkrevans@mofo.com)
Richard S.J. Hung (rhung@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

Michael E. Jones (mikejones@potterminton.com)
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant/Counterclaimant Yahoo! Inc.*

## CERTIFICATE OF SERVICE

  This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 31st day of January, 2008. Any other counsel of record will be served via electronic mail or facsimile transmission.

                    /s/ Michael E. Jones
                    Michael E. Jones