UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| (1) SOFTWARE RIGHTS ARCHIVE, LLC, § <br>      Plaintiff, § <br> § <br> v. § <br> § <br> (1) GOOGLE INC., § <br> (2) YAHOO! INC., § <br> (3) IAC SEARCH & MEDIA, INC., § <br> (4) AOL LLC, and § <br> (5) LYCOS, INC., § <br>      Defendants. § | CASE NO. 2:07-CV-511 (TJW) <br><br> JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS OF AOL LLC TO SOFTWARE RIGHTS ARCHIVE LLC'S COMPLAINT

Defendant and Counterclaimant AOL LLC ("AOL"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff and Counterclaim Defendant Software Rights Archive, LLC ("Plaintiff") as follows:

## THE PARTIES

1.   AOL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies each of the allegations.

2.   AOL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, denies each of the allegations.

3.   AOL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies each of the allegations.

4. AOL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies each of the allegations.

5. AOL admits that AOL LLC is a limited liability company organized and existing under laws of the state of Delaware with a principle place of business at 22000 AOL Way, Dulles, Virginia, 20166-9323.

6. AOL is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, therefore, denies each of the allegations.

## JURISDICTION AND VENUE

7. AOL admits that Plaintiff purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, Section I et seq. AOL admits that this Court has subject matter jurisdiction over actions brought under 28 U.S.C. §§ 1131 and 1338(a).

8. AOL admits that personal jurisdiction is minimally proper in this Court over AOL. AOL admits that AOL has transacted business in this district. AOL denies each of the remaining allegations of paragraph 8 of the Complaint that are directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 8 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

9. AOL admits that venue is minimally proper with respect to AOL in this judicial district. AOL admits that AOL has transacted business in this district. AOL denies each of the remaining allegations of paragraph 9 of the Complaint that are directed

to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 9 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

## THE '352 PATENT

10. AOL admits that, on its face, U.S. Patent No. 5,544,352 ("the '352 patent") has an issue date of August 6, 1996, is entitled "Method and Apparatus for Indexing, Searching and Displaying Data," lists Daniel Egger as sole inventor, and lists "Libertech, Inc." as assignee. AOL further admits that a copy of the '352 Patent was attached as Exhibit A of the Complaint. AOL denies that the '352 patent was duly and legally issued. AOL is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is the assignee of all right, title and interest in and to the '352 patent, and that Plaintiff holds the right to sue and recover for past, present, and future infringement thereof and, therefore, denies these allegations of Paragraph 10. AOL otherwise denies the remaining allegations of Paragraph 10.

11. AOL denies each of the allegations of paragraph 11 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

12. AOL denies each of the allegations of paragraph 12 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 12 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

13. AOL denies each of the allegations of paragraph 13 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 13 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

14. AOL denies each of the allegations of paragraph 14 of the Complaint that is directed to AOL.

## THE '494 PATENT

15. AOL admits that, on its face, U.S. Patent No. 5,832,494 ("the '494 patent") has an issue date of November 3, 1998, is entitled "Method and Apparatus for Indexing, Searching and Displaying Data," lists Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors, and lists "Libertech, Inc." as assignee. AOL further admits that a copy of the '494 Patent was attached as Exhibit B of the Complaint. AOL denies that the '494 patent was duly and legally issued. AOL is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is the assignee of all right, title and interest in and to the '494 patent, and that Plaintiff holds the right to sue and recover for past, present, and future infringement thereof and, therefore, denies these allegations of Paragraph 15. AOL otherwise denies the remaining allegations of Paragraph 15.

16. AOL denies each of the allegations of paragraph 16 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 16 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

17.     AOL denies each of the allegations of paragraph 17 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 17 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

18.     AOL denies each of the allegations of paragraph 18 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

19.     AOL denies each of the allegations of paragraph 19 of the Complaint that is directed to AOL.

## THE '571 PATENT

20.     AOL admits that, on its face, U.S. Patent No. 6,233,571 ("the '571 patent") has an issue date of May 15, 2001, and is entitled "Method and Apparatus for Indexing, Searching and Displaying Data," and lists Daniel Egger as assignee. AOL further admits that a copy of the '571 Patent was attached as Exhibit C of the Complaint. AOL denies that the '571 patent was duly and legally issued. AOL is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is the assignee of all right, title and interest in and to the '494 patent, and that Plaintiff holds the right to sue and recover for past, present, and future infringement thereof and, therefore, denies these allegations of Paragraph 20. AOL otherwise denies the remaining allegations of Paragraph 20.

