# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC., YAHOO! INC.,<br>IAC SEARCH & MEDIA, INC., AOL LLC,<br>and LYCOS, INC.,<br><br>Defendants. | Civil Action No. 2:07-cv-511-TJW<br>Hon. T. John Ward<br><br>**JURY TRIAL DEMANDED** |

## GOOGLE INC.'S ANSWER AND COUNTERCLAIMS

Defendant Google Inc. ("Google"), by and through its attorneys, hereby answers the Complaint of Plaintiff Software Rights Archive, LLC ("SRA"). The headings and numbered paragraphs below correspond to those in SRA's Original Complaint (Dkt. #1) ("Complaint"). Except as expressly admitted below, Google denies the allegations and characterizations in SRA's Complaint.

### THE PARTIES

1.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.    Google admits that it is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

3.    Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, on that basis, denies all such allegations.

## JURISDICTION AND VENUE

7. Google admits that SRA's claims purport to arise under the United States Patent Act, codified at 35 U.S.C. § 1 *et seq.*, but denies that such claims have merit. Google admits that, for purposes of this action, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. Google admits that it engages in business activities via the Internet, which can be accessed in Texas, and in this District. Google specifically denies that it has committed any acts of infringement in this or any other District. Google admits that, for purposes of this action, this Court has personal jurisdiction over Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and, on that basis, denies those allegations.

9. Google admits that it engages in business activities via the Internet, which can be accessed in Texas, and in this District. Google specifically denies that it has committed any acts of infringement in this or any other District. Google admits that, for purposes of this action, venue is proper in the Eastern District of Texas. Google is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and, on that basis, denies those allegations.

## THE '352 PATENT

10.     Google admits that U.S. Patent No. 5,544,352 ("the '352 patent") lists an issue date of August 6, 1996. Google further admits that the '352 patent is entitled "Method and Apparatus for Indexing, Searching and Displaying Data." Google further admits that the face of the '352 patent identifies Daniel Egger as the inventor and Libertech, Inc. as assignee. Google further admits that the '352 patent is attached to the Complaint as Exhibit A. Google denies that the '352 patent was lawfully issued. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and, on that basis, denies those allegations.

11.     Google denies the allegations of paragraph 11 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and, on that basis, denies those allegations.

12.     Google denies the allegations of paragraph 12 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and, on that basis, denies those allegations.

13.     Google denies the allegations of paragraph 13 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and, on that basis, denies those allegations.

14. Google denies the allegations of paragraph 14 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and, on that basis, denies those allegations.

## THE '494 PATENT

15. Google admits that U.S. Patent No. 5,832,494 ("the '494 patent") lists an issue date of Nov. 3, 1998. Google further admits that the '494 patent is entitled "Method and Apparatus for Indexing, Searching and Displaying Data." Google further admits that the face of the '494 patent identifies Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors and Libertech, Inc. as assignee. Google further admits that the '494 patent is attached to the Complaint as Exhibit B. Google denies that the '494 patent was lawfully issued. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and, on that basis, denies those allegations.

16. Google denies the allegations of paragraph 16 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and, on that basis, denies those allegations.

17. Google denies the allegations of paragraph 17 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and, on that basis, denies those allegations.

18. Google denies the allegations of paragraph 18 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 18 and, on that basis, denies those allegations.

19. Google denies the allegations of paragraph 19 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and, on that basis, denies those allegations.

### THE '571 PATENT

20. Google admits that U.S. Patent No. 6,233,571 ("the '571 patent") lists an issue date of May 15, 2001. Google further admits that the '571 patent is entitled "Method and Apparatus for Indexing, Searching and Displaying Data." Google further admits that the face of the '571 patent identifies Daniel Egger as an inventor, but notes that the '571 patent also identifies Shawn Cannon and Ronald D. Sauers as co-inventors; Google therefore denies paragraph 20's allegations concerning inventorship to the extent they are inconsistent with the '571 patent. Google further admits that the '571 patent is attached to the Complaint as Exhibit C. Google denies that the '571 patent was lawfully issued. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and, on that basis, denies those allegations.

21. Google denies the allegations of paragraph 21 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and, on that basis, denies those allegations.

22. Google denies the allegations of paragraph 22 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 22 and, on that basis, denies those allegations.

23. Google denies the allegations of paragraph 23 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and, on that basis, denies those allegations.

24. Google denies the allegations of paragraph 24 to the extent such allegations are directed towards Google. Google is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and, on that basis, denies those allegations.

**JURY DEMAND**

25. Google admits that the Complaint sets forth a demand for trial by jury in paragraph 25. Paragraph 25 does not require an additional answer.

