IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>GOOGLE, INC.; YAHOO! INC.; IAC SEARCH & MEDIA, INC.; AOL, LLC; and LYCOS, INC.,<br><br>        Defendants. | Civil Action No. 2:07-cv-511-TJW/CE<br><br>**JURY TRIAL DEMANDED** |

## IAC SEARCH & MEDIA, INC'S ANSWER TO SOFTWARE RIGHTS ARCHIVE, LLC'S ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and counterclaimant IAC Search & Media, Inc. ("IACSAM") by and through its undersigned counsel, answers the Original Complaint ("Complaint") of plaintiff and asserts counterclaims against counterdefendant Software Rights Archive, LLC ("Plaintiff"), as follows:

### I. THE PARTIES

1. IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. IACSAM admits the allegations in paragraph 4 of the Complaint.

5. IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and therefore denies them.

## II. JURISDICTION AND VENUE

7. In response to paragraph 7 of the Complaint, IACSAM admits that this Court has subject matter jurisdiction over Plaintiff's action as pled in this paragraph.

8. In response to paragraph 8 of the Complaint, IACSAM admits that certain users of its services reside in this District, but denies that it is subject to personal jurisdiction in this action. Nonetheless, solely for the purposes of this action, IACSAM consents to personal jurisdiction herein. IACSAM denies the remaining allegations of paragraph 8 that pertain to IACSAM. To the extent the allegations set forth in paragraph 8 relate to other defendants, IACSAM lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and denies them on this basis.

9. In response to paragraph 9 of the Complaint, IACSAM admits that certain users of its services reside in this District, but denies that it resides or that venue is proper in this District. Nonetheless, solely for the purposes of this action, IACSAM does not contest venue in this District, but avers that the interests and convenience of the parties would be better served by transferring this case to a different District. IACSAM denies the remaining allegations of paragraph 9 that pertain to IACSAM. To the extent the allegations set forth in paragraph 9 of the Complaint relate to other defendants, IACSAM lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and denies them on this basis.

## III. THE '352 PATENT

10. In response to paragraph 10 of the Complaint, IACSAM admits that the United States Patent and Trademark Office apparently issued United States Patent No. 5,544,352 (the "'352 patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data," on August 6, 1996, naming Daniel Egger as sole inventor and Libertech, Inc. as assignee, but denies that the '352 patent was duly and legally issued. IACSAM admits that Exhibit A appears to be a true and correct copy of the '352 patent. IACSAM lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 10 of the Complaint, and denies them on this basis.

11. IACSAM denies the allegations in paragraph 11 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 11 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

12. IACSAM denies the allegations in paragraph 12 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 12 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

13. IACSAM denies the allegations in paragraph 13 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 13 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

14. IACSAM denies the allegations in paragraph 14 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 14 relate to other defendants,

IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## IV. THE '494 PATENT

15. In response to paragraph 15 of the Complaint, IACSAM admits that the United States Patent and Trademark Office apparently issued United States Patent 5,832,494 (the "'494 patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data," on November 3, 1998, naming Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors and Libertech, Inc. as assignee, but denies that the '494 patent was duly and legally issued. IACSAM admits that Exhibit B appears to be a true and correct copy of the '494 patent. IACSAM lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 15 of the Complaint, and denies them on this basis.

16. IACSAM denies the allegations in paragraph 16 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 16 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

17. IACSAM denies the allegations in paragraph 17 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 17 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

18. IACSAM denies the allegations in paragraph 18 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 18 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

19. IACSAM denies the allegations in paragraph 19 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 19 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

### V. THE '571 PATENT

20. In response to paragraph 20 of the Complaint, IACSAM admits that the United States Patent and Trademark Office apparently issued United States Patent No. 6,233,571 (the "'571 patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data," on May 15, 2001 to Daniel Eggers, but denies that the '571 patent was duly and legally issued. IACSAM admits that Exhibit C appears to be a true and correct copy of the '571 patent. IACSAM lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 20 of the Complaint, and denies them on this basis.

21. IACSAM denies the allegations in paragraph 21 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 21 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

22. IACSAM denies the allegations in paragraph 22 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 22 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

23. IACSAM denies the allegations in paragraph 23 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 23 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

24.     IACSAM denies the allegations in paragraph 24 of the Complaint that pertain to IACSAM. To the extent the allegations set forth in paragraph 24 relate to other defendants, IACSAM is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## VI. JURY DEMAND

25.     In response to paragraph 25 of the Complaint, IACSAM admits that Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

IACSAM denies that Plaintiff is entitled to any or all of the relief sought by its Prayer for Relief, set forth on pages 5 and 6 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, IACSAM asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### FIRST AFFIRMATIVE DEFENSE
**Non-Infringement of the SRA patents**

IACSAM has not infringed, and is not infringing, any valid and enforceable claim of the '352 patent, the '494 patent, or the '571 patent (collectively, the "SRA patents").

### SECOND AFFIRMATIVE DEFENSE
**Invalidity and/or Enforceability of the SRA patents**

The claims of the SRA patents are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

The claims of the SRA patents are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the applications which resulted in the SRA patents that none of the claims of the SRA patents are infringed by IACSAM.

### FOURTH AFFIRMATIVE DEFENSE
### Unclean Hands

On information and belief, the claims of the SRA patents are unenforceable due to Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### Lack of Standing

On information and belief, Plaintiff lacks standing necessary to assert the claims of the SRA patents against IACSAM.

