IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC.; YAHOO! INC.; IAC SEARCH & MEDIA, INC.; AOL, LLC; and LYCOS, INC., <br><br> Defendants. | Civil Action No. 2:07-cv-511-TJW/CE <br><br><br> **JURY TRIAL DEMANDED** |

## **LYCOS, INC'S ANSWER TO SOFTWARE RIGHTS ARCHIVE, LLC'S ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and counterclaimant Lycos, Inc. ("Lycos") by and through its undersigned counsel, answers the Original Complaint ("Complaint") of plaintiff and asserts counterclaims against counterdefendant Software Rights Archive, LLC ("Plaintiff"), as follows:

### **I. THE PARTIES**

1. Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2. Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4. Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5. Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. Lycos admits that it is a corporation, but denies that it is organized and existing under the laws of the State of Delaware. Lycos is incorporated under the laws of the Commonwealth of Virginia. Lycos further clarifies that its principal place of business is located at 100 5th Avenue, Waltham, MA 02451.

## II. JURISDICTION AND VENUE

7. In response to paragraph 7 of the Complaint, Lycos admits that this Court has subject matter jurisdiction over Plaintiff's action as pled in this paragraph.

8. In response to paragraph 8 of the Complaint, Lycos admits that certain users of its services reside in this District, but denies that it is subject to personal jurisdiction in this action. Nonetheless, solely for the purposes of this action, Lycos consents to personal jurisdiction herein. Lycos denies the remaining allegations of paragraph 8 that pertain to Lycos. To the extent the allegations set forth in paragraph 8 relate to other defendants, Lycos lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and denies them on this basis.

9. In response to paragraph 9 of the Complaint, Lycos admits that certain users of its services reside in this District, but denies that it resides or that venue is proper in this District. Nonetheless, solely for the purposes of this action, Lycos does not contest venue in this District, but avers that the interests and convenience of the parties would be better served by transferring this case to a different District. Lycos denies the remaining allegations of paragraph 9 that pertain to Lycos. To the extent the allegations set forth in paragraph 9 of the Complaint relate to other defendants, Lycos lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and denies them on this basis.

## III. THE '352 PATENT

10. In response to paragraph 10 of the Complaint, Lycos admits that the United States Patent and Trademark Office apparently issued United States Patent No. 5,544,352 (the "'352 patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data," on August 6, 1996, naming Daniel Egger as sole inventor and Libertech, Inc. as assignee, but denies that the '352 patent was duly and legally issued. Lycos admits that Exhibit A appears to be a true and correct copy of the '352 patent. Lycos lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 10 of the Complaint, and denies them on this basis.

11. Lycos denies the allegations in paragraph 11 of the Complaint that pertain to Lycos. To the extent the allegations set forth in paragraph 11 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

12. Lycos denies the allegations in paragraph 12 of the Complaint that pertain to Lycos. To the extent the allegations set forth in paragraph 12 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

13. Lycos denies the allegations in paragraph 13 of the Complaint that pertain to Lycos. To the extent the allegations set forth in paragraph 13 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

14. Lycos denies the allegations in paragraph 14 of the Complaint that pertain to Lycos. To the extent the allegations set forth in paragraph 14 relate to other defendants, Lycos is

without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## IV. THE '494 PATENT

15.     In response to paragraph 15 of the Complaint, Lycos admits that the United States Patent and Trademark Office apparently issued United States Patent 5,832,494 (the "'494 patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data," on November 3, 1998, naming Daniel Egger, Shawn Cannon, and Ronald D. Sauers as inventors and Libertech, Inc. as assignee, but denies that the '494 patent was duly and legally issued. Lycos admits that Exhibit B appears to be a true and correct copy of the '494 patent.  Lycos lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 15 of the Complaint, and denies them on this basis.

16.     Lycos denies the allegations in paragraph 16 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 16 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

17.     Lycos denies the allegations in paragraph 17 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 17 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

18.     Lycos denies the allegations in paragraph 18 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 18 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

19.     Lycos denies the allegations in paragraph 19 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 19 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## V. THE '571 PATENT

20.     In response to paragraph 20 of the Complaint, Lycos admits that the United States Patent and Trademark Office apparently issued United States Patent No. 6,233,571 (the "'571 patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data," on May 15, 2001 to Daniel Eggers, but denies that the '571 patent was duly and legally issued.  Lycos admits that Exhibit C appears to be a true and correct copy of the '571 patent. Lycos lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 20 of the Complaint, and denies them on this basis.

21.     Lycos denies the allegations in paragraph 21 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 21 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

22.     Lycos denies the allegations in paragraph 22 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 22 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

23.     Lycos denies the allegations in paragraph 23 of the Complaint that pertain to Lycos.  To the extent the allegations set forth in paragraph 23 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

24. Lycos denies the allegations in paragraph 24 of the Complaint that pertain to Lycos. To the extent the allegations set forth in paragraph 24 relate to other defendants, Lycos is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## VI. JURY DEMAND

25. In response to paragraph 25 of the Complaint, Lycos admits that Plaintiff demands a trial by jury.

## VII. PRAYER FOR RELIEF

Lycos denies that Plaintiff is entitled to any or all of the relief sought by its Prayer for Relief, set forth on pages 5 and 6 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Lycos asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### Non-Infringement of the SRA patents

Lycos has not infringed, and is not infringing, any valid and enforceable claim of the '352 patent, the '494 patent, or the '571 patent (collectively, the "SRA patents").

