## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **SOFTWARE RIGHTS ARCHIVE, LLC** | Civil Case No. 2:07-cv-511 (CE) |
| v. | **JURY TRIAL DEMANDED** |
| **GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC, AND LYCOS, INC.** | |

### DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures**. Except as provided by paragraph 1(h), and, to the extent not already disclosed, by **November 14, 2008**, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

sf-2561651

case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business maybe liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any statement of any party to the litigation;

(h) for any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

    a. the expert's name, address, and telephone number;

    b. the subject matter on which the expert will testify;

    c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        (1) the final versions of their expert reports, materials relied upon, and their invoices for work performed; and

        (2) the expert's current resume and bibliography.

    d. for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information;

2. **Protective Orders.** The parties shall submit an agreed protective order, or their competing versions, by **September 26, 2008**.

3. **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party the following:

(a) the disclosures required by the Patent Rules for the Eastern District of Texas, **with the following modifications as to dates:**

| | |
|---|---|
| Comply with P.R. 3-1: Plaintiff's Disclosure of Asserted Claims and Infringement Contentions | October 31, 2008 |
| Comply with P.R. 3-2: Plaintiff's initial document production with regard to categories set forth in P.R. 3-2 | October 31, 2008 |
| Comply with P.R. 3-3: Defendants' Invalidity Contentions | January 16, 2009 |
| Defendants' document production under P.R. 3-4(a) and (b) | January 16, 2009 |

(b) by **April 17, 2009**, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials;

(c) by **June 12, 2009**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation

is based, including materials bearing on the nature and extent of injuries suffered; and

4. **Discovery Limitations**. Discovery is limited in this case to the disclosures described in Paragraphs 1 through 4, together with the following:

(a) Interrogatories: Plaintiff may serve up to 25 common interrogatories as to all Defendants, and an additional 15 interrogatories separately on each Defendant. Defendants may collectively serve up to 25 common interrogatories on Plaintiff, and each Defendant may serve separately up to 15 additional interrogatories on Plaintiff.

(b) Requests for Admission: There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.  In addition, Plaintiff may serve up to 50 common requests for admission as to all Defendants, and an additional 30 requests for admission separately on each Defendant.  Similarly, Defendants may collectively serve up to 50 common requests for admission on Plaintiff, and each Defendant may serve separately up to 30 additional requests for admission on Plaintiff.  Requests for admission directed to document authentication shall be clearly denoted as such.

(c) Depositions of Parties and Third-Parties: The parties agree to a limit of 40 fact depositions per side for a total limit of 210 hours of deposition per side.  The parties further agree that expert depositions will not count toward these limits.  The parties further agree that depositions taken pursuant to FRCP 30(b)(6) of the parties will count towards the 210-hour limit.  The parties further agree that individual and 30(b)(6) depositions of third parties shall also count towards the 210-hour limit. The parties

reserve the right to revisit the issue of the number and length of depositions as discovery progresses. If any party requests more than 7 hours for a particular deposition or if any side seeks more than 210 hours of depositions or more than 40 depositions, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

(d)     <u>Depositions of Experts</u>: The parties shall be entitled to a total of 10 expert witnesses per side. With respect to time limits for expert depositions, depositions of expert witnesses for issues relating to infringement shall be limited to 6 hours per witness per accused search engine that is addressed by such witness, depositions of expert witnesses on damages shall be limited to 6 hours per witness per accused search engine that is addressed by such witness, and depositions of expert witnesses for issues relating to invalidity shall be limited to 10 hours per witness. Nothing in this paragraph shall limit the scope of the examination of expert witnesses in their depositions.

(e)     <u>Document Subpoenas on Third-Parties</u>: The parties may serve as many document subpoenas on third-parties, and as many depositions on written questions of custodians of business records of third-parties, as needed. However, oral depositions of third-parties are included in the calculation of the 210-hour limit set forth above in subparagraph C. For the purposes of this Order, "side" means a party or a group of parties with a common interest. Defendants collectively are a "side."

(f)     Further, nothing in this Order shall prevent any party from objecting to discovery due to cumulative discovery, duplicative discovery, burdensomeness or relevancy, or any other reason, and nothing in this Order shall prevent any party from requesting the Court

to take additional discovery beyond the terms of this order based upon a showing of the need for the information sought.

5.  **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact by the date provided in the Docket Control Order.

6.  **Pre-Trial Disclosures.** Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:
    (a)  The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order, otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information

on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should b e produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, with 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form, or otherwise, which identifies (1) the required items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

(b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26 (e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.**   Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing

      SIGNED this 12th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

sf-2561651