IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, | § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 2:07-cv-511-CE |
| v. | § § | |
| | § | |
| GOOGLE INC., YAHOO! INC., | § | |
| IAC SEARCH & MEDIA, INC., AOL LLC, | § | JURY TRIAL DEMANDED |
| and LYCOS, INC., | § § | |
| Defendants. | § § | |

PLAINTIFF'S COMMENT ON DEFENDANTS'
"NOTICE OF RE-OPENING OF CHAPTER 11 CASE"

TO THE HONORABLE COURT:

Defendants allude to the possibility that the patents-in-suit may be property of Site Technology, Inc.'s bankruptcy estate, and therefore, that the stay arising by operation of 11 U.S.C. §362(a)(3) precludes this Court from proceeding to resolve the question of standing currently before it. Software Rights Archive, LLC responds briefly to point out that any such contention is incorrect.

Plaintiff offers the following short history of this litigation. Since the above-captioned case was filed in November 2007, Defendants have sought to multiply the proceedings in this case and have filed two additional proceedings to boot. In July 2008, Defendants filed a Motion to Dismiss for Lack of Standing in this case. Upon receiving Plaintiff's Reply in August 2008 disposing of all their arguments, Defendants sought and obtained extensive discovery, including thousands of documents and three depositions. That Motion is now fully briefed and submitted and ripe for decision in this Court. However, Defendants, relying upon the same arguments advanced in their Motion and their Reply Brief, also filed suit in the Northern District of

California, seeking a declaratory judgment. *See Google Inc., AOL LLC, Yahoo! Inc., IAC Search & Media, Inc., and Lycos, Inc. v. L. Daniel Egger, Software Rights Archive, LLC and Site Technologies, Inc.* Case No. CV 08-3172 RMW (RS), U.S.D.C., N.D. California, San Jose Division. Now, presenting virtually the same arguments that are presented before this Court and are briefed and ready for decision, at least two of the same Defendants have taken steps very recently to re-open the bankruptcy of Site Technologies, Inc., the company that sold the patents long before it declared bankruptcy. *See In re Site Technologies, Inc.*, Case No. 99-50736 RLE, U.S. Bankruptcy Court, N.D. California, San Jose Division. Defendants have moved beyond duplicative litigation to proceeding in triplicate.

First, assuming *arguendo* that the patents-in-suit ever were property of Site Technology's bankruptcy estate,[1] the automatic stay that operates during the pendency of a case terminates when an asset ceases to be property of the estate. 11 U.S.C. §362(c)(1). It is well recognized that confirmation of a Chapter 11 plan terminates the bankruptcy estate, unless the provisions of the plan provide otherwise. 11 U.S.C. §1141(b); *Tighe v. Celebrity Home*, 210 F.3d 995, 998 (9th Cir. 2000) ("[plan] confirmation terminates the existence of the bankruptcy estate unless the plan provides for the estate to continue"); *In re H. White Const. Co., Inc.*, 92 B.R. 656 (Bankr.

---

[1] This issue has been extensively briefed in Plaintiff's Sur-Response to Defendants' Motion to Dismiss for a Lack of Standing. First, the 1998 Bankruptcy plan disclosure statement and schedules specifically provided that Daniel Egger owned the patents and that consequently the patents were not part of the bankruptcy estate. Sur-Response at 2. Second, it is well recognized that with exceptions not applicable here, "property of the estate" includes only property owned by a debtor at the time it files for bankruptcy. 11 U.S.C. §541(a). Even if the Defendants' theory were accepted, the patents in suit remained Site/Technology/Inc.'s property at the time its parent company filed for bankruptcy. Hence, those assets never passed into the Debtor's estate. The Debtor's asserted "acquisition" of an interest in the patents as a result of the post-confirmation Site/Tech – Site Tech merger also would not bring the patents within the protection of the automatic stay because the automatic stay does not apply to property acquired by a debtor post-confirmation, *See In re Toth*, 193 B.R. 992, 997 (Bankr. N.D. Ga. 1996) ("Property which Debtors acquired post-confirmation did not become property of the estate and is not protected by the automatic stay of § 362."). *See* Sur-Response at 20-23. Thus the premise is wrong.

W.D. La. 1988) (same). In this case, Site Technology, Inc.'s confirmed plan expressly provides that confirmation revested all property of the estate in the Debtor. *See* First Amended Plan of Reorganization at ¶14.2. Accordingly, assuming the stay ever applied to the patents, the stay terminated in July 2000 when the Bankruptcy Court confirmed the Debtor's plan.

Reopening the bankruptcy case does nothing to change this. Reopening has no substantive impact – it merely permits parties to request relief from the Bankruptcy Court. 11 U.S.C. §350; *In re DeVore*, 223 B.R. 193, 198 (9th Cir. BAP 1998). It does not reimpose the automatic stay or revest property in the estate. *In re Menk*, 241 B.R. 896, 914 (9th Cir. BAP 1999) ("Likewise, to the extent that the automatic stay expired in conjunction with closing, it does not automatically spring back into effect. If protection is warranted after a case is reopened, then an injunction would need to be imposed"). Thus, the reopening of Site Technology's bankruptcy case in and of itself does not alter the status quo that existed prior to reopening.

Finally, this Court unquestionably has jurisdiction to determine the applicability of the automatic stay to the instant proceedings. *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236 (5th Cir. 2002). Accordingly, nothing precludes this Court from resolving the question of who owns the patents-in-suit in connection with its ruling on the Defendants' challenge to Plaintiff's standing. Defendants have had ample discovery and the issue is fully briefed.

Respectfully submitted,

_Lee Kaplan (by permission /RD)_
Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Requesting Admission *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522
DINOVO PRICE ELLWANGER LLP
P.O. Box 201690
Austin, Texas 78720
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 0078352
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 15, 2008.

_Lee Kaplan (by permission /RD)_
Lee L. Kaplan