IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SOFTWARE RIGHTS ARCHIVE, LLC**<br><br>v.<br><br>**GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL LLC, AND LYCOS, INC.** | **Civil Case No. 2:07-cv-511 (CE)** |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A FURTHER EXTENSION TO MAY 8, 2009 TO RESPOND TO DEFENDANTS' MOTION TO TRANSFER

Defendants Google Inc. ("Google"), Yahoo! Inc. ("Yahoo!"), IAC Search & Media, Inc. ("IACSAM"), AOL, LLC ("AOL"), and Lycos, Inc. ("Lycos") (collectively, "Defendants") oppose Software Rights Archive, LLC's ("SRA") Motion for an Extension to May 8, 2009 to Respond to Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) ("SRA's Motion"). Defendants agreed to, and the Court has granted, a 22-day extension to SRA's response deadline, giving SRA a total of 36 days to respond to Defendants' motion to transfer. SRA now seeks even more time, 74 days in all, to oppose Defendants' motion to transfer.

SRA has not demonstrated good cause for such an extension. First, SRA does not need additional discovery since SRA itself has already raised and addressed the convenience inquiry of § 1404(a) in a court filing in its own briefing to the Northern District of California, and since SRA does not bear the burden of proof regarding Defendants' motion to transfer. SRA did not request any discovery concerning the convenience factors before filing its brief in the California action, and nothing has changed that would justify its change in position. Second, SRA does not require additional discovery to confirm that Lycos is amenable to personal jurisdiction in California when Lycos has already conceded that it "is subject to both personal jurisdiction and

1

venue [in the Northern District of California]" for purposes of the parallel California suit. Third, SRA should not be granted an additional extension of time when its own delay in serving discovery prevents completion of that discovery within the extended 36-day period. Finally, SRA's argument that the busy schedule of its lead counsel warrants another extension of time is contrary to established case law on the point. Since SRA is unable to demonstrate the good cause required for an additional extension of time to respond, Defendants respectfully request that the Court deny SRA's Motion.

**I.    BACKGROUND**

Defendants and SRA have worked reasonably and cooperatively regarding deadlines since SRA filed this action in November 2007. For example, having determined that SRA does not own the patents-in-suit, and therefore lacks standing to bring suit, Defendants filed a Motion to Dismiss for Lack of Standing on July 16, 2008. (*See* Docket No. 66.) Subsequently, the Defendants agreed to a 25-day extension for SRA's response. (*See* Docket No. 67.) Thereafter, SRA agreed to a 45-day extension for Defendants' reply. (*See* Docket No. 77.) Similarly, Defendants agreed to an extension for Plaintiff's Deadline to serve objections and responses to Defendants' First Set of Common Interrogatories (Nos. 1-9) from December 24, 2008 to January 5, 2009, partially in exchange for Defendants receiving a 7-day extension for their Invalidity Contentions due in mid-January 2009 under Patent Rule 3-3. (*See* Docket No. 114.)

Then, on February 20, 2009, in view of two recent appellate court decisions which clarified the standards for § 1404(a) transfer motions, Defendants filed a Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). Subsequently, on February 27, 2009, Defendants agreed to a 22-day extension for SRA to oppose this motion. (*See* SRA's Motion, Ex. A.) SRA's request was made almost a week after Defendants' motion was filed. (*Id.*) Nevertheless, despite disagreeing that discovery is necessary for SRA to respond to the motion to transfer, Defendants

2

agreed to the extension as a courtesy to SRA's lead counsel.[1]  Unsatisfied, SRA now seeks an additional 38-day extension without valid justification.

In parallel to this action, and in response to their determination that SRA does not own the patents-in-suit, Defendants filed a declaratory judgment action against SRA in the Northern District of California (the "California action") on July 1, 2008.[2]  The California action seeks, *inter alia*, declaratory judgments of non-infringement, invalidity, and lack of ownership of the same patents at issue in this case.  On November 10, 2008, SRA and its California action co-defendants filed a Motion to Dismiss, Transfer, or Stay the California action.  In that motion, SRA *specifically* addressed the relative convenience of the two Courts for the parties, and made the following representation to the Northern District of California, presumably after undertaking adequate discovery and analysis in filing its motion:

> Either way, this factor weighs, at best, evenly between Plaintiffs and Defendants. Plaintiffs Google, Yahoo!, and IACSAM are located near this Court.  But Plaintiffs AOL and Lycos, as well as Defendants Egger and SRA, are located closer to Texas than to California.  Further, while Site Technologies used to maintain its principal office in California when it existed, it hardly exists now, and its former CEO and sole director, Jeffrey F. Ait, currently resides in South Carolina, which is closer to Texas.

