IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| SOFTWARE RIGHTS ARCHIVE, LLC | § | |
|---|---|---|
| | § | |
| v. | § | CIVIL NO. 2:07-cv-511 (CE) |
| | § | |
| GOOGLE, INC., et al. | § | |

### PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS OPPOSED MOTION FOR AN EXTENSION TO MAY 8, 2009 TO RESPOND TO DEFENDANTS' MOTION TO TRANSFER

Defendants waited fifteen months to file a motion to transfer that essentially focuses on a headcount of purported witnesses' addresses, yet they now object to Software Rights Archive, LLC obtaining sufficient time to discover from Defendants the existence of other witnesses in and near this District. Without repeating itself, Plaintiff will respond as briefly as possible to the accusations – not arguments – in Defendants' Opposition.

SRA has served written venue discovery to find out where other important witnesses reside. The discovery focuses on business activities and contracts by Defendants. In response to Defendants' strident letter complaining that the written discovery (two interrogatories) was overbroad (Ex. A), Plaintiff agreed to an early meet-and-confer and then confirmed by email immediately after the conference its offer to significantly downsize the discovery, including dropping one of the interrogatories (Ex. B). Defendants have not yet responded to this offer, perhaps because acceptance would constitute an implicit admission that venue discovery is appropriate. Plaintiff has already described the intensely fact-based nature of the venue issue is in its original Motion for Extension. (Dkt. No. 133, filed 3/4/2009, at pp. 4-9). For Defendants to attach multiple factual declarations to their Motion to Transfer, yet attempt to deny Plaintiff the opportunity to develop facts, shows they have a fairly one-sided view of the judicial process.

Accusations about "abusive discovery tactics" ring hollow from people who conduct litigation in triplicate.

Finally, the parties had been fairly generous and reciprocal about extensions and personal and professional courtesies. For whatever reason, perhaps tactical, Defendants are unimpressed by the undersigned counsel's schedule. Plaintiff agrees with Defendants and the Fifth Circuit that consideration of this issue is also well within this Court's discretion. But the real issue is that discovery is required to respond to the Motion to Transfer, and Plaintiff is attempting to obtain it.

Plaintiff requests that this Court grant the extension so that Plaintiff may have approximately two-and-a-half months to respond to a Motion to Transfer that was fifteen months in the making.

Respectfully submitted,

/s/ Lee L. Kaplan

Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
**SMYSER KAPLAN & VESELKA, L.L.P.**
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Requesting Admission *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522

2

**DiNovo Price Ellwanger LLP**
P.O. Box 201690
Austin, Texas 78720
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**Capshaw DeRieux**
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 0078352
**Parker, Bunt & Ainsworth, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 20th day of March, 2009.

_____
Lee L. Kaplan