# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **BALTHASAR ONLINE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO. 2:08-CV-430** |
| | § | |
| **NETWORK SOLUTIONS, LLC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## O R D E R

Before the Court is the California Defendants' Motion to Transfer Venue. Dkt. No. 168. Also before the Court are Balthasar's Response (Dkt. No. 206), California Defendants' Reply (Dkt. No. 239) and California Defendants' Notice of Supplemental Authority (Dkt. No. 271). The Court heard oral argument on this Motion on June 10, 2009. *See* Dkt. No. 303 (transcript). On July 30, the Court ordered additional briefing by both parties on the threshold issue of whether venue and jurisdiction would be proper in the proposed venue. Dkt. No. 312. These supplemental briefs are also before the Court. Dkt. Nos. 346-47. After considering the papers and argument of counsel in light of the relevant case law, the Court finds the California Defendants' Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

This is a patent infringement case in which Balthasar has alleged that numerous Defendants infringe its patent, U.S. Patent No. 7,000,180 ('180 Patent). Dkt. No. 1, at 6. The '180 Patent, entitled "Methods, Systems, and Processes for the Design and Creation of Rich-Media Applications

Dockets.Justia.com

via the Internet" generally claims systems and methods for "providing users with the ability to create rich-media applications via the Internet." '180 Patent at 2:19-21.

Balthasar filed its original complaint on November 4, 2008 and then filed an amended complaint—without opposition—on January 15, 2009 to add several Defendants,[1] in response to the Federal Circuit's decision in *In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2009). *See* Dkt. No. 124 (amended complaint); Dkt. No. 303, at 17 (hearing transcript).[2]

In the present motion, the California Defendants—by the Court's estimation about half of the original defendants—seek a transfer of this case—pursuant to 28 U.S.C. § 1404(a)—to the Northern District of California (NDCA), their claimed residence. Dkt. No. 168, at 21.

## LEGAL PRINCIPLES

Title 28, section 1404(a) of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has broad discretion

---

[1] Defendants Interaria, Big Jump Media, Inc., Art Star Design, LLC, and Shameblame.com, all small businesses having principal places of business in Texas were added. California Defendants Booker Entities, Various, Inc., and Global Alphabet, Inc. were also added to the complaint. FriendFinder Networks, Inc. was replaced with FriendFinder California, Inc. and Puma International, LLC was replaced with Puma North America, Inc. *Compare* Dkt. No. 1 *with* Dkt. No. 124.

[2] At the hearing on this matter, the following exchange occurred between the Court and Plaintiff's Counsel:

"The Court: Well, what about the argument these Defendants were added after the *TS Tech* was decided to try to avoid the implications of that case?

Mr. Fabricant: Your Honor, they were certainly – from a chronology standpoint, they were added after the *TS Tech* case was decided. . . . We brought the Texas Defendants in early January, certainly after the *TS Tech* case, and there is nothing wrong, as far as I understand the law, your Honor, for lawyers who read a decision from the Federal Circuit and who have to make decisions with respect to strategy, to make decisions that comply and comport with the law as dictated by the highest court, in the Federal Circuit at least, that speaks to substantive patent issues."

Dkt. No. 303, at 17.

in deciding whether to order a transfer.  *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008).  The Supreme Court of the United States has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The Supreme Court and Fifth Circuit have made it clear that the first "threshold" determination a district court must make in considering transfer under § 1404(a) is whether the plaintiff's claims could have been brought in the proposed transferee district.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district where (the action) might have been brought. If he does not have that right, independently of the wishes of defendant, it is not a district where it might have been brought." (quoting with approval *Blaski v. Hoffman*, 260 F.2d 317, 321 (7th Cir. 1958) & *Behimer v. Sullivan*, 261 F.2d 467, 469 (7th Cir. 1958))); *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984) ("As interpreted by *Hoffman v. Blaski*, the ["where it might have been brought"] requirement [of § 1404(a)] remains a barrier to transfer at the defendant's instance, over the plaintiff's objection, if at the time suit was originally brought the transferee district would have lacked jurisdiction over the defendant or if venue there would have been improper."), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147 (5th Cir. 1987); *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004).  *See generally* 15 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3845 (3d ed. 2007).  To hold otherwise "would not only do violence to the plain words of § 1404(a), but would also inject gross discrimination."  *Hoffman*, 363 U.S. at 344.

