IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SOFTWARE RIGHTS ARCHIVE, LLC**<br><br>v.<br><br>**GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC, AND LYCOS, INC.** | Civil Case No. 2:07-cv-511 (CE) |

### MOTION FOR LEAVE TO AMEND AND SUPPLEMENT INVALIDITY CONTENTIONS

Defendants respectfully seek leave to serve amended and supplemental invalidity contentions under P. R. 3-6(b). There is good cause for the amendment of Defendants' contentions, as Defendants seek to add prior art (including prior art discovered after Defendants served their invalidity contentions) that is highly relevant to whether the asserted patents are valid. The Plaintiff (SRA) will suffer no prejudice from the proposed amendment because the case is still in its early stages,[1] and SRA itself has asked Defendants to clarify the scope of their invalidity contentions. No depositions related to invalidity or prior art have occurred to date, fact discovery does not close until February 25, 2011, the P. R. 4-1 – P. R. 4-5 claim construction process does not begin until more than four months from now, and the claim construction hearing and jury selection are approximately eleven[2] and sixteen months[3] away, respectively. Moreover, Defendants have been diligent in their search for prior art, an effort made

---

[1] As recently as November 25, 2009, in a joint motion to which SRA was a party (Dkt. No. 176), SRA itself has characterized this case as being "still in its relatively early stages."

[2] The claim construction hearing is set for November 10, 2010.

[3] Jury selection is currently set for May 2, 2011.

02904.51330/3249479.1                   1

unnecessarily difficult by SRA's inadequate infringement contentions. Yet despite Defendants' diligence and the evident lack of prejudice to it, SRA has refused to consent to amendment of the invalidity contentions, thereby necessitating this motion.

## BACKGROUND

On October 31, 2008, SRA served its infringement contentions. The scope of SRA's infringement contentions was vast – they spanned <u>660</u> pages, asserted <u>64</u> claims from 3 different patents, and purport to accuse hundreds of products and services of infringement. Despite being lengthy, SRA's contentions are also deficient. Among other things, SRA failed to provide claim charts for the vast majority of the purportedly accused products, and those it did provide frequently lacked specificity and often failed "to identify[] specifically where each element of each asserted claim is found within [the] Accused Instrumentality."[4] Despite the deficient nature of SRA's infringement allegations, Defendants timely served their invalidity contentions on January 23, 2009 and diligently continued with their prior art search and analysis.

On March 11, 2009, SRA asked that Defendants amend their invalidity contentions to provide additional specificity.[5] Defendants have since revisited their contentions and, in doing so, have identified additional combinations of references that invalidate the claims of the patents-in-suit under 35 U.S.C. § 103.

To assist Defendants' efforts to amend the invalidity contentions so as to provide the additional specificity requested by SRA and to avoid a needless multiplicity of amendments,

---

[4] P. R. 3-1(c).

[5] Declaration of Mark D. Baker in Support of Motion for Leave to Amend Invalidity Contentions ("Baker Decl.") Ex. A. SRA also sent a letter on July 8, 2009, again asking that Defendants amend their invalidity contentions to provide additional specificity. Baker Decl. Ex. B

Defendants asked SRA to clarify its own infringement contentions.[6]  Defendants subsequently requested that SRA do so two additional times.[7]  To date, SRA has refused to do so.

Despite that failure, Defendants still sought to amend their invalidity contentions to address the concerns raised by SRA and to add the additional prior art combinations they had identified.  Defendants provided SRA with an Appendix and claim charts containing the proposed amendments and supplementation to their invalidity contentions on November 25, 2009.[8]  Because SRA has refused to consent to Defendants' proposed amendment and supplementation while also refusing to provide additional specificity for its deficient infringement contentions, Defendants now seek leave from the Court to amend and supplement their invalidity contentions in the manner sent to SRA on November 25, 2009.  SRA's refusal to consent to Defendants' request to amend is unreasonable, especially because SRA itself requested that Defendants amend their contentions.  Considering the absence of any prejudice to SRA, Defendants' diligence, and the early stage of the case, there plainly is good cause for Defendants to amend their invalidity contentions.

**ARGUMENT**

**I.     THE PATENT LOCAL RULES LIBERALLY PERMIT AMENDMENT FOR GOOD CAUSE**

Patent Local Rule 3-6(b) allows a party to amend its invalidity contentions upon a showing of "good cause."  Leave to amend pleadings, such as invalidity contentions, should be

---

[6] Baker Decl. Ex. C.

