Exhibit 1

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

SOFTWARE RIGHTS ARCHIVE, LLC,

    Plaintiff,

    v.

GOOGLE INC., YAHOO! INC., IAC
SEARCH & MEDIA, INC., AOL LLC,
AND LYCOS, INC.,

    Defendants.

Civil Case No. 2:07-cv-511 (CE)

**DEFENDANTS' P. R. 3-3 DISCLOSURE**

SRA will contend that limitations of the asserted claims are not disclosed in the prior art identified by Defendants. To the extent that such an issue arises, Defendants reserve the right to identify other references that would have made the addition of the allegedly missing limitation to the disclosed device or method obvious.

The accompanying invalidity claim charts list specific examples of where prior art references disclose, either expressly or inherently, each limitation of the asserted claims and/or examples of disclosures in view of which a person of ordinary skill in the art would have considered each limitation, and therefore the claim as a whole, obvious. The references, however, may contain additional support upon which Defendants may rely. Furthermore, where Defendants cite to a particular figure in a reference, the citation should be understood to encompass the caption and description of the figure and any text relating to the figure. Similarly, where Defendants cite to particular text referring to a figure, the citation should be understood to include the corresponding figure as well. Defendants may also rely on other documents and information, including cited references and prosecution histories for the patents-in-suit, and expert testimony to provide context or to aid in understanding the cited portions of the references.

The '494 and '571 Patents issued from applications claiming priority to the '352 Patent. In its Infringement Contentions, SRA has alleged a "priority date" of June 14, 1993 for each asserted claim of the patents-in-suit. Defendants dispute this allegation, and SRA has not carried its burden of proving priority. The patent examiner has already determined that the claims of the '494 Patent are not entitled to a priority date earlier than May 17, 1996 (*see, e.g.*, Notice of Allowability, Paper No. 7 at 3 in the '494 prosecution history; EGG_0012228) and likewise with respect to the claims of the '571 Patent (*see, e.g.*, Office Action dated July 19, 2000, Paper No.

The following patents and publications are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g).

**Table 3: Patents and Printed Publications Anticipating the Asserted Claims of the '352 Patent**

| Exhibit A Chart | Prior Art |
|---|---|
| Ex A-1 | Salton, 1963 |
| Ex A-2 | Chen, 1992 |
| Ex A-3 | Garner, 1967 |
| Ex A-4 | Salton, 1968 |
| Ex A-5 | Goffman, 1969 |
| Ex A-6 | Salton, 1970 |
| Ex A-7 | Salton, 1971 |
| Ex A-8 | Schiminovich, 1971 |
| Ex A-9 | Bichteler & Parsons, 1974 |
| Ex A-10 | Shimko, 1974 |
| Ex A-11 | Pinski, 1976 |
| Ex A-12 | Bichteler & Eaton, 1977 |
| Ex A-13 | Garfield, 1979 |
| Ex A-14 | Tapper, 1982 |
| Ex A-15 | Kochtanek, 1982 |
| Ex A-16 | Fox/Smart, 1983 |
| Ex A-17 | Fox Thesis, 1983 |
| Ex A-18 | Fox Collections, 1983 |
| Ex A-19 | Salton and McGill, 1983 |
| Ex A-20 | Fox Agriculture, 1984 |
| Ex A-21 | Fox, 1985 |
| Ex A-22 | Belew, 1986 |
| Ex A-23 | Armstrong, 1988 |
| Ex A-24 | Croft, Lucia & Cohen, 1988 |
| Ex A-25 | Frisse, 1988 |
| Ex A-26 | Salton, 1988 |
| Ex A-27 | Fox, 1988 |
| Ex A-28 | Croft & Turtle, 1989 |
| Ex A-29 | Frisse/Cousins, 1989 |
| Ex A-30 | Rose, 1989 |
| Ex A-31 | Thompson, 1989 |
| Ex A-32 | Kommers, 1990 |
| Ex A-33 | Lucarella, 1990 |
| Ex A-34 | Nielsen, 1990 |
| Ex A-35 | Nielsen, 1990b |
| Ex A-36 | Shepherd, 1990 |
| Ex A-37 | Berk, 1991 |

| Exhibit A Chart | Prior Art |
| --- | --- |
| Ex A-38 | Burt, 1991 |
| Ex A-39 | Dunlop, 1991 |
| Ex A-40 | Gelbart, 1991 |
| Ex A-41 | Rada, 1991 |
| Ex A-42 | Rose, 1991 |
| Ex A-43 | Shaw Part I, 1991 |
| Ex A-44 | Shaw Part II, 1991 |
| Ex A-45 | Turtle, 1991 |
| Ex A-46 | Turtle & Croft, 1991 |
| Ex A-47 | Alain, 1992 |
| Ex A-48 | Frei & Stieger, 1992 |
| Ex A-49 | Botafogo, 1992 |
| Ex A-50 | Chen/Thesis, 1992 |
| Ex A-51 | Guinan, 1992 |
| Ex A-52 | UCINET, 1992 |
| Ex A-53 | Betrabet, 1993 |
| Ex A-54 | Brunei, 1993 |
| Ex A-55 | Croft, 1993 |
| Ex A-56 | U.S. Pat. No. 5,446,891 |
| Ex A-57 | Chen, 1992 |

The asserted claims of the '352 Patent are invalid for public use and/or offers for sale of products and services that anticipate such claims under 35 U.S.C. § 102(a) or (b) and/or the purported invention of the claims was made in this country by another inventor who had not abandoned, suppressed, or concealed it under 35 U.S.C. § 102(g). The following description and events are provided on information and belief and are supported by the information and documents that will be produced by February 13, 2009.

**Table 4: Public Use/Prior Sale References Anticipating the Asserted Claims of the '352 Patent**

| Exhibit B Chart | Prior Art |
| --- | --- |
| Ex B-1 | TIP |
| Ex B-2 | ENVISION |
| Ex B-3 | SMART |
| Ex B-4 | Intermedia |
| (see Ex A-38) | STRUCTURE |
| (see Ex A-52) | UCINET |

**B.** **Disclosure of Invalidity Due to Obviousness Pursuant to P. R. 3-3(b) and (c)**

The asserted claims of the '352 Patent are invalid as obvious under 35 U.S.C. § 103.

**1.** **Obviousness Combinations**

Each prior art reference disclosed in the preceding sections (*see* § III.A), either alone or in combination with other prior art, also renders the asserted claims invalid as obvious. Furthermore, Defendants identify the following additional exemplary prior art references that either alone or in combination with other prior art (including any of the above anticipatory prior art) renders the asserted claims invalid as obvious under 35 U.S.C. § 103:

- Salton, 1975 (*see, e.g.*, Ex A-57).

- Conklin, 1987 (*see, e.g.*, Ex A-58).

- Conklin, 1988 (*see, e.g.*, Ex A-59).

- Seeley, J., "*The New of Reciprocal Influence*," Can. Jour. Psych. 234-241 (1949).

- Katz, L., "*A New Status Index Derived From Sociometric Analysis*," Psychometrika, Vol. 18, No. 1 pp. 39-43 (1953).

- Bar-Hillel, Y., "*A Logician's Reaction to Recent Theorizing on Information Search Systems*," American Documentation 8(2): 103-113 (1957).

- Harary, F., Norman, R.Z., Cartwright, D, "*Structural Models: An Introduction to the Theory of Directed Graph*," John Wiley & Sons, Inc., (1965), (*see, e.g.*, Preface, Ch. 1 (Digraphs and Structures), Ch. 5 (Digraphs and Matrices), and Ch. 14 (Networks)).

- Bell Laboratories, "S - A Language for Data Analysis" (1981).

- Hubbell, C., "*An Input-Output Approach to Clique Identification*," (1965).

- Jardine, N., van Rijsbergen, C.J., "*The Use of Hierarchical Clustering in Information Retrieval*," (1971).

- Salton, G., Bergmark, D., "*A Citation Study of the Computer Science Literature*," IEEE Trans on Professional Communication 22(3):146-158 (also published as Cornell TR 79-364) (1979).

- van Rijsbergen, C.J., "*Information Retrieval*," (1979).

- Jain, A., Dubes, R., "*Algorithms for Clustering Data*," (1988).

- Salton, G., Buckley, C., "*On the Use of Spreading Activation Methods in Automatic Information Retrieval*," (Proc. 11th SIGIR, pp. 147-160, also published as Cornell TR 88-907) (April 1988).

- Pao, M., Worthen, D., "*Retrieval Effectiveness by Semantic and Citation Searching*," J. Am. Society Info. Sci. 40(4):226-235 (1989).

- Golub, G., Van Loan, C.F., "*Matrix Computation*," (Johns Hopkins University Press) (1989).

- Consens, M.P. and Mendelzon, A.O., "*Expressing Structural Hypertext Queries in GraphLog*," Hypertext '89 Proceedings, pp. 269-292 (1989).

- Kaufman, L., Rousseeuw, P. "*Finding Groups in Data - An Introduction to Cluster Analysis*," (1990).

- Korfhage, "*To See, or Not to See – is That the Query*," Proceedings of the 14th Annual International ACM SIGIR Conference on Research and Development in Information Retrieval, pp. 134 – 141, (1991).

- Li, T., Chiu, V., Gey, F. "*X-Window Interface to SMART, an Advanced Text Retrieval System*, " SIGIR Forum, pp. 5-16 (1992).

- Agosti, M., Gradenigo, G., Marchetti, P., "*A Hypertext Environment for Interacting With Large Databases*," (IP&M 28:371-387) (1992).

- Agosti, M., Marchetti, P., "*User Navigation in the IRS Conceptual Structure Through a Semantic Association Function*," (The Computer Journal 35:194-199) (1992).

- Salton, G., Allan, J., Buckley, C., "*Approaches to Passage Retrieval in Full Text Information Systems*," (Proc. 16th SIGIR Conf.) (1993).

- Hearst, M., Plaunt, C., "*Subtopic Structuring for Full-Length Document Access*," (Proc. 16th SIGIR) (1993).

In addition, Defendants incorporate by reference each and every prior art reference of record in the prosecution of the patents-in-suit and related applications, including the statements made therein by the applicant and the examiner, the prior art discussed in the specification, and any other statements found in the intrinsic record.

In particular, each prior art reference may be combined with (1) information known to persons skilled in the art at the time of the alleged invention, (2) any of the other anticipatory prior art references, (3) any statements in the intrinsic record of patents-in-suit and related applications, and/or (4) any of the additional prior art identified above. To the extent that SRA contends that any of the anticipatory prior art fails to disclose one or more limitations of the asserted claims, Defendants reserve the right to identify other prior art references that, when combined with the anticipatory prior art, would render the claims obvious despite the allegedly missing limitation. Defendants contentions are made subject to its reservations above and based on Defendants' present understanding of the asserted claims of the '352 Patent and the apparent constructions in SRA's Infringement Contentions.

Exhibit C includes claim charts for the asserted claims of the '352 Patent using specific and exemplary combinations of references:

**Table 5: References Rendering Obvious Asserted Claims of the '352 Patent**

| Exhibit C Chart | Prior Art |
|---|---|
| Ex C-1 | 103 Chart |
| Ex C-2 | Nielsen, 1990b and Frisse, 1988 |
| Ex C-3 | Salton, 1963 and Pinski, 1976 |
| Ex C-4 | Salton & McGill, 1983 and Tapper, 1982 |
| Ex C-5 | Fox Thesis, 1983 and Berk, 1991 |
| Ex C-6 | Belew, 1986 and Rose, 1991 |

In addition to the exemplary combinations of prior art in Exhibit C, Defendants reserve the right to rely on any other combination of any prior art disclosed herein.

### 2.    Motivation to Combine

The United States Supreme Court recently clarified the standard for what types of inventions are patentable. *See KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007). In particular, the Supreme Court emphasized that inventions arising from ordinary innovation, ordinary skill, or common sense should not be patentable. *See id.* at 1732, 1738, 1742-1743, 1746. In that regard, a patent claim may be obvious if the combination of elements was obvious to try or there existed at the time of the invention a known problem for which there was an obvious solution encompassed by the patent's claims. In addition, when a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, 35 U.S.C. § 103 likely bars its patentability.

The '352 Patent is obvious because it simply uses known methods in the field of information retrieval to obtain predictable results. *See KSR*, 127 S. Ct. at 1742 (2007). For

Defendants' first common Interrogatory No. 3, SRA declined to identify with specificity each passage in which each claim element is described in any earlier filed application.

**B.      Disclosure of Invalidity Due to Anticipation Pursuant to P. R. 3-3(b) and (c)**

In accordance with P. R. 3-3(b) and (c), prior art references anticipating some or all of the asserted claims are listed in the tables below. The charts in Exhibits D-E identify specific examples of where each limitation of the anticipated claims is found in that reference, either expressly, implicitly in the larger context of the passage, or inherently as understood by a person having ordinary skill in the art.

The following patents and publications are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g).

**Table 6: Patents and Printed Publications Anticipating the Asserted Claims of the '494 Patent**

| Exhibit D Chart | Prior Art |
|---|---|
| Ex D-1 | Salton, 1963 |
| Ex D-2 | Garner, 1967 |
| Ex D-3 | Salton, 1968 |
| Ex D-4 | Goffman, 1969 |
| Ex D-5 | Salton, 1970 |
| Ex D-6 | Salton, 1971 |
| Ex D-7 | Schiminovich, 1971 |
| Ex D-8 | Bichteler & Parsons, 1974 |
| Ex D-9 | Shimko, 1974 |
| Ex D-10 | Chen, 1992 |
| Ex D-11 | Pinski, 1976 |
| Ex D-12 | Bichteler & Eaton, 1977 |
| Ex D-13 | Garfield, 1979 |
| Ex D-14 | Tapper, 1982 |
| Ex D-15 | Kochtanek, 1982 |
| Ex D-16 | Fox/Smart, 1983 |
| Ex D-17 | Fox Thesis, 1983 |
| Ex D-18 | Fox Collections, 1983 |
| Ex D-19 | Salton and McGill, 1983 |
| Ex D-20 | Fox Agriculture, 1984 |
| Ex D-21 | Fox, 1985 |
| Ex D-22 | Belew, 1986 |

| Exhibit D Chart | Prior Art |
| --- | --- |
| Ex D-25 | Croft, Lucia & Cohen, 1988 |
| Ex D-26 | Armstrong, 1988 |
| Ex D-27 | Frisse, 1988 |
| Ex D-28 | Salton, 1988 |
| Ex D-29 | Fox, 1988 |
| Ex D-30 | Berners-Lee, 1989 |
| Ex D-31 | Croft & Turtle, 1989 |
| Ex D-32 | Frisse/Cousins, 1989 |
| Ex D-33 | Lucarella, 1990 |
| Ex D-34 | Thompson, 1989 |
| Ex D-35 | Rose, 1989 |
| Ex D-36 | Kommers, 1990 |
| Ex D-38 | Nielsen, 1990 |
| Ex D-39 | Nielsen, 1990b |
| Ex D-40 | Shepherd, 1990 |
| Ex D-41 | Berk, 1991 |
| Ex D-42 | Burt, 1991 |
| Ex D-43 | Dunlop, 1991 |
| Ex D-44 | Gelbart, 1991 |
| Ex D-45 | Rada, 1991 |
| Ex D-46 | Rose, 1991 |
| Ex D-47 | Shaw Part I, 1991 |
| Ex D-48 | Shaw Part II, 1991 |
| Ex D-49 | Turtle & Croft, 1991 |
| Ex D-50 | Turtle, 1991 |
| Ex D-51 | Alain, 1992 |
| Ex D-52 | Botafogo, 1992 |
| Ex D-53 | Chen/Thesis, 1992 |
| Ex D-54 | Frei & Stieger, 1992 |
| Ex D-55 | Guinan, 1992 |
| Ex D-56 | UCINET, 1992 |
| Ex D-57 | Betrabet Thesis, 1993 |
| Ex D-58 | Betrabet, 1993 |
| Ex D-59 | Brunei, 1993 |
| Ex D-60 | Croft, 1993 |
| Ex D-61 | Fox Envision, 1993 |
| Ex D-62 | Conrad & Utt, 1994 |
| Ex D-63 | DeBra, 1994 |
| Ex D-64 | Herzner, 1994 |
| Ex D-65 | McKee, 1994 |
| Ex D-66 | Pinkerton, 1994 |
| Ex D-67 | LA Times |
| Ex D-68 | Frei & Stieger, 1995 |
| Ex D-69 | March 21 Press Release |

| Exhibit D Chart | Prior Art |
|---|---|
| Ex F-7 | April 24 Press Release |
| Ex D-71 | NetCarta, 1996 |
| Ex D-72 | Pirolli, 1996 |
| Ex D-73 | Gansner US 4,953,106 |
| Ex D-74 | Kaplan US 5,446,891 |
| Ex D-75 | Mauldin US 5748954 |
| Ex D-76 | Shoham U.S. Pat. No. 5,855,015 |
| Ex D-77 | Doyle US 5,838,906 |
| Ex D-78 | Weiss, 1996 |
| Ex D-79 | France, 1995 |

The asserted claims of the '494 Patent are invalid for public use and/or offers for sale of products and services that anticipate such claims under 35 U.S.C. § 102(a)(b) and/or the purported invention of the claims was made in this country by another inventor who had not abandoned, suppressed, or concealed it under 35 U.S.C. § 102(g). The following description and events are provided on information and belief and are supported by the information and documents that will be produced by February 13, 2009.

**Table 7: Public Use/Prior Sale References Anticipating the Asserted Claims of the '494 Patent**

| Exhibit E Chart | Prior Art |
|---|---|
| (*see* Ex D-71) | CyberPilot |
| Ex E-1 | "V-Search" |
| Ex E-2 | ENVISION |
| Ex E-3 | SMART |
| Ex E-4 | INTERMEDIA |
| Ex E-5 | TIP |
| (*see* Ex D-56) | UCINET |
| N/A | Lycos[2] |

**V-Search**. "V-Search" was disclosed to the public on or before March 29, 1995 and was in public use for more than one year prior to May 17, 1996, the priority date for the '494 Patent. *See, e.g.*, Kaplan, LA Times, March 29,1995; Libertech March 21, 1995 Press Release; Libertech

---

[2] *See, e.g.*, Chart for Mauldin US 5748954 and related electronic information.

April 24, 1995 Press Release; STI_0011254-56; EGG_0009554-93; EGG_0004956-99 at EGG_0004960. Plaintiff alleges that V-Search meets one or more limitations of claims 1-3, 7-9, 12-15, 18-21, 23-25, 31-33 of the '494 Patent. *See* Plaintiff's Disclosure of Asserted Claims and Infringement Contentions at 12. Defendants reserve the right to contest Plaintiff's allegation that V-Search meets one or more limitations of the asserted claims of the '494 Patent. Plaintiff has refused to identify how V-Search meets the specific limitations of the claims of the '494 Patent. *See* Software Rights Archive, LLC's Objections and Responses to Defendants' First Set of Common Interrogatories (Nos. 1-9) at 5.

Defendants' discovery into V-Search is only just beginning, and Defendants thus reserve the right to supplement the attached charts identifying how V-Search meets limitations of the claims of the '494 Patent after discovery is complete. To the extent that V-Search embodies one or more elements of any of the claims of the '494 Patent, the disclosure and public use of V-Search more than one year prior to the '494 Patent's filing renders each such claim of the '494 Patent anticipated and/or obvious or otherwise invalid, either alone or in combination with the other prior art disclosed herein.

C.      **Disclosure of Invalidity Due to Obviousness Pursuant to P. R. 3-3(b) and (c)**

The asserted claims of the '494 Patent are invalid as obvious under 35 U.S.C. § 103.

1.      **Obviousness Combinations**

Each prior art reference disclosed in the preceding sections (*see* § IV.B), either alone or in combination with other prior art, also renders the asserted claims invalid as obvious. Furthermore, Defendants identify the following additional prior art references that either alone or in combination with other prior art (including any of the above anticipatory prior art) renders the asserted claims invalid as obvious under 35 U.S.C. § 103:

- Conklin, 1987 (*see e.g.*, Ex D-23).

- Conklin, 1988 (*see e.g.*, Ex D-24).

- Pitkow, 1994 (*see, e.g.*, Ex D-80).

- Seeley, J., "*The New of Reciprocal Influence,*" Can. Jour. Psych. 234-241 (1949).

- Katz, L., "*A New Status Index Derived From Sociometric Analysis,*" Psychometrika, Vol. 18, No. 1 pp. 39-43 (1953).

- Bar-Hillel, Y., "*A Logician's Reaction to Recent Theorizing on Information Search Systems,*" American Documentation 8(2): 103-113 (1957).

- Harary, F., Norman, R.Z., Cartwright, D, "*Structural Models: An Introduction to the Theory of Directed Graph,*" John Wiley & Sons, Inc., (1965), (*see, e.g.*, Preface, Ch. 1 (Digraphs and Structures), Ch. 5 (Digraphs and Matrices), and Ch. 14 (Networks)).

- Bell Laboratories, "S - A Language for Data Analysis" (1981).

- Hubbell, C., "*An Input-Output Approach to Clique Identification,*" (1965).

- Jardine, N., van Rijsbergen, C.J., "*The Use of Hierarchical Clustering in Information Retrieval,*" (1971).

- Salton, G., Bergmark, D., "*A Citation Study of the Computer Science Literature,*" IEEE Trans on Professional Communication 22(3):146-158 (also published as TR 79-364) (1979).

- van Rijsbergen, C.J., "*Information Retrieval,*" (1979).

- Jain, A., Dubes, R., "*Algorithms for Clustering Data,*" (1988).

- Salton, G., Buckley, C., "*On the Use of Spreading Activation Methods in Automatic Information Retrieval,*" (Proc. 11th SIGIR, pp. 147-160, also published as TR 88-907) (April 1988).

- Pao, M., Worthen, D., "*Retrieval Effectiveness by Semantic and Citation Searching*," J. Am. Society Info. Sci. 40(4):226-235 (1989).

- Golub, G., Van Loan, C.F., "*Matrix Computation*," (Johns Hopkins University Press) (1989).

- Consens, M.P. and Mendelzon, A.O., "*Expressing Structural Hypertext Queries in GraphLog*," Hypertext '89 Proceedings, pp. 269-292 (1989).

- Kaufman, L., Rousseeuw, P. "*Finding Groups in Data - An Introduction to Cluster Analysis*," (1990).

- Korfhage, "*To See, or Not to See – is That the Query*," Proceedings of the 14th Annual International ACM SIGIR Conference on Research and Development in Information Retrieval, pp. 134 – 141, (1991).

- Agosti, M., Gradenigo, G., Marchetti, P., "*A Hypertext Environment for Interacting With Large Databases*," (IP&M 28:371-387) (1992).

- Agosti, M., Marchetti, P., "*User Navigation in the IRS Conceptual Structure Through a Semantic Association Function*," (The Computer Journal 35:194-199) (1992).

- Li, T., Chiu, V., Gey, F. "*X-Window Interface to SMART, an Advanced Text Retrieval System*," SIGIR Forum, pp. 5-16 (1992).

- Salton, G., Allan, J., Buckley, C., "*Approaches to Passage Retrieval in Full Text Information Systems*," (Proc. 16th SIGIR Conf.) (1993).

- Hearst, M., Plaunt, C., "*Subtopic Structuring for Full-Length Document Access*," (Proc. 16th SIGIR) (1993).

- Salton, G., Allan, J., Buckley, C., Singhal, A., "*Automatic, Theme Generation, and Summarization of Machine-Readable Texts*," (Science, 264:1421-1426) (1994).

- Wood, A., Drew, N., Beale, R., Hendley, B., "*HyperSpace: Web Browsing with Visualisation*," (Proceedings from The Third International World-Wide Web Conference) (April 10-14, 1995).

- Harary, F., Norman, R.Z., Cartwright, D, "*Structural Models: An Introduction to the Theory of Directed Graph*," John Wiley & Sons, Inc., (1965) (*see, e.g.*, Preface, Ch. 1 (Digraphs and Structures), Ch. 5 (Digraphs and Matrices), and Ch. 14 (Networks)).

- Korfhage, "*To See, or Not to See – is That the Query*," Proceedings of the 14th Annual International ACM SIGIR Conference on Research and Development in Information Retrieval, pp. 134 – 141, (1991).

- Consens, M.P. and Mendelzon, A.O., "*Expressing Structural Hypertext Queries in GraphLog*," Hypertext '89 Proceedings, pp. 269-292 (1989).

- "*Documents relationships at a Glance," Electronic Documents*," Vol. 3, p. 3 (1994)

- PCT WO 95/00896 (published January 5, 1995).

- References and prior art cited above as anticipating and/or rendering obvious the '352 Patent.

In addition, Defendants incorporate by reference each and every prior art reference of record in the prosecution of the patents-in-suit and related applications, including the statements

made therein by the applicant and the examiner, the prior art discussed in the specification, and any other statements found in the intrinsic record.

In particular, each prior art reference may be combined with (1) information known to persons skilled in the art at the time of the alleged invention, (2) any of the other anticipatory prior art references, (3) any statements in the intrinsic record of patents-in-suit and related applications, and/or (4) any of the additional prior art identified above. To the extent that SRA contends that any of the anticipatory prior art fails to disclose one or more limitations of the asserted claims, Defendants reserve the right to identify other prior art references that, when combined with the anticipatory prior art, would render the claims obvious despite the allegedly missing limitation. Defendants contentions are made subject to its reservations above and based on Defendants' present understanding of the asserted claims of the '494 Patent and the apparent constructions in SRA's Infringement Contentions.

Exhibit F includes claim charts for the asserted claims of the '494 Patent using specific and exemplary combinations of references:

**Table 8: References Rendering Obvious Asserted Claims of the '494 Patent**

| Exhibit F Chart | Prior Art |
|---|---|
| Chart F-1 | 103 Chart |
| Chart F-2 | Nielsen, 1990b, Frisse, 1988 and prior public use of the Internet and references regarding same |
| Chart F-3 | Salton, 1963, Pinski, 1976 and prior public use of the Internet and references regarding same |
| Chart F-4 | Salton & McGill, 1983, Tapper, 1982 and prior public use of the Internet and references regarding same |
| Chart F-5 | Fox Thesis, 1983, Berk, 1991 and prior public use of the Internet and references regarding same |

**B.    Disclosure of Invalidity Due to Anticipation Pursuant to P. R. 3-3(b) and (c)**

In accordance with P. R. 3-3(b) and (c), prior art references anticipating some or all of the asserted claims are listed in the tables below.  The charts in Exhibits G-H identify specific examples of where each limitation of the anticipated claims is found in that reference, either expressly, implicitly in the larger context of the passage, or inherently as understood by a person having ordinary skill in the art.

The following patents and publications are prior art under at least 35 U.S.C. §§ 102(a), (b), (e), and/or (g).

**Table 9:  Patents and Printed Publications Anticipating
the Asserted Claims of the '571 Patent**

| Ex G-1 | Garner, 1967 |
|---|---|
| Ex G-2 | Salton, 1968 |
| Ex G-3 | Goffman, 1969 |
| Ex G-4 | Salton, 1970 |
| Ex G-5 | Salton, 1971 |
| Ex G-6 | Schiminovich, 1971 |
| Ex G-7 | Shimko, 1974 |
| Ex G-8 | Bichteler, 1974 |
| Ex G-9 | Pinski, 1976 |
| Ex G-10 | Tapper, 1982 |
| Ex G-11 | Kochtanek, 1982 |
| Ex G-12 | Fox/Smart, 1983 |
| Ex G-13 | Fox Thesis, 1983 |
| Ex G-14 | Fox Collections, 1983 |
| Ex G-15 | Salton and McGill, 1983 |
| Ex G-16 | Fox Agriculture, 1984 |
| Ex G-17 | Fox, 1985 |
| Ex G-18 | Belew, 1986 |
| Ex G-19 | Conklin, 1987 |
| Ex G-20 | Conklin, 1988 |
| Ex G-21 | Croft, Lucia & Cohen, 1988 |
| Ex G-22 | Frisse, 1988 |
| Ex G-23 | Salton, 1988 |

| | |
|---|---|
| Ex G-24 | Fox, 1988 |
| Ex G-25 | Berners-Lee, 1989 |
| Ex G-26 | Croft & Turtle, 1989 |
| Ex G-27 | Frisse/Cousins, 1989 |
| Ex G-28 | Thompson, 1989 |
| Ex G-29 | Rose, 1989 |
| Ex G-30 | Kommers, 1990 |
| Ex G-31 | Lucarella, 1990 |
| Ex G-32 | Nielsen, 1990 |
| Ex G-33 | Nielsen, 1990b |
| Ex G-34 | Shepherd, 1990 |
| Ex G-35 | Turtle, 1991 |
| Ex G-36 | Turtle & Croft, 1991 |
| Ex G-37 | Brunei, 1993 |
| Ex G-38 | Gelbart, 1991 |
| Ex G-39 | Berk, 1991 |
| Ex G-40 | Dunlop, 1991 |
| Ex G-41 | Rada, 1991 |
| Ex G-42 | Rose, 1991 |
| Ex G-43 | Frei & Stieger, 1992 |
| Ex G-44 | Botafogo, 1992 |
| Ex G-45 | Alain, 1992 |
| Ex G-46 | Guinan, 1992 |
| Ex G-47 | Chen/Thesis, 1992 |
| Ex G-48 | Chen, 1992 |
| Ex G-49 | UCINET, 1992 |
| Ex G-50 | Fox Envision, 1993 |
| Ex G-51 | Croft, 1993 |
| Ex G-52 | Betrabet, 1993 |
| Ex G-53 | Pinkerton, 1994 |
| Ex G-54 | Betrabet Thesis, 1993 |
| Ex G-55 | Herzner, 1994 |
| Ex G-56 | McKee, 1994 |
| Ex G-57 | Krol, 1994 |
| Ex G-58 | Frei & Stieger, 1995 |
| Ex G-59 | NetCarta, 1996 |
| Ex G-60 | LA Times |
| Ex G-61 | March 21 Press Release |
| Ex I-7 | April 24 Press Release |

| | |
|---|---|
| Ex G-62 | Pirolli, 1996 |
| Ex G-63 | Shoham US 5855015 |
| Ex G-64 | Kaplan US 5446891 |
| Ex G-65 | Bichteler & Eaton, 1977 |
| Ex G-66 | Conrad & Utt, 1994 |
| Ex G-67 | Mauldin US 5748954 |
| Ex G-68 | Chen Thesis, 1992 |
| Ex G-76 | Weiss, 1996 |
| N/A | Lin, 1991 |

The following systems are prior art under at least 35 U.S.C. §§ 102(a), (b) and/or (g). Although Defendants' investigation continues, information available to date indicates that each system was (1) known or used in this country before the alleged invention of the claimed subject matter of the asserted claims, (2) was in public use and/or on sale in this country more than one year before the filing date of the patent, and/or (3) was invented by another who did not abandon, suppress, or conceal, before the alleged invention of the claimed subject matter of the asserted claims. The following description and events are provided on information and belief, and are supported by the information and documents that will be produced by February 13, 2009.

**Table 10: Public Use/Prior Sale References Anticipating
the Asserted Claims of the '571 Patent**

| Exhibit H Chart | Prior Art |
|---|---|
| (*see* Ex G-59) | Cyberpilot |
| Ex H-1 | V-Search |
| Ex H-2 | ENVISION |
| Ex H-3 | Intermedia |

**V-Search**. "V-Search" was disclosed to the public on or about March 29, 1995 and was in public use for more than one year prior to May 17, 1996, the priority date for the '571 Patent. *See, e.g.*, Kaplan, LA Times, 1995; Libertech March 21, 1995 Press Release; Libertech April 24, 1995 Press Release; EGG_0009554-93; EGG_0004956-99 at EGG_ 0004960; STI_0011254-56. Plaintiff alleges that V-Search meets one or more limitations of claims 5-7, 9-11 and 21-22 of the

'571 Patent. *See* Plaintiff's Disclosure of Asserted Claims and Infringement Contentions at 12. Defendants reserve the right to contest Plaintiff's allegation that V-Search meets one or more limitations of the asserted claims of the '571 Patent. Plaintiff has refused to identify how V-Search meets the specific limitations of the claims of the '571 Patent. *See* Software Rights Archive, LLC's Objections and Responses to Defendants' First Set of Common Interrogatories (Nos. 1-9) at 5.

Defendants' discovery into V-Search is only just beginning, and Defendants thus reserve the right to supplement the attached charts identifying how V-Search meets limitations of the claims of the '571 Patent after discovery is complete. To the extent that V-Search embodies one or more elements of any of the claims of the '571 Patent, the disclosure, public use, and possible offer for sale of V-Search more than one year prior to the '571 Patent's filing renders each such claims of the '571 Patent anticipated and/or obvious or otherwise invalid, alone or in combination with the other prior art disclosed herein.

### C. Disclosure of Invalidity Due to Obviousness Pursuant to P. R. 3-3(b) and (c)

The asserted claims of the '571 Patent are invalid as obvious under 35 U.S.C. § 103.

### 1. Obviousness Combinations

Each prior art reference disclosed in the preceding sections (*see* § V.B), either alone or in combination with other prior art, also renders the asserted claims invalid as obvious. Furthermore, Defendants identify the following additional prior art references that either alone or in combination with other prior art (including any of the above anticipatory prior art) renders the asserted claims invalid as obvious under 35 U.S.C. § 103:

- TIP (*see, e.g.*, Ex G-69).

- SMART (*see, e.g.*, Ex G-70).

- Garfield, 1979 (*see, e.g.*, Ex G-71).

- Armstrong, 1988 (*see, e.g.*, Ex G-72).

- Shaw Part I, 1991 (*see, e.g.*, Ex G-73).

- Shaw Part II, 1991 (*see, e.g.*, Ex G-74).

- France, 1995 (*see, e.g.*, Ex G-75).

- DeBra, 1994 (*see, e.g.*, Ex. G-81).

- Burt, 1991 (*see, e.g.*, Ex. G-77).

- Salton, 1975 (*see, e.g.*, Ex. G-78).

- Pitkow, 1994 (*see, e.g.*, Ex. G-79).

- U.S. Patent No. 5,838,906 (see e.g., Ex G-80).

- Seeley, J., "*The New of Reciprocal Influence*," Can. Jour. Psych. 234-241 (1949).

- Katz, L., "*A New Status Index Derived From Sociometric Analysis*," Psychometrika, Vol. 18, No. 1 pp. 39-43 (1953).

- Bar-Hillel, Y., "*A Logician's Reaction to Recent Theorizing on Information Search Systems*," American Documentation 8(2): 103-113 (1957).

- Harary, F., Norman, R.Z., Cartwright, D, "*Structural Models: An Introduction to the Theory of Directed Graph*," John Wiley & Sons, Inc., (1965), (*see, e.g.*, Preface, Ch. 1 (Digraphs and Structures), Ch. 5 (Digraphs and Matrices), and Ch. 14 (Networks)).

- Bell Laboratories, "S - A Language for Data Analysis" (1981).

- Hubbell, C., "*An Input-Output Approach to Clique Identification*," (1965).

- Jardine, N., van Rijsbergen, C.J., "*The Use of Hierarchical Clustering in Information Retrieval*," (1971).

- Salton, G., Bergmark, D., "*A Citation Study of the Computer Science Literature,*" IEEE Trans on Professional Communication 22(3):146-158 (also published as TR 79-364) (1979).

- van Rijsbergen, C.J., "*Information Retrieval,*" (1979).

- Jain, A., Dubes, R., "*Algorithms for Clustering Data,*" (1988).

- Salton, G., Buckley, C., "*On the Use of Spreading Activation Methods in Automatic Information Retrieval,*" (Proc. 11th SIGIR, pp. 147-160, also published as TR 88-907) (April 1988).

- Pao, M., Worthen, D., "*Retrieval Effectiveness by Semantic and Citation Searching,*" J. Am. Society Info. Sci. 40(4):226-235 (1989).

- Golub, G., Van Loan, C.F., "*Matrix Computation,*" (Johns Hopkins University Press) (1989).

- Consens, M.P. and Mendelzon, A.O., "*Expressing Structural Hypertext Queries in GraphLog,*" Hypertext '89 Proceedings, pp. 269-292 (1989).

- Kaufman, L., Rousseeuw, P. "*Finding Groups in Data - An Introduction to Cluster Analysis,*" (1990).

- Korfhage, "*To See, or Not to See – is That the Query,*" Proceedings of the 14th Annual International ACM SIGIR Conference on Research and Development in Information Retrieval, pp. 134 – 141, (1991).

- Agosti, M., Gradenigo, G., Marchetti, P., "*A Hypertext Environment for Interacting With Large Databases,*" (IP&M 28:371-387) (1992).

- Agosti, M., Marchetti, P., "*User Navigation in the IRS Conceptual Structure Through a Semantic Association Function,*" (The Computer Journal 35:194-199) (1992).

- Li, T., Chiu, V., Gey, F. "*X-Window Interface to SMART, an Advanced Text Retrieval System,* " SIGIR Forum, pp. 5-16 (1992).

- Salton, G., Allan, J., Buckley, C., "*Approaches to Passage Retrieval in Full Text Information Systems,*" (Proc. 16th SIGIR Conf.) (1993).

- Hearst, M., Plaunt, C., "*Subtopic Structuring for Full-Length Document Access,*" (Proc. 16th SIGIR) (1993).

- Salton, G., Allan, J., Buckley, C., Singhal, A., "*Automatic, Theme Generation, and Summarization of Machine-Readable Texts,*" (Science, 264:1421-1426) (1994).

- Wood, A., Drew, N., Beale, R., Hendley, B., "*HyperSpace: Web Browsing with Visualisation,*" (Proceedings from The Third International World-Wide Web Conference) (April 10-14, 1995).

- Harary, F., Norman, R.Z., Cartwright, D, "*Structural Models: An Introduction to the Theory of Directed Graph,*" John Wiley & Sons, Inc., (1965), (see, e.g., Preface, Ch. 1 (Digraphs and Structures), Ch. 5 (Digraphs and Matrices), and Ch. 14 (Networks)).

- Korfhage, "To *See, or Not to See – is That the Query,*" Proceedings of the 14th Annual International ACM SIGIR Conference on Research and Development in Information Retrieval, pp. 134 – 141, (1991).

- Consens, M.P. and Mendelzon, A.O., "*Expressing Structural Hypertext Queries in GraphLog,*" Hypertext '89 Proceedings, pp. 269-292 (1989).

- "*Documents relationships at a Glance,*" Electronic Documents, Vol. 3, p. 3 (1994).

- PCT WO 95/00896 (published January 5, 1995).

- References and prior art cited above as anticipating and/or rendering obvious the '352 and '494 Patents and references cited on the face of the patents-in-suit.

In addition, Defendants incorporate by reference each and every prior art reference of record in the prosecution of the patents-in-suit and related applications, including the statements made therein by the applicant and the examiner, the prior art discussed in the specification, and any other statements found in the intrinsic record.

For example, during prosecution of the '571 Patent, the applicants contested that "it would have been obvious to one of ordinary skill in the art at the time of the invention to extend the hyperjump links of Vertelney to Internet connections because this would greatly enhance the utility of the system." *See* Amendment and Response at 10, Paper No. 12, June 6, 2000. However, the Examiner maintained the rejection, (*see* Office Action at 2-3, Paper No. 14, July 19, 2000), and the applicants failed to refute the Examiner's finding. *See* Amendment after Final Rejection, Paper No. 17 (amending claims to secure allowance). Accordingly, it was conceded that it would have been obvious at least to extend hyperjump links to Internet connections.

In particular, each prior art reference may be combined with (1) information known to persons skilled in the art at the time of the alleged invention, (2) any of the other anticipatory prior art references, (3) any statements in the intrinsic record of patents-in-suit and related applications, and/or (4) any of the additional prior art identified above. To the extent that SRA