Software Rights Archive, LLC v. Google Inc. et al — Doc. 213 Att. 5

# Exhibit 5

Dockets.Justia.com



**DiNovo Price
Ellwanger & Hardy LLP**

7000 N. MoPac Expressway, Suite 350
Austin, TX 78731
512.539.2626 (o)
512.539.2627 (f)
www.dpehlaw.com

March 11, 2009

*Via Email*

Thomas Bernard Walsh, IV
Fish & Richardson PC
5000 Bank One Center
1717 Main Street
Dallas, TX 75201

Jason W. Wolff
Fish & Richardson PC
12390 El Camino Real
San Diego, CA 92130

Ramon K. Tabtiang
Fish & Richardson PC
225 Franklin St
Boston, MA 02110

Richard S J Hung
Francis C. Ho
Morrison & Foerster LLP
425 Market St., 34th Floor
San Francisco, CA 94105-2482

Jennifer A. Kash
Quinn Emanuel Urquhart Oliver & Hedges LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Mark D. Baker
Quinn Emanuel Urquhart Oliver & Hedges, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010

Re: *Software Rights Archive, LLC v. Google Inc. et al.,* Case No. 2:07-CV-511 (TJW); In the United States District Court for the Eastern District of Texas, Marshall Division

Dear Counsel:

We are writing you because your invalidity contentions do not comply with P.R. 3-3 as interpreted by Judge Ward's February 24, 2009 Order in *Saffran v. Johnson & Johnson et al.* Copies of the Plaintiff's Brief and Order in the *Saffran* case are attached.

As in *Saffran*, Defendants' invalidity contentions fail to give any meaningful notice of Defendants' actual positions with respect to the invalidity of the asserted patents. Defendants have apparently buried their invalidity positions somewhere within 13,000-plus pages of claim charts. It should be noted that Judge Ward found that 800 pages of claim charts excessive in *Saffran*. Defendants have asserted that 80 plus references are anticipatory of the Egger patents. A cursory inspection of Defendants' claim charts reveals that the vast majority of these references could not be anticipatory under any view of the evidence, as many claim elements are completely missing on the face of the references. Nevertheless, Defendants assert that all of the references are anticipatory without regard to what is actually disclosed in the references. The large volume of references in combination with specious interpretations of the references show that Defendants have hidden their true positions for trial.

Defendants § 103 combinations also fail to comply with P.R. 3-3. The claim charts fail to identify specific portions of the references upon which Defendants rely for each claim element, leaving Plaintiff to guess as to what Defendants believe is disclosed in each reference and what Defendants assert is a motivation to combine the references. These claim charts are merely long lists of a multitude of combinations of references that give no real guidance as to the actual combinations the Defendants are pursuing. Taken at face value, these charts disclose millions, if not billions, of combinations of references. This is precisely the type of limitless combinations that led Judge Ward to strike the *Saffran* defendants' claim charts. *See* Plaintiff's Brief at 3 ("The sum of these almost limitless combinations has the intended result of making it literally impossible for Saffran to identify and study the references or combinations of references that defendants rely upon as prior art for obviousness").

Since the prior art is a matter of public record, we see no reason why your disclosures cannot be immediately amended. Accordingly, we request that you seek permission from the Court to amend your disclosures in accordance with the *Saffran* decision. We will not oppose the amendment provide that you: (1) immediately seek leave to amend, and (2) do not add additional references to the asserted prior art or otherwise expand the scope of your invalidity defenses. We are open to discussing these issues with you to find a workable solution. If action is not taken promptly, however, we will seek to preclude Defendants from asserting some or possibly all of their invalidity defenses.

Yours very truly,

**DINOVO PRICE ELLWANGER & HARDY LLP**

By: _____
      Victor G. Hardy

Enclosures

cc: Andrew DiNovo
    Lee Kaplan