Software Rights Archive, LLC v. Google Inc. et al

Doc. 213 Att. 7

# Exhibit 7

Dockets.Justia.com

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO, LOS ANGELES, PALO ALTO, SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER, SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING, SHANGHAI, HONG KONG, SINGAPORE, BRUSSELS

March 27, 2009

Writer's Direct Contact
(415) 268-7602
rhung@mofo.com

Via Electronic Mail

Victor G. Hardy
DiNovo Price Ellwanger & Hardy LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731

Re: *Software Rights Archive, LLC v. Google Inc., et al.*, No. 07-CV-511 (E.D. Tex.)

Dear Victor:

I write on behalf of Defendants in response to your letter of March 11, 2009, concerning Defendants' Invalidity Contentions.

At the outset, we disagree that *Saffran* holds that Defendants' Invalidity Contentions are somehow deficient because of their length or because of the number of attached claim charts. *Saffran* involved invalidity contentions that did not "specifically identify combinations of references that the defendants anticipate[d] using at trial [and] include[d] language purporting to make the contentions merely illustrative." On those bases alone, the court struck the defendants' invalidity contentions. Here, by contrast, Defendants have provided more than a dozen claim charts specifically describing combinations that render obvious one or more claims of the '352, '494, or '571 patents. As a result, *Saffran* is inapplicable.

While Defendants' claim charts admittedly are quite long, they are necessarily so. In this case, SRA has alleged that *five* different defendants infringe *64* claims of *three* different patents. Explaining how even a single anticipatory reference (or combination of references for obviousness) discloses all of the limitations of even a single claim of the asserted patents requires several pages. SRA's own Infringement Contentions confirm this. They span more than 660 pages (or almost 1,500 pages, accounting for the use of multi-column charts). The length of Defendants' Invalidity Contentions also resulted from Defendants' attempt to assist SRA by providing the actual text of the invalidity references, and not just citations to them. Removing this text now to shorten the Invalidity Contentions would not help (and could only hinder) SRA's understanding of Defendants' positions.

Although Defendants do not agree with SRA's concerns regarding Defendants' Invalidity Contentions, in the interests of cooperation, Defendants are willing to review them again and, if appropriate, amend them to provide greater specificity. If SRA believes that a particular claim chart or aspect of Defendants' Invalidity Contentions is deficient, we would appreciate your calling the specific chart or position to our attention.

While Defendants undertake this review, however, Defendants ask that SRA amend its own Infringement Contentions to specifically identify how each and every one of Defendants' accused products or services allegedly infringe immediately. Under the Patent Rules, SRA's Infringement Contentions are supposed to provide actual and adequate notice of the specific claims being asserted and how specifically the accused products or services allegedly infringe. *See Linex Techs. Inc. v. Belkin Int'l, Inc.,* No. 07-222, 2008 U.S. Dist. LEXIS 70885, at *25 (E.D. Tex. Sept. 19, 2008). SRA's Infringement Contentions fall far short of this requirement.

Looking only at SRA's Infringement Contentions with respect to Yahoo!, for example, SRA generally alleges that "Yahoo! Software" infringes 63 claims. SRA also provides, without further explanation, a list of <u>130</u> Yahoo!-related "products, services, software and features" that "perform or use an infringing link analysis," "upon information and belief." Many of the items in this list appear to have been included simply because they contain the word "Yahoo!" (e.g., Yahoo! Food, or Yahoo! Groups) or because they are Yahoo! companies (e.g., the photo-sharing site Flickr). SRA's Infringement Contentions for Yahoo! also attach another list of <u>231</u> websites. SRA's apparent view, again "based on information and belief," is that Yahoo! infringes merely because these websites are "Powered by Yahoo!"

SRA's allegations of infringement by Yahoo! apparently arise from nothing more than SRA's assumption that "Yahoo! and Google are *likely* using similar algorithms." (Infringement Contentions at 4.) SRA's claim charts confirm this. For literally dozens of claim limitations, the sum total of SRA's substantive analysis on infringement is:

> Yahoo's Software employs an infringing link popularity algorithm substantially identical to that of Google's Software and, accordingly, each and every contention asserted against Google's Software is incorporated herein and asserted against Yahoo's Software.

or

> The precise processes and algorithms used in Google's and Yahoo's Search Engines are held secret and are not made publicly available. Analysis of Google's and Yahoo's source

> code and other programming schematics are necessary to fully and accurately describe all infringing features and functionality of Google's and Yahoo's Software[.]

SRA's Infringement Contentions for the other defendants are deficient in similar ways. For example, for Google, SRA also generally alleges that "Google's Software" infringes 64 claims. SRA also accuses 124 Google features, products, and services, and 60 pages of "Powered by Google sites" of infringement -- without explaining how each of these accused instrumentalities specifically (and allegedly) infringes. Similarly, SRA accuses 53 of IAC's features, products, and services of infringement, without providing any specificity as to how each of these instrumentalities allegedly infringes. Some of the instrumentalities are not even *identified* adequately (for instance, SRA has accused such alleged IAC instrumentalities as "Blogs" and "City.")

In light of these deficiencies, in preparing their Invalidity Contentions, all of the Defendants struggled to understand the positions that SRA might be taking on infringement and how those positions might impact invalidity. As a result, if SRA believes that Defendants' Invalidity Contentions "fail to give any meaningful notice of Defendants' actual positions with respect to the invalidity of the asserted patents," SRA should seek leave to amend its own Infringement Contentions immediately. SRA's amendments to supply the requisite specificity in its Infringement Contentions would enable Defendants to provide additional clarity in their Invalidity Contentions. In particular, SRA should explain, for each of the 64 claims and approximately 2,000 allegedly implicated instrumentalities, exactly how Defendants allegedly infringe. As Defendants have provided SRA with more than 20,000 pages of production pursuant to Patent Rule 3-4 to explain their technologies, nothing prevents SRA from doing so immediately.

To further assist Defendants' potential reconsideration of their Invalidity Contentions, SRA also should respond to common Interrogatory No. 3 immediately. As you may recall, that interrogatory requested that SRA identify with specificity each passage in which each claim element for the patents-in-suit is described (i.e., to satisfy the written description requirement) and enabled in any earlier filed application. SRA's complete answer to this interrogatory may enable Defendants to revise their Invalidity Contentions, as SRA has contended that the '494 and '571 patents are entitled to a priority date earlier than May 17, 1996. Additionally, whether a particular reference qualifies as prior art (or not) for an asserted claim depends on Defendants' ability to completely understand SRA's contention. SRA, however, previously declined to answer this interrogatory.

Please let us know if SRA agrees to seek leave to amend its Infringement Contentions and to provide a full and complete response to Interrogatory No. 3. If it would be helpful to discuss these issues, please feel free to give me a call.

Sincerely,

*/s/ Richard S.J. Hung*

Richard S.J. Hung