21.     AOL denies each of the allegations of paragraph 21 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of

Paragraph 21 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

22. AOL denies each of the allegations of paragraph 22 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 22 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

23. AOL denies each of the allegations of paragraph 23 of the Complaint that is directed to AOL. AOL lacks sufficient knowledge to admit or deny the allegations of Paragraph 23 of the Complaint as they pertain to defendants other than AOL, and on that basis denies each such allegation.

24. AOL denies each of the allegations of paragraph 24 of the Complaint that is directed to AOL.

## PRAYER FOR RELIEF

25. AOL denies that Plaintiff is entitled to any of the relief prayed for in its Complaint.

## AFFIRMATIVE DEFENSES

26. Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, AOL hereby asserts the following affirmative defenses. Moreover, AOL reserves the right to add to or amend its defenses further as additional information is developed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

27. AOL is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

28. Claims of the Asserted Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or one or more sections of Title 37, Code of Federal Regulations, including without limitation 35 U.S.C. §§ 101-103, and 112.

### THIRD AFFIRMATIVE DEFENSE

29. On information and belief, by reason of the proceeding in the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Asserted Patents, including statements, arguments, and amendments made to the claims, Plaintiff is estopped from asserting that AOL is infringing or has infringed the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims for relief and alleged damages are limited by 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff's remedies under the Asserted Patents are barred by laches, waiver, acquiescence, or estoppel.

### COUNTERCLAIMS

AOL asserts the following Counterclaims:

1. AOL incorporates by reference its responses and allegations as set forth herein in Paragraphs 1 through 31 above.

2. Defendant and Counterclaimant AOL LLC is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia, 20166.

3. Plaintiff and Counterclaim Defendant Software Rights Archive, LLC has alleged in Paragraph 1 of the Complaint that it is a Delaware limited liability company.

4. Plaintiff has alleged in Paragraphs 10, 15, and 20 of the Complaint that it is the owner of all rights, title and interest in the '352 Patent, the '494 Patent, and the '571 Patent, respectively, including all rights to pursue and collect damages for past infringement of these patents.

5. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

6. Plaintiff is subject to personal jurisdiction in the judicial district of the United States District Court for the Eastern District of Texas at least because Plaintiff has availed itself of this Court.

7. Venue for this action is proper in the judicial district of the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400 because Plaintiff consented to this venue by filing this action against AOL in the judicial district of the United States District Court for the Eastern District of Texas, and the Counterclaims are closely related to the claims set forth in the Complaint.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Noninfringement

8. AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 31 above and Counterclaim paragraphs 1 through 7 above.

9. Plaintiff is not entitled to any relief against AOL because AOL is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the '352 Patent, the '494 Patent, or the '571 Patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity

10. AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 31 above and Counterclaim paragraphs 1 through 9 above.

11. Claims of the '352 Patent, the '494 Patent, and the '571 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or one or more sections of Title 37, Code of Federal Regulations, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## REQUEST FOR RELIEF

WHEREFORE, for the reasons set forth in AOL's response to Plaintiff's Complaint and in AOL's Counterclaims, AOL respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Dismissal of Plaintiff's Complaint against AOL with prejudice;

B. A declaration that Plaintiff recovers nothing from AOL;

C. A declaration that AOL has not infringed, either directly or indirectly, and is not infringing, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 5,544,352; U.S. Patent No. 5,832,494; and U.S. Patent No. 6,233,571;

D. A declaration that all claims of U.S. Patent No. 5,544,352; U.S. Patent No. 5,832,494; and U.S. Patent No. 6,233,571 are invalid;

E. An order enjoining Plaintiff, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the Asserted Patents against AOL or anyone in privity with AOL;

F. An order awarding AOL its costs and disbursements in this action;

G. A declaration that this case is an exceptional case under 35 U.S.C. § 285 and an order awarding AOL its reasonable attorneys' fees in this action; and

H. An order awarding AOL such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AOL respectfully requests a trial by jury on all claims, defenses, and counterclaims.

Respectfully submitted,

GILLAM & SMITH, L.L.P.

_____/s_____
Harry L. Gillam, Jr.
State Bar No. 07921800
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

>Telephone: (903) 934-8450
>Facsimile: (903) 934-9257
>gil@gillamsmithlaw.com
>melissa@gillamsmithlaw.com

OF COUNSEL:

Gerald Ivey
Finnegan Henderson Farabow Garrett & Dunner, LLP - Washington
901 New York Ave., NW
Washington, DC 20001

Robert L. Burns
Darren M. Jiron
James G. Bell
Finnegan Henderson Farabow Garrett & Dunner, LLP - Reston
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20190

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 31st day of January 2008.

>/s/
>Harry L. Gillam, Jr.