**PRAYER FOR RELIEF**

Google denies the allegations of SRA's Prayer for Relief against Google and denies that SRA is entitled to any relief whatsoever.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Google denies them.

**AFFIRMATIVE DEFENSES**

Google asserts the following affirmative defenses in response to SRA's Complaint. Google reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

26. Google has not infringed, willfully or otherwise, and does not currently infringe (either directly, contributorily, or by inducement) any valid claim of the '352, '494, or '571 patents.

**SECOND AFFIRMATIVE DEFENSE**

27. The claims of the '352, '494, and '571 patents are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

28. SRA's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

29. SRA's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '352, '494, and '571 patents and in related patent applications.

**FIFTH AFFIRMATIVE DEFENSE**

30. SRA's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

**SIXTH AFFIRMATIVE DEFENSE**

31. SRA's claims for injunctive relief are barred because there exist adequate remedies at law and SRA's claims otherwise fail to meet the requirements for such relief.

**SEVENTH AFFIRMATIVE DEFENSE**

32. Google reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity

that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## GOOGLE'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Google, for its counterclaims against Plaintiff SRA, states and alleges as follows:

## NATURE OF THE ACTION

33. This counterclaim seeks declaratory judgments of noninfringement and invalidity of the '352, '494, and '571 patents asserted by SRA in this action. Google seeks judgment under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## PARTIES

34. Google is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

35. On information and belief based on paragraph 1 of the Complaint, SRA is a limited liability company organized and existing under the laws of Delaware.

## JURISDICTION AND VENUE

36. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

37. Plaintiff SRA has consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district, as set forth in its Complaint.

38. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

39. The '352 patent was issued by the United States Patent and Trademark Office on August 6, 1996. Plaintiff SRA, based on averments in its Complaint, claims to be the assignee of

the '352 patent and claims to hold the right to sue and recover for past, present, and future infringement thereof.  Plaintiff SRA also claims that Google has infringed the '352 patent.

40. The '494 patent was issued by the United States Patent and Trademark Office on November 3, 1998.  Plaintiff SRA, based on averments in its Complaint, claims to be the assignee of the '494 patent and claims to hold the right to sue and recover for past, present, and future infringement thereof.  Plaintiff SRA also claims that Google has infringed the '494 patent.

41. The '571 patent was issued by the United States Patent and Trademark Office on May 15, 2001.  Plaintiff SRA, based on averments in its Complaint, claims to be the assignee of the '571 patent and claims to hold the right to sue and recover for past, present, and future infringement thereof.  Plaintiff SRA also claims that Google has infringed the '571 patent

## COUNT I
### (DECLARATORY RELIEF REGARDING NON-INFRINGEMENT)

42. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a declaration of the Court that Google has not infringed and does not currently infringe any claim of the '352, '494, or '571 patents, either directly, contributorily, or by inducement.

## COUNT II:
### (DECLARATORY RELIEF REGARDING INVALIDITY)

43. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a declaration of the Court that each claim of the '352, '494, and '571 patents is invalid for failing to satisfy conditions for patentability specified in 35 U.S.C. § 101 *et seq.* including, without limitation, sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that this Court enter judgment in Google's favor against SRA and issue an order:

1. Declaring that Google has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid claim of the '352, '494, or '571 patents;

2. Declaring that the claims of the '352, '494, and '571 patents are invalid;

3. Granting a permanent injunction preventing SRA, including its offers, agents, employees, and all persons acting in concert or participation with SRA, from charging that any of the '352, '494, or '571 patents are infringed by Google;

4. Declaring that SRA take nothing by its Complaint;

5. Denying SRA's request for injunctive relief;

6. Dismissing SRA's Complaint with prejudice;

7. Declaring this case to be exceptional and awarding Google its costs, expenses, and reasonable attorney fees incurred in this action; and

8. Awarding any other such relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Google hereby requests a trial by jury for all issues so triable.

| | |
|---|---|
| Dated: January 31, 2008 | Respectfully submitted, |
| | FISH & RICHARDSON P.C. |
| | By: /s/ Thomas B. Walsh, IV |
| | Thomas B. Walsh, IV - Lead Attorney<br>Texas Bar No. 00785173<br>Fish & Richardson P.C.<br>5000 Bank One Center<br>1717 Main Street<br>Dallas, TX 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091<br>E-mail: walsh@fr.com |
| | Harry L. Gillam, Jr.<br>State Bar No. 07921800<br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, L.L.P.<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>E-mail: gil@gillamsmithlaw.com<br>E-mail: melissa@gillamsmithlaw.com |
| | Counsel for Defendant GOOGLE INC. |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 31, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Thomas B. Walsh, IV
Thomas B. Walsh, IV