### SIXTH AFFIRMATIVE DEFENSE
### Lack of Notice, Marking

Prior to receiving a copy of the Complaint in this action, IACSAM had neither actual nor constructive notice of the SRA patents. Upon information and belief, Plaintiff is not entitled to any damages for any period prior to filing of the Complaint, by reason of the failure to properly mark products embodying the claims of the SRA patents as required by 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### Laches

On information and belief, the claims of the SRA patents are unenforceable due to laches on the part of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
**Statute of Limitations**

Plaintiff's claims for damages are statutorily limited by 35 U.S.C. § 286.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, IAC Search & Media, Inc. ("IACSAM") for its Counterclaims against Software Rights Archive, LLC ("Plaintiff"), alleges as follows:

### PARTIES

1. IACSAM is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Oakland, California.

2. Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Delaware.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNTERCLAIMS

5. The '352 patent was issued, albeit improperly, by the United States Patent and Trademark Office on August 6, 1996. Plaintiff claims to be the exclusive licensee with all substantial rights to the '352 patent.

6. Plaintiff has alleged that certain acts by IACSAM infringe the '352 patent. IACSAM has denied that it infringes any valid or enforceable claim of the '352 patent.

7. An actual controversy exists between IACSAM and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '352 patent.

8. The '494 patent was issued, albeit improperly, by the United States Patent and Trademark Office on November 3, 1998. Plaintiff claims to be the exclusive licensee with all substantial rights to the '494 patent.

9. Plaintiff has alleged that certain acts by IACSAM infringe the '494 patent. IACSAM has denied that it infringes any valid or enforceable claim of the '494 patent.

10. An actual controversy exists between IACSAM and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '494 patent.

11. The '571 patent was issued, albeit improperly, by the United States Patent and Trademark Office on May 15, 2001. It appears from the Complaint, despite the typographical error in paragraph 20, that Plaintiff purports to be the exclusive licensee with all substantial rights to the '571 patent.

12. Plaintiff has alleged that certain acts by IACSAM infringe the '571 patent. IACSAM has denied that it infringes any valid or enforceable claim of the '571 patent.

13. An actual controversy exists between IACSAM and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '571 patent.

### FIRST CAUSE OF ACTION
**Declaratory Judgment of Non-Infringement**

14. IACSAM incorporates the allegations in paragraphs 1 through 25 of its Answer, its Affirmative Defenses, and paragraphs 1 through 13 of these Counterclaims as if fully set forth herein.

15. IACSAM has not infringed, and is not infringing, any valid and enforceable claim of the SRA patents. IACSAM has not contributed to or induced infringement of the SRA patents, nor is IACSAM contributing to or inducing infringement of the SRA patents.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Invalidity and/or Unenforceability

16. IACSAM incorporates the allegations in paragraphs 1 through 25 of its Answer, its Affirmative Defenses, and paragraphs 1 through 15 of these Counterclaims as if fully set forth herein.

17. The SRA patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## EXCEPTIONAL CASE

18. On information and belief, this is an exceptional case entitling IACSAM to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the SRA patents against IACSAM with the knowledge that the SRA patents are not infringed and/or are invalid.

## RELIEF REQUESTED

WHEREFORE, IACSAM respectfully requests the following relief:

1. A judgment in favor of IACSAM denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '352 patent is invalid and/or unenforceable;

3. A judgment declaring that each claim of the '494 patent is invalid and/or unenforceable;

    4.    A judgment declaring that each claim of the '571 patent is invalid and/or unenforceable;

    5.    A judgment declaring that IACSAM has not infringed, and is not infringing, any valid and/or enforceable claim of the '352 patent, and that IACSAM has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '352 patent;

    6.    A judgment declaring that IACSAM has not infringed, and is not infringing, any valid and/or enforceable claim of the '494 patent, and that IACSAM has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '494 patent;

    7.    A judgment declaring that IACSAM has not infringed, and is not infringing, any valid and/or enforceable claim of the '571 patent, and that IACSAM has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '571 patent;

    8.    A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding IACSAM its costs, expenses, and reasonable attorneys' fees; and

    9.    That the Court award IACSAM such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), IACSAM demands a trial by jury on all issues so triable.

Dated:  January 31, 2008	Respectfully submitted,


                By:  /s/ Claude M. Stern (by permission Otis Carroll)
                CLAUDE M. STERN,  LEAD COUNSEL
                Cal. Bar No. 96737
                claudestern@quinnemanuel.com
                JENNIFER A. KASH
                Cal. Bar No. 203679
                jenniferkash@quinnemanuel.com
                ANTONIO R. SISTOS
                Cal. Bar No. 238847
                antoniosistos@quinnemanuel.com
                50 California St., 22nd Floor
                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
                San Francisco, CA 94111
                Telephone: (415) 875-6600
                Facsimile: (415) 875-6700

                OTIS CARROLL
                State Bar No. 03895700
                COLLIN MALONEY
                State Bar No. 00794219
                IRELAND, CARROLL & KELLEY, P.C.
                6101 S. Broadway, Suite 500
                Tyler, Texas 75703
                Tel: (903) 561-1600
                Fax: (903) 581-1071
                Email: Fedserv@icklaw.com


                ATTORNEYS FOR DEFENDANT IAC SEARCH & MEDIA, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 31, 2008. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Otis Carroll
Otis Carroll