## SECOND AFFIRMATIVE DEFENSE
### Invalidity and/or Enforceability of the SRA patents

The claims of the SRA patents are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

The claims of the SRA patents are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the applications which resulted in the SRA patents that none of the claims of the SRA patents are infringed by Lycos.

### FOURTH AFFIRMATIVE DEFENSE
### Unclean Hands

On information and belief, the claims of the SRA patents are unenforceable due to Plaintiff's unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### Lack of Standing

On information and belief, Plaintiff lacks standing necessary to assert the claims of the SRA patents against Lycos.

### SIXTH AFFIRMATIVE DEFENSE
### Lack of Notice, Marking

Prior to receiving a copy of the Complaint in this action, Lycos had neither actual nor constructive notice of the SRA patents. Upon information and belief, Plaintiff is not entitled to any damages for any period prior to filing of the Complaint, by reason of the failure to properly mark products embodying the claims of the SRA patents as required by 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE
### Laches

On information and belief, the claims of the SRA patents are unenforceable due to laches on the part of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
**Statute of Limitations**

Plaintiff's claims for damages are statutorily limited by 35 U.S.C. § 286.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Lycos, Inc. ("Lycos") for its Counterclaims against Software Rights Archive, LLC ("Plaintiff"), alleges as follows:

### PARTIES

1. Lycos is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Waltham, Massachusetts.

2. Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Delaware.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNTERCLAIMS

5. The '352 patent was issued, albeit improperly, by the United States Patent and Trademark Office on August 6, 1996. Plaintiff claims to be the exclusive licensee with all substantial rights to the '352 patent.

6. Plaintiff has alleged that certain acts by Lycos infringe the '352 patent. Lycos has denied that it infringes any valid or enforceable claim of the '352 patent.

7. An actual controversy exists between Lycos and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '352 patent.

8. The '494 patent was issued, albeit improperly, by the United States Patent and Trademark Office on November 3, 1998. Plaintiff claims to be the exclusive licensee with all substantial rights to the '494 patent.

9. Plaintiff has alleged that certain acts by Lycos infringe the '494 patent. Lycos has denied that it infringes any valid or enforceable claim of the '494 patent.

10. An actual controversy exists between Lycos and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '494 patent.

11. The '571 patent was issued, albeit improperly, by the United States Patent and Trademark Office on May 15, 2001. It appears from the Complaint, despite the typographical error in paragraph 20, that Plaintiff purports to be the exclusive licensee with all substantial rights to the '571 patent.

12. Plaintiff has alleged that certain acts by Lycos infringe the '571 patent. Lycos has denied that it infringes any valid or enforceable claim of the '571 patent.

13. An actual controversy exists between Lycos and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '571 patent.

### FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement

14. Lycos incorporates the allegations in paragraphs 1 through 25 of its Answer, its Affirmative Defenses, and paragraphs 1 through 13 of these Counterclaims as if fully set forth herein.

15. Lycos has not infringed, and is not infringing, any valid and enforceable claim of the SRA patents. Lycos has not contributed to or induced infringement of the SRA patents, nor is Lycos contributing to or inducing infringement of the SRA patents.

### SECOND CAUSE OF ACTION
**Declaratory Judgment of Invalidity and/or Unenforceability**

16.     Lycos incorporates the allegations in paragraphs 1 through 25 of its Answer, its Affirmative Defenses, and paragraphs 1 through 15 of these Counterclaims as if fully set forth herein.

17.     The SRA patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### EXCEPTIONAL CASE

18.     On information and belief, this is an exceptional case entitling Lycos to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the SRA patents against Lycos with the knowledge that the SRA patents are not infringed and/or are invalid.

### RELIEF REQUESTED

WHEREFORE, Lycos respectfully requests the following relief:

1.     A judgment in favor of Lycos denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2.     A judgment declaring that each claim of the '352 patent is invalid and/or unenforceable;

3.     A judgment declaring that each claim of the '494 patent is invalid and/or unenforceable;

4.     A judgment declaring that each claim of the '571 patent is invalid and/or unenforceable;

     5.     A judgment declaring that Lycos has not infringed, and is not infringing, any valid and/or enforceable claim of the '352 patent, and that Lycos has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '352 patent;

     6.     A judgment declaring that Lycos has not infringed, and is not infringing, any valid and/or enforceable claim of the '494 patent, and that Lycos has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '494 patent;

     7.     A judgment declaring that Lycos has not infringed, and is not infringing, any valid and/or enforceable claim of the '571 patent, and that Lycos has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '571 patent;

     8.     A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Lycos its costs, expenses, and reasonable attorneys' fees; and

     9.     That the Court award Lycos such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Lycos demands a trial by jury on all issues so triable.

Dated: January 31, 2008                    Respectfully submitted,


By: /s/ Claude M. Stern (by permission Otis Carroll)
CLAUDE M. STERN, LEAD COUNSEL
Cal. Bar No. 96737
claudestern@quinnemanuel.com
JENNIFER A. KASH
Cal. Bar No. 203679
jenniferkash@quinnemanuel.com
ANTONIO R. SISTOS
Cal. Bar No. 238847
antoniosistos@quinnemanuel.com
50 California St., 22nd Floor
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

OTIS CARROLL
State Bar No. 03895700
COLLIN MALONEY
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

ATTORNEYS FOR DEFENDANT LYCOS, INC.

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 31, 2008.  Any other counsel of record will be served by facsimile transmission and first class mail.

                /s/ Otis Carroll
                Otis Carroll