(Ex. A at 8.)  In the same motion, SRA also concluded that "Google, Yahoo!, and IAC happen to be domiciled in California."  (*Id.* at 2.)  Yet, four months later, and with additional opportunities to investigate the convenience factor in the California action, SRA now argues that it is uncertain as to the extent to which witnesses and evidence, particularly Google's, reside in California.  (*See, e.g.*, SRA's Motion at 6-7.)  How SRA can even credibly make this assertion in light of the Declarations attached by Defendants to their § 1404(a) Motion, and just as significantly, in light

---

[1] Including SRA's lead counsel, eleven different attorneys from four different law firms have made an appearance in this matter on behalf of SRA.
[2] *Google Inc., et al. v. Egger, et al.*, No. 08-3172 (N.D. Cal.) (Whyte, J.).  The California action also includes as defendants a named inventor (Daniel Egger), and the company whose bankruptcy estate owns the rights to the asserted patents (Site Technologies, Inc.).

of the fact that all parties have already exchanged Initial Disclosures in this matter identifying potential key witnesses (not a single one of whom is located in this district), is a mystery. (*See* Docket No. 130 at Exs. 10-14.)

SRA did not seek any discovery relating to its response to Defendants' motion to transfer until March 6, 2009, more than 4 months after the convenience issue first arose in connection with the California action. But recently, SRA propounded to each Defendant "two" multi-part interrogatories that are on their face outrageously overbroad, unduly burdensome, and abusive, and which were likely served only for the purpose of manufacturing a discovery fight with the Defendants to "justify" SRA's requested 60-day extension.[3]

Given SRA's conflicting representations to the Northern District of California Court and to this Court regarding Defendants' connections with the Northern District of California, its abusive discovery tactics, and the numerous attorneys that SRA could rely upon to prepare and file a timely response regardless of its lead counsel's schedule, SRA has not and cannot demonstrate good cause, and the Court should deny SRA's Motion.

## II. ARGUMENT

### A. Discovery Is Unnecessary for SRA to Respond to Defendants' Motion to Transfer this Case Pursuant to 28 U.S.C. § 1404(a)

SRA's request for a further extension of time to respond to Defendants' motion to transfer relies heavily upon a claimed entitlement to discovery, but for an extension under Federal Rule of Civil Procedure 6(b), SRA must establish "good cause," which it has not done. In particular, SRA contends that it needs discovery in order to weigh "the convenience of the parties in both venues." (SRA's Motion at 4 (citing *Novartis Vaccines & Diagnostics, Inc. v.*

---

[3] Defendants note for the Court's benefit that a meet and confer was held on March 19, 2009, the day this response was due, regarding SRA's discovery requests. No resolution was reached during the teleconference, but further communications on this subject are expected to occur.

*Hoffman-LaRoche, Inc.*, No. 2:07-cv-00507, 2009 WL 349760, at *2 (E.D. Tex. Feb. 3, 2009).) SRA's contention, however, is misguided because the burden of demonstrating that a transfer is warranted pursuant to § 1404(a) lies with the movant. *See, e.g.*, *Fifth Generation Computer Corp. v. Int'l Bus. Machs. Corp.*, No. 9:08-CV-205, 2009 WL 398783, at *2 (E.D. Tex. Feb. 17, 2009); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005). Because Defendants bear (and have carried) the burden of mustering sufficient proof to justify a transfer of this case, it is simply unnecessary for SRA to take discovery to respond to Defendants' motion to transfer.

In *Saleh*, the plaintiffs claimed that discovery was in part required to show that the defendants' witnesses would not be unduly burdened by having to travel from their home district to trial in the Southern District of California. 361 F. Supp. 2d at 1168. Unconvinced, the court denied the plaintiffs' request for limited discovery, noting that the defendants had the burden of proof and that resolution of the motion to transfer did not require consideration of facts that were peculiarly within defendants' possession. *Id.* at 1171.

Similarly, Defendants in this case bear and have met their burden to prove that transfer under § 1404(a) is warranted. Also, the facts at issue here are not peculiarly within Defendants' possession because Defendants included numerous declarations with their motion to transfer that establish all the facts necessary for the Court to weigh the convenience factor.[4] SRA's Motion, in contrast, is replete with reaching and irrelevant questions. None of those questions, though, change the undisputed facts—facts which ultimately demonstrate that the Northern District of California is the center of gravity underlying the claims in this action. It is also noteworthy that

---

[4] SRA's Motion also makes the baseless claim (without any supporting declaration or other sworn proof from SRA) that Defendants' declarations include a "blatant falsehood." (*See* SRA's Motion at 8.) Yet, SRA does not (because it cannot) identify any such alleged falsehoods. By way of example, SRA notes that Defendants have claimed that "Google does not have any offices in the Eastern District of Texas" and then notes that Google has offices elsewhere in Texas. Of course, there is nothing inaccurate or false in representing to the Court that Google has no offices in the Eastern District of Texas when Google in fact has none. Moreover, this undisputable fact is not changed because Google might have a limited number of offices elsewhere in Texas – offices which are not located within the Eastern District.

5

SRA's Motion makes no argument that Defendants have failed to meet their burden. In sum, given that Defendants bear and have carried the burden of proof as movants under § 1404(a), it is simply unnecessary for SRA to take any additional discovery.

SRA's argument for discovery also falls short because when SRA filed its Motion to Dismiss, Transfer, or Stay the California action, SRA made affirmative representations to the Northern District of California on the very issue of the convenience of both venues to the parties, concluding, "Either way, this factor weighs, at best, evenly between Plaintiffs and Defendants." (Ex. A at 8.) While Defendants do not agree with SRA's conclusion, the representation is, by itself, evidence of SRA's investigation and analysis of the convenience factor. This is because, in signing a motion, it is the attorney's duty to have "conducted a reasonable inquiry into the facts which support the document." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873-74 (5th Cir. 1988) (en banc). It is inconsistent with SRA's duty and its representation to the Northern District of California Court to now claim in this Court that SRA has had insufficient opportunity to take the necessary discovery to address the first element of the § 1404(a) analysis. For this reason alone, not only is an additional extension of time for discovery unnecessary, the purported discovery is itself unnecessary.

SRA's Motion further reveals that SRA has already investigated facts relevant to Defendants' motion to transfer. SRA alludes in its motion to "independent research" that it has conducted in relation to Defendants' motion. (*See* SRA's Motion at 7.) Such research, however, will certainly not result in the discovery of any substantial new facts, notwithstanding SRA's implication to the contrary. Rather, the fact still remains that not a single one of the 106 witnesses identified by the parties in this case resides in this district (*see* Docket No. 130 at Exs. 10-14), the infrastructure supporting the allegedly infringing technology does not reside in this

district (*see id.* at Exs. 6-9, 17), and the evidence relevant to the case does not reside in this district (*see id.* at Exs. 6-9, 17). And it even appears that SRA itself lacks any legitimate business presence in the district (*see id.* at Ex. 15, ¶¶ 2-5), seemingly nothing more than a vacant office space sitting idle in a building in Marshall. Despite the record establishing that the center of gravity for this case is the Northern District of California, SRA still feigns a need for additional discovery that it knows cannot change that which is not in dispute, namely, that this case has absolutely nothing to do with the Eastern District of Texas and virtually everything to do with the Northern District of California.

Moreover, as noted above, the interrogatories served by SRA on Defendants are on their face outrageously overbroad, unduly burdensome, and abusive and were likely served only for the purpose of manufacturing a discovery fight with Defendants to "justify" SRA's requested 60-day extension. (*See* Ex. B.) The unreasonable breadth of requested information and the utter irrelevance of much of what is sought make clear SRA's questionable motivation in seeking such discovery.

Hence, SRA has not established good cause for an extension of time based on an alleged need for fact discovery relating to Defendants' motion to transfer. Allowing such discovery ignores the proper placement of the burden of proof under § 1404(a). By its affirmative representations, SRA has demonstrated that it has already undertaken any necessary investigation regarding the convenience of the parties in both venues in order to make its prior filing in the Northern District of California Court. For at least these reasons, the Court should deny SRA's Motion.

B.     **SRA Cannot Maintain that It Requires Additional Discovery to Establish Personal Jurisdiction Over Lycos When SRA Relies Only on the Availability of Internet Search Services for a Connection to this District**

SRA also argues that an additional extension of time is necessary to determine whether "Lycos is subject to personal jurisdiction in California." (SRA's Motion at 8.) However, Lycos has similar contacts with the Northern District of California and the Eastern District of Texas. It has no current offices or employees in either district. (*See* Docket No. 130 at Ex. 17.) Instead, its only arguable connection is that its accused Internet search services are available to residents of both districts. SRA contends that these contacts give rise to personal jurisdiction over Lycos in the Eastern District of Texas. It therefore follows that Lycos' similar contacts with the Northern District of California render it amenable to personal jurisdiction there. For this reason, Lycos represented that it "is subject to both personal jurisdiction and venue [in the Northern District of California] for purposes of this suit." (*See* Docket No. 130 at 6.) As a result, SRA cannot credibly maintain that the proposed transferee court in California lacks personal jurisdiction over Lycos. The Court should therefore deny SRA's Motion.

C.     **SRA's Abusive Discovery Tactics Should Not Be Rewarded With A Further Extension**

Even if SRA did require additional discovery to respond to Defendants' motion to transfer (which it does not), SRA has not initiated that discovery with diligence. SRA had ample time to investigate factual claims relating to the convenience factor when it prepared its own motion to dismiss or transfer in the California action. Thereafter, SRA had four more months to further develop discovery on this issue. Instead, SRA waited two weeks after Defendants filed their motion to transfer this case—and a week after Defendants agreed to the additional 22-day extension—to finally serve the abusive discovery it claims to need before responding to the transfer motion. It is only as a direct result of SRA's dilatory tactics that Defendants' discovery

responses are not due before SRA's current deadline to respond to the transfer motion—yet SRA's alleged concern for receiving timely discovery responses now forms the basis for SRA's "good cause" position. Defendants respectfully submit that the Court should not reward these tactics and should instead deny SRA's Motion.

Notwithstanding SRA's delay in pursuing discovery, SRA accuses Defendants of "seeking to foreclose SRA from discovering the rest of the story." (SRA's Motion at 7.) This is, of course, inaccurate. Defendants have already set forth in sworn declarations that they have no significant contacts with the Eastern District of Texas, the center of gravity is located in California, and the vast majority of witnesses knowledgeable about the accused search engines reside in the Northern District of California. (*See* Docket No. 130 at Exs. 10-14.)

SRA cannot rely on mere accusations to establish good cause. In short, SRA asks the Court to endorse a 74-day response period so that SRA can harass Defendants. It is disingenuous of SRA to seek disclosure of precisely how many miles from the Eastern District of Texas's border a Defendant may house servers or have a remote sales office (*see* SRA's Motion at 8) while SRA's own Marshall, Texas location sits empty, and SRA has long since asserted that at least three of the Defendants' ***principal*** place of business is in California. (*See* Docket No. 1, ¶¶ 2-4.) Moreover, any additional extension of time is purely tactical. SRA's main purpose is to delay the resolution of Defendants' motion to transfer, in the hope that the California court will rule on SRA's motion to dismiss first. That dilatory purpose is improper. SRA's desire to delay resolution of Defendants' motion to transfer also contradicts SRA's implicit argument that Defendants somehow delayed in moving to transfer.[5] Thus, SRA's Motion for a further

---

[5] Contrary to any intimation by SRA (*see* SRA's Motion at 3), Defendants timely filed their motion to transfer following recent clarification to the standard for transfer of venue under § 1404(a). *See In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).

extension of time to respond to Defendants' motion to transfer is not predicated on good cause, but on delay and abusive discovery, and should, therefore, be denied.

### D. Lead Counsel's Busy Schedule Is Not Good Cause on Which to Base an Extension of Deadlines

The busy schedule of SRA's lead counsel does not constitute good cause to extend SRA's response deadline under Rule 6(b). *See Roeben v. La Quinta Motor Inns, Inc.*, No. 94-50386, 1995 WL 136516, at *1 (5th Cir. Mar. 16, 1995). In *Roeben*, under circumstances similar to those described by SRA, the Fifth Circuit affirmed a district court's denial of an extension of time to file objections to a Magistrate's Memorandum and Recommendation:

> The proffered ground for the request to quadruple the normal period was "counsel for Plaintiff was preoccupied in completing discovery and preparing for trial [in another case] ... during the entire month of April ..., counsel for Plaintiff inadvertently failed to respond to Defendant's Motion for Summary Judgment." Counsel for Roeben further asserted that he had identified "several points of contention" with the motion for summary judgment and the magistrate's recommendation, but was too busy to timely file an opposition. Given the proffered excuse for plaintiff's failure to file any response, the district court was well within its discretion in denying Roeben's motion for extension of time.

*Id.* Moreover, the Fifth Circuit chided counsel for working on a motion for an extension of time rather than using his limited time to respond to the pending motion. *Id.* ("Rather than objecting to the magistrate's recommendation to grant La Quinta's motion for summary judgment, Roeben instead chose to file a three page motion to extend the statutory objection period an additional thirty days."). Like the attorney in *Roeben*, SRA improvidently seeks an extension of time based on the busy schedule of its lead counsel rather than working on a timely response to Defendants' motion to transfer. More importantly, 10 other attorneys from 4 law firms are presumably available to work on SRA's response to the transfer motion. In sum, SRA cannot demonstrate good cause for an extension of time under Rule 6 by arguing that its lead counsel is too busy with other matters to file a timely response to Defendants' motion to transfer.

## III.  CONCLUSION

SRA has not and cannot establish good cause for its requested extension of time.  SRA does not need limited discovery because it does not bear the burden of proof on the pending motion to transfer, has already made representations about its convenience analysis under § 1404(a) to the Northern District of California, has itself delayed seeking discovery in order to fabricate a good cause argument, and has disingenuously cited the schedule of one of its eleven lawyers to justify an extension.  In short, none of SRA's arguments establish good cause, and instead counsel against an extension of time.  For these reasons, Defendants respectfully request that the Court deny SRA's Motion for an Extension to May 8, 2009 to Respond to Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

| | |
|---|---|
| March 19, 2009 | By: /s/ Thomas B. Walsh, IV |

        Juanita R. Brooks – Lead Attorney
        (CA Bar No. 75934)
        E-mail: brooks@fr.com
        Jason W. Wolff
        (CA Bar No. 215819)
        E-mail: wolff@fr.com
        Fish & Richardson P.C.
        12390 El Camino Real
        San Diego, CA 92130
        Telephone: (858) 678-5070
        Facsimile: (858) 678-5099

        Thomas B. Walsh, IV
        Texas Bar No. 00785173
        Fish & Richardson P.C.
        5000 Bank One Center
        1717 Main Street
        Dallas, TX 75201
        Telephone: (214) 747-5070
        Facsimile: (214) 747-2091
        E-mail: walsh@fr.com

        Ramon K. Tabtiang
        Massachusetts BBO 663,943
        E-mail: rkt@fr.com
        Stephen A. Marshall
        Massachusetts BBO 666,200
        E-mail: smarshall@fr.com
        Fish & Richardson P.C.
        225 Franklin Street
        Boston, MA 02110-2804
        Telephone: (617) 542-5070
        Facsimile: (617) 542-8906

        Harry L. Gillam, Jr.
        Texas Bar No. 07921800
        E-mail: gil@gillamsmithlaw.com
        Melissa R. Smith
        Texas Bar No. 24001351
        E-mail: melissa@gillamsmithlaw.com
        GILLAM & SMITH, L.L.P.
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257

        Attorneys for Defendants GOOGLE INC. and AOL LLC

By: /s/ Jennifer A. Kash (by permission)
Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Otis Carroll
Tex. Bar No. 03895700
Collin Maloney
Tex. Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

Attorneys for Defendants IAC SEARCH & MEDIA, INC. and LYCOS, INC.

By: /s/ Richard S.J. Hung (by permission)
Michael A. Jacobs (CA Bar No. 111664)
Richard S. J. Hung (CA Bar No. 197425)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522
Email: mjacobs@mofo.com
Email: rhung@mofo.com
Michael E. Jones
Texas Bar No. 10929400
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

Attorneys for Defendant YAHOO! INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 19th day of March 2009. Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Ramon K. Tabtiang
Ramon K. Tabtiang