The *Hoffman* Court also concluded that the "critical time" to be used as a basis for making this threshold inquiry is the time the lawsuit was filed: "In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when the suit was instituted." 363 U.S. at 343 (quoting with approval *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111, 119 (3d Cir. 1951) (Hastie, J. & McLaughlin, J., dissenting). The Fifth Circuit has held similarly. *Liaw Su Teng*, 743 F.2d at 1149 ("When the defendant seeks transfer to another forum, over the objection of the plaintiff, the words of § 1404 allowing transfer to a district where suit 'might have been brought' direct the attention of the judge to the situation that existed when the suit was brought.").

Transfer of a suit involving multiple defendants is ordinarily proper "only if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court." *Liaw Su Teng*, 743 F.2d at 1148. If suit might have been brought against one or more defendants in the transferee court, the claims against those defendants may be severed and transferred while the other claims are retained in the original court. *Id.* The case should not be severed, however, where the "the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places." *Id.*

After the Court is satisfied that the transferee venue is one where the suit could have been brought, the district court must then consider the convenience of the parties and witnesses in both forums. *Volkswagen I*, 371 F.3d at 203; *see also Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009); *Bolt v. Toyota Indus. Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004).

## DISCUSSION

### *A. Jurisdiction and Venue in the NDCA*

With respect to the threshold issue of jurisdiction and venue in the transferee district, the California defendants contend that the NDCA is a place where Balthasar could have brought this lawsuit; that is, the California defendants contend that the NDCA is a proper venue and that they are subject to personal jurisdiction in the NDCA. *See* Dkt. No. 168, at 20-21. In their original motion, the California defendants did not address this threshold issue with respect to the original non-California defendants. Accordingly, the Court ordered additional briefing. Dkt. No. 312. In the supplemental briefing, the California defendants provided affidavits from each of the original non-California defendants but three[3] indicating collectively that they are all subject to personal jurisdiction in the NDCA and that the NDCA is a proper venue. *See* Dkt. No. 346, Exs.1-11.

In response, Balthasar does not contest that the NDCA would be an appropriate venue; rather, Balthasar contends the California Defendants' Motion must be denied on jurisdictional grounds, because the California Defendants have "failed to submit any evidence proving the existence of even a single California user of the non-California websites." Dkt. No. 347, at 6. Balthasar specifically points to the declaration of the Vice President of Legal Affairs of Scripps (David Arroyo) in which Mr. Arroyo states: "While I do not have personal knowledge of the actual numbers of users in any specific location, I believe it is safe to assume that one or more users of that [accused] website were, in November 2008, located within Northern California. Indeed, I have no reason to believe that is

---

[3] Puma International, LLC was an original defendant in this case; however, it was dismissed on January 16, 2009—before any answers were filed—and replaced by Puma North America, Inc., for which a declaration has been included. *See* Dkt. No. 345, at 5. Two additional defendants, FriendFinder Networks, Inc. and Network Solutions, LLC have been dismissed from the lawsuit. *See id.* For purposes of this motion, the Court agrees with the moving defendants that the threshold issue of jurisdiction and venue is moot as to these defendants.

not the case." Dkt. No. 346-8, at 2. In addition to Scripps, Balthasar contends the California

Defendants have brought forth no evidence of use of the accused Puma website by California

residents. Dkt. No. 347, at 6. Balthasar additionally argues that "[m]ost of the remaining Non-

California Defendants offer nothing more than pure guesswork concerning California use of their

websites." *Id.* at 6-7. Finally, Balthasar contends that "[b]y failing to establish whether the Non-

California Defendants' websites are commercial in nature, the California Defendants have failed to

establish their right to a transfer, even under the cases cited." Dkt. No. 347, at 8.

Where no federal statute controls the Court's exercise of personal jurisdiction, the forum

state's jurisdictional statute determines whether it is proper to assert personal jurisdiction. *See*

*Core-Vent Corp. v. Nobel Indus., AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). As a patent case, this is

an action where the federal courts have exclusive jurisdiction—under 28 U.S.C. § 1338(a).

However, because there is no federal jurisdictional statute, California law would apply if Balthasar

had brought this case in the NDCA. The California "long-arm statute provides that '[a] court of this

state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of

the United States.'" Cal. Civ. Proc. Code § 410.10. The limits of the California long-arm statute are

co-extensive with the limits of the federal due process clause. *Harris Rutsky & Co. Ins. Servs. v. Bell*

*& Clements, Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Due process is satisfied if the defendant has

"certain minimum contacts" with the forum state "such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326

U.S. 310, 316 (1945) (internal quotations omitted).

The Ninth Circuit, in *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), held

that the essentially passive activity of merely maintaining a website that is available to forum

residents, without more, does not subject the site owner to personal jurisdiction. 130 F.3d at 418-19. However, the *Cybersell* Court noted that "[i]nteractive web sites present somewhat different issues." Interpreting *Cybersell*, along with cases from other circuits, Judge Carter, in *Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999), concluded that "personal jurisdiction is not appropriate when a website is merely a [sic] passive, either as an advertisement or for informational purposes, but is appropriate when an entity is conducting business over the internet."

Based on the supplemental briefing combined with the original papers, the Court finds that the California Defendants have established a prima facie case for personal jurisdiction and venue in the NDCA. Although one magistrate judge has concluded that the movant in a motion to transfer must satisfy the preponderance of the evidence standard on the threshold issue of jurisdiction and venue (*see Emke v. Compana LLC*, No. 3:06-CV-1416, 2009 WL 229965, at *3 (N.D. Tex. Jan. 30, 2009)), this Court finds more persuasive the analysis set forth by Judge Reavley in *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241-42 (5th Cir. 2008). In *Walk Haydel*, Judge Reavley held, with respect to the defendant's motion to dismiss, that, unless a full evidentiary hearing is conducted, the plaintiff need only present only a prima facie case for personal jurisdiction in order to survive a motion to dismiss. 517 F.3d at 241-42.

Because this Court has not held a full evidentiary hearing on this issue and because the Court finds no reason the California Defendants' burden with regard to this threhold issue in a motion to transfer should be any greater than Balthasar's burden to survive a motion to dismiss, the Court concludes the California Defendants need only present a prima facie case for personal jurisdiction and venue in the NDCA for the Court to proceed to the convenience analysis.

In this case, Balthasar has accused the Defendants' websites of infringing its patents. In so doing, Balthasar has alleged that the original Defendants, none of which reside in this District, are subject to personal jurisdiction in this Court because they "operate[] websites covered by one or more claims of the '180 Patent to the injury of Balthasar." *See* Dkt. No. 1, at ¶¶ 28-48. Balthasar now contends the California Defendants cannot use the same theory to support their prima facie case of personal jurisdiction in the NDCA. *See* Dkt. No. 347, at 7-8. The Court finds Balthasar's argument is untenable. Each of the declarations supplied by the California Defendants indicates that California residents were using the accused websites as of the date this lawsuit was instituted. Given the interactive nature of Balthasar's patent and the websites being accused of infringement, the Court finds the declarations are sufficient.

Although the Scripps declaration is not as affirmatively phrased as the other declarations regarding website users being located in the NDCA, Scripps would find it very difficult, if not impossible, to challenge personal jurisdiction in the NDCA after such statements have been made because personal jurisdiction can be waived. *See Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979). Further, even though the Puma declaration does not mention specific California users of its website, the declaration affirmatively states that Puma operates retail locations in the NDCA and operates a website available to the same consumers as its retail locations, thereby subjecting Puma to personal jurisdiction in the NDCA. *See* Dkt. No. 346-7, at 2.

In sum, the Court finds the declarations submitted by the California Defendants are sufficient to establish a prima facie case of venue and personal jurisdiction over the original defendants in the NDCA.

## B. Convenience

The Fifth and Federal Circuit Courts of Appeals have recently expounded upon the standard this Court must follow in evaluating a motion to transfer under § 1404(a). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (applying Fifth Circuit law); *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *In re Volkswagen of Am., Inc.* 566 F.3d 1349, 1351 (Fed. Cir. 2009) (applying Fifth Circuit law).

Under this precedent, the Court finds this case should be transferred to the NDCA. Balthasar's website identifies its headquarters and only "location" as San Francisco, which is in the NDCA. Dkt. No. 168, at 12. The NDCA is also where a majority of the original defendants' operations are centered. *Id.* at 9-15. The non-California Defendants (excluding those added after the lawsuit was filed), are not located in the NDCA but are not located in this district either. *Id.* at 16-18. A substantial number of party and non-party witnesses reside in the NDCA and a substantial amount of the sources of proof are also located there, while very few witnesses and sources of proof, if any, reside in this District. *See id.*, at 21-27. In sum, Balthasar has failed to show a sufficient connection to this district to override the conveniences gained by transferring the case to the NDCA.

As to the Texas Defendants, added by Balthasar after the Federal Circuit's *TS Tech* decision, the Court finds transfer would be extremely inconvenient and unfair. These Defendants were apparently added to the lawsuit for the purpose of maintaining venue in this district.[4] Two of the four appear in this lawsuit *pro se*, one has not yet made an appearance, and the fourth verbally opposed the transfer for hardship reasons at the hearing on this Motion. It is clear that these Defendants are not "so involved in the controversy" as to require the same issues to be litigated in

---

[4] *See supra* note 2 and accompanying text.

two places.  Accordingly, the present Motion should be denied with respect to the newly-added Texas Defendants.[5]

## CONCLUSION

Because the California Defendants have shown that the Northern District of California would be clearly more convenient than this district, the California Defendants' Motion to Transfer to the Northern District of California (Dkt. No. 168) is hereby **GRANTED-IN-PART** with respect to the original Defendants and the California Defendants added in Balthasar's First Amended Complaint.[6] Because the Court finds transfer would be extremely inconvenient for and unfair to the newly-added Texas defendants, the Motion is **DENIED-IN-PART** with respect to these defendants.[7]

Because a substantial number of defendants are no longer in this case, the Court hereby directs the Clerk of Court to restyle the case as:  Balthasar Online, Inc. v. Art Star Design LLC, Interaria, Big Jump Media, Inc., and shameblame.com.

**IT IS SO ORDERED**.

**SIGNED this 15th day of September, 2009.**


DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

---

[5]  The Court does not have the same concern with respect to the other newly-added Defendants as they apparently all reside in California; thus, transfer to the NDCA would increase their convenience.

[6]  The Defendants subject to transfer are: The Knot, Inc., Insider Guides, Inc., Cyworld Inc., Hi5 Networks, Inc., Freewebs, Inc., Gaia Interactive Inc., Friendster, Inc., Ebaum's World, Inc., Imeem, Inc., Scripps Networks, LLC, Live Journal, Inc., Nike, Inc., Ning, Inc., Swatchbox Technologies, Inc., Electronic Arts Inc., Hookumu Inc., Meredith Corp., Capcom USA, Inc., FriendFinder California Inc., Various, Inc., Puma North America, Inc., Booker Entities, Inc., and Global Alphabet, Inc.

[7]  The Defendants remaining in this cause are: Art Star Design LLC, Interaria, Big Jump Media, Inc., and shameblame.com

-10-