[7] Baker Decl. Exs. D & E.  Defendants continue to reserve the right to amend their contentions as permitted under P. R. 3-6(b).

[8] All of the new references identified above were produced by Defendants to SRA by no later than October 30, 2009.

liberally and freely given when justice so requires.⁹  This Court employs a four-factor test when determining whether the party seeking leave has shown the requisite "good cause":  "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice."¹⁰  Leave to amend invalidity contentions is routinely granted where, as here, the case is still in its early stages and permitting amendment will not unduly prejudice the patentee.¹¹

## II. GOOD CAUSE EXISTS FOR DEFENDANTS TO AMEND THEIR INVALIDITY CONTENTIONS

The four factors for determining whether "good cause" exists weigh decidedly in favor of granting Defendants leave to amend their invalidity contentions.

### A. Defendants were diligent in their prior art analysis.

When considering a party's "explanation for the failure to meet the deadline," this Court considers the party's diligence.¹²  Here, Defendants prepared and timely served their original invalidity contentions.  Afterwards, despite the vagueness of the contours of SRA's infringement allegations, Defendants continued to develop their invalidity defenses.  Defendants' continuing

---

⁹ *See Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) (citing Fed. R. Civ. P. 15(a)).

¹⁰ *See Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434 (TJW), 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala. NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

¹¹ *See Arbitron*, 2008 WL 4755761, at *1 (granting leave to amend where trial was more than six months away, discovery was still in its early stages, and no claim construction hearing had occurred); *see also Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *1 (E.D. Tex. 2006) (granting leave to amend invalidity contentions after the completion of claim construction briefing and hearing).

¹² *See Arbitron*, 2008 WL 4755761, at *2 (considering diligence in connection with defendant's explanation for failure to meet the deadline).

diligence led to the discovery of additional references and new obviousness combinations. Defendants seek to add the following ten references that anticipate and/or make obvious one or more of the asserted claims:

| Primary Author or Publisher | Reference Title | Publication/ Use Date | Herein Referenced As | Date Defendants Learned of Reference |
|---|---|---|---|---|
| Brodda, B. & Karlgren, H. | "Citation Index And Measures Of Association In Mechanized Document Retrieval," Kval Pm 295 (1967). Report No. 2 To The Royal Treasury. Published By Sprakforlaget Skriptor. | 1967 | Brodda 1967 | 3/26/09[13] (copy not made available until 4/09) |
| Schatz, B. & Hardin, J. | "NCSA Mosaic and the World Wide Web: Global Hypermedia Protocols for the Internet," Science 265:895-901 (1994) | 1994 | Schatz 1994 | 3/26/09 (copy not made available until 4/09) |
| Cleveland, D. | "An n-Dimensional Retrieval Model," J. Am. Soc. Inf. Sci., pp. 342-47 (1976) | 1976 | Cleveland 1976 | 9/16/09 |
| Crouch, D. et al. | "The Use Of Cluster Hierarchies In Hypertext Information Retrieval," Hypertext '89 Proceedings, SIGCHI Bulletin, pp. 225-237 (Nov. 1989) | 1989 | Crouch 1989 | Prior to 1/23/09 |
| Salton, G. & Buckley, C. | "Approaches to Text Retrieval for Structured Documents," TR 90-1083, Department of Computer Science, Cornell University (1990) | 1990 | Salton 1990 | Prior to 1/23/09 |
| Salton, G. & | "On the Automatic | 1989 | Salton 1989 | 3/26/09 |

---

[13] Brodda 1967 is a Swedish publication found among the papers of Gerald Salton at Cornell University.

| Primary Author or Publisher | Reference Title | Publication/ Use Date | Herein Referenced As | Date Defendants Learned of Reference |
|---|---|---|---|---|
| Buckley, C. | Generation of Content Links in Hypertext," TR89-1993. (Department of Computer Science, Cornell University), (1989) | | | (copy not made available until 4/09) |
| Korfhage, R. | "Query Enhancement by User Profiles" (1983) | 1983 | Korfhage 1983 | 6/18/09 |
| Baase, S. | Computer Algorithms: Introduction to Design and Analysis, 2nd Edition, Addison-Wesley Publishing Co. (1988) | 1988 | Baase 1988 | 8/5/09 |
| Can, F. | "A Dynamic Cluster Maintenance System for Information Retrieval," ACM, Vol. 6, p. 123 (1987) | 1987 | Can 1987 | 6/18/09 |
| Botafogo, R. | "Cluster Analysis for Hypertext Systems," ACM SIGIR '93, Vol. 6, 116-125 (1993) | 1993 | Botafogo 1993 | Prior to 1/23/09 |

As shown in the chart above, seven of the ten references did not come to Defendants' attention until after they served their invalidity contentions on January 23, 2009. While Defendants were aware of three of the references – Botafogo 1993, Salton 1990, and Crouch 1989[14] – prior to January 23, 2009, the potential relevance of these papers was not apparent until after that date as Defendants continued to analyze the prior art in the course of deconstructing SRA's infringement contentions. Indeed, Defendants' identification of additional references can

---

[14] Defendants served invalidity claim charts for Crouch 1989 to SRA on February 13, 2009 in connection with a related action in the Northern District of California. Thus, SRA has been in possession of Defendants' invalidity contentions regarding that reference for many months.

be attributed in part to the breadth of SRA's infringement contentions, which, as noted above, spanned over 600 pages and purported to accuse hundreds of products and services of infringing 64 claims.

Defendants now seek leave to: (a) add these references to their invalidity contentions and (b) amend their obviousness combinations to address the issues raised by SRA in its March 11, 2009 letter.[15] As noted above, to better understand SRA's interpretation of the claims, Defendants first requested that SRA amend its infringement contentions to comply with P. R. 3-1.[16] Defendants made this request on March 27, 2009, again on July 16, 2009, and again on September 29, 2009.[17] Defendants sought these amendments from SRA to assist their understanding of the claims-in-suit and to avoid piecemeal amendments to their invalidity contentions. SRA ignored Defendants' requests, resulting in an impasse and leaving Defendants with no choice but to seek leave to amend their invalidity contentions. Any delay by Defendants is largely due to SRA's failure to respond to Defendants' repeated requests that SRA amend its infringement contentions. Defendants' diligence therefore weighs in favor of granting leave.

### B. Defendants seek to identify additional prior art references and specific obviousness combinations that are vital to their defenses.

The prior art references that Defendants seek to add to their invalidity contentions are vital to their defenses. Particularly, each new prior art reference either anticipates or, in

---

[15] The more specific obviousness combinations requested by SRA were provided by Defendants to SRA on November 25, 2009.

[16] *See Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 U.S. Dist. LEXIS 73217, at *26 (E.D. Tex. Aug. 18, 2009) (explaining that "infringement contentions are intended to frame the scope of the case in order to provide for 'full, timely discovery and [to] provide parties with adequate notice and information with which to litigate their case'") (citation omitted).

[17] Baker Decl. Exs. C, D, & E.

combination with other references, renders obvious the asserted claims. Further, the more specific combinations of references that Defendants identify are important to their invalidity defenses. These combinations are responsive to SRA's requests that Defendants provide more specific invalidity contentions. To exclude Defendants from asserting these defenses would unfairly prejudice them. This factor also weighs in favor of granting leave.

### C. SRA will suffer no prejudice given the early stage of the case.

Granting Defendants leave to amend their invalidity contentions will not prejudice SRA in any way because, as SRA itself recently acknowledged,[18] this case is still in its early stages. Jury selection for trial is not scheduled until May 2, 2011 – more than sixteen months away. No pretrial filings, hearings, or discovery related to invalidity has occurred yet, and none of the parties have served expert reports. Claim construction briefing will not begin until August 2010, the P. R. 4-1 – P. R. 4-5 claim construction process does not begin for more than four months, and the claim construction hearing is still approximately eleven months away.[19] Under the current case management schedule, SRA will have ample opportunity to review and analyze the additional prior art references and combinations provided in Defendants' amended invalidity contentions. Any claim of prejudice by SRA is belied by its prior request that Defendants amend their invalidity contentions to provide further specificity. The absence of prejudice to SRA weighs in favor of granting leave to amend.

This Court regularly grants leave to amend invalidity contentions, even in cases presenting a much greater risk of prejudice. In *Computer Acceleration*, for example, this Court

---

[18] *See* Dkt. No. 176.

[19] *See Computer Acceleration*, 481 F. Supp. 2d at 626 (finding the fact that the claim construction hearing was a month away weighed in favor of allowing amendment of invalidity contentions); *Arbitron*, 2008 WL 4755761, at *1 (finding that amending invalidity contentions before claim construction would not prejudice plaintiff).

found that any potential prejudice to the patentee was "not great" even where the claim construction hearing was one month away, and the close of discovery was only four months away.[20] Similarly, in *Arbitron*, this Court found that amendment of invalidity contentions would not result in any prejudice to the patentee where the court had not yet conducted a claim construction hearing, discovery had just begun, no depositions had been taken, and trial was more than six months away.[21] In *Alt*, this Court found that amendment of invalidity contentions would not prejudice the patentee even after completion of the claim construction briefing and hearing.[22]

**D.      Any alleged prejudice can be cured by schedule modification.**

Even if SRA could show prejudice, any such prejudice could be cured by a brief continuance of the claim construction deadlines.[23] As the Court is aware, the parties have already successfully negotiated several joint requests for brief continuances of certain pre-trial deadlines.[24] Because the claim construction hearing is approximately eleven months away and jury selection for trial is over sixteen months away, any court-ordered deadlines affected by Defendants' amended invalidity contentions could be readily adjusted without unduly delaying these proceedings. This factor also supports granting Defendants' request for leave to amend.

## CONCLUSION

---

[20] 481 F. Supp. 2d at 626.

[21] 2008 WL 4755761, at *1.

[22] 2006 WL 278868, at *5.

[23] *See Alt*, 2006 WL 278868, at *5 (concluding that any prejudice patentee might suffer could easily be cured by an appropriate continuance of deadlines); *Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08-cv-24, 2009 WL 4574690, at *3 (E.D. Tex. Nov. 30, 2009) (same).

[24] *See, e.g.*, Baker Decl. Exs. F & G.

Discovery in the case is still in its early stages, and the claim construction hearing is a little less than a year away. The P. R. 4-1 – P. R. 4-5 claim construction process does not begin for more than four months. Jury selection for trial is over sixteen months away. Defendants have continued to search for new prior art, have continued to analyze and study other prior art, have continued to wade through SRA's infringement contentions, and have worked diligently to amend their obviousness combinations to address the concerns previously raised by SRA. Considering that SRA itself has requested that Defendants amend their contentions, it will suffer no prejudice from Defendants' proposed amendments. For all of these reasons, Defendants respectfully request that the Court grant Defendants leave to amend and supplement their invalidity contentions in the manner sent to SRA on November 25, 2009 and that the Appendix and claim charts containing the proposed amendments and supplementation to Defendants' invalidity contentions, which were served by Defendants on SRA on November 25, 2009, be deemed by the Court to be a part of Defendants' Invalidity Contentions in this case.

By: /s/ Thomas B. Walsh, IV(by permission)
Ruffin B. Cordell - Lead Attorney
Texas Bar No. 04820550
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas B. Walsh, IV
Texas Bar No. 00785173
E-mail: walsh@fr.com
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Ramon K. Tabtiang
Massachusetts BBO 663,943
E-mail: rkt@fr.com
Stephen A. Marshall
Massachusetts BBO 666,200
E-mail: smarshall@fr.com
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Harry L. Gillam, Jr.
Texas Bar No. 07921800
E-mail: gil@gillamsmithlaw.com
Melissa R. Smith
Texas Bar No. 24001351
E-mail: melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants GOOGLE INC. and AOL LLC

By: /s/ Richard S.J. Hung (by permission)
Michael A. Jacobs (CA Bar No. 111664)
Richard S. J. Hung (CA Bar No. 197425)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522
Email: mjacobs@mofo.com
Email: rhung@mofo.com

Michael E. Jones
Texas Bar No. 10929400
Potter Minton, A Professional Corporation
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

Attorneys for Defendant YAHOO! INC.

By: /s/ Collin Maloney
Claude M. Stern (CA Bar No. 96737)
Jennifer A. Kash (CA Bar No. 203679)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
Email: jenniferkash@quinnemanuel.com

Otis Carroll
Tex. Bar No. 03895700
Collin Maloney
Tex. Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

Attorneys for Defendants IAC SEARCH & MEDIA, INC. and LYCOS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 18th day of December, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Collin Maloney

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that counsel for Defendants conferred with counsel for Plaintiff regarding the relief requested herein. Counsel for Plaintiff stated that Plaintiff opposes the relief requested herein. Accordingly, this motion is presented to the Court for determination.

/s/ Collin Maloney