Exhibit 6



**DiNovo Price**
**Ellwanger & Hardy LLP**

7000 N. MoPac Expressway, Suite 350
Austin, TX 78731
512.539.2626 (o)
512.539.2627 (f)
www.dpehlaw.com

July 8, 2009

*Via Email*

Thomas Bernard Walsh, IV
Fish & Richardson PC
5000 Bank One Center
1717 Main Street
Dallas, TX 75201

Richard S J Hung
Morrison & Foerster LLP San Francisco
425 Market St
34th Floor
San Francisco, CA 94105-2482

Mark D Baker
Quinn Emanuel Urquhart Oliver & Hedges, LLP NY
51 Madison Ave
22nd Floor
New York, NY 10010

    Re:    *Software Rights Archive, LLC v. Google Inc. et al.,* Case No. 2:07-CV-511 (TJW); In the United States District Court for the Eastern District of Texas, Marshall Division; Insufficient Disclosures of Prior Art in Defendants' Joint Invalidity Contentions

Dear Counsel:

    We write in reference to Defendants' joint Invalidity Contentions in this matter under P.R. 3-3, which were produced on January 23, 2009.[1]

    We are concerned because the Invalidity Contentions state on page 4 that your invalidity claim charts are merely illustrative or representative of Defendants' complete invalidity

---

[1] As you know, the 250 invalidity claim charts attached as exhibits (Exhibits A-01 to I-70) to the contentions amount to over 13,000 pages of material. Your Invalidity Contentions purport to incorporate these claim charts by reference on pages 2, 4, 14-16, 19-20, 34-37, 41-42, 59, 62, and 67.

contentions for trial.[2] This position is inconsistent with the disclosure requirements of P.R. 3-3(a). For example, prior art under 35 U.S.C. § 102(b) "shall be identified by <u>specifying the item</u> offered for sale or publicly used or known, the <u>date the offer or use took place</u> or the information became known, and the <u>identity of the person or entity which made the use</u> or which made and received the offer, or the person or entity which made the information known or to whom it was made known." (emphasis added). We note that although you have asserted prior art publications describing computer systems, you have not produced or designated the actual software or code of these systems as prior art as required by the rules of this court. Indeed, the only code we could locate was the "Lycus4" code in your production. Based on your failure to specify, produce, and make the required disclosures under P.R. 3-3(a) for devices, software source code, programs, and/or program suites, we presume that you are not asserting such code or programs as prior art, but rather are relying on the publications themselves as prior art.[3] Please confirm whether you intend to assert any computer code or software (rather than just a publication that describes the software) as prior art and whether such code or software was produced.

Our <u>second</u> area of concern is regarding your failure to identify where specifically in each alleged item of prior art each element of the asserted claims is found, including the structures and acts performing the claimed functions, and your failure to produce a copy of each item of prior art identified in your Invalidity Contentions which does not appear in the file history. P.R. 3-3(c) requires a "chart identifying where <u>specifically in each alleged item</u> of prior art each element of each asserted claim is found, including ... the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function," and P.R. 3.4 requires the production of a "copy of <u>each item</u> of prior art identified pursuant to P. R. 3-3(a) which does not appear in the file history...." (emphasis added). Your Invalidity Contentions state on page 4 that "Defendants may also rely on other documents and information, including cited references and prosecution histories for the patents-in-suit, and expert testimony to provide context or to aid in understanding the cited portions of the references." They add on page 42 that "it was well-known to use information about the direct and indirect links between documents and data for information retrieval. The '494 Patent simply combines these and other known methods." Based on your failure to specify where in each alleged item of software source code, programs, and/or program suites each element of the asserted claims is found, including where in each such item the claimed functions are performed, we presume that you are not asserting that documents or information not listed in your claim charts, including software source code or programs, constitute prior art or § 103 material.

---

[2] The Invalidity Contentions state, on pages 4 and 14, that the "invalidity claim charts list specific examples of where prior art references disclose, either expressly or inherently, each limitation of the asserted claims and/or examples of disclosures in view of which a person of ordinary skill in the art would have considered each limitation, and therefore the claim as a whole, obvious. The references, however, <u>may contain additional support upon which Defendants may rely</u>." (emphasis added).

[3] As you are aware, the same name may be associated with several different versions of a software program or system, including versions that contain little or no code in common. Multiple versions of a software program or system may have very different capabilities, and these capabilities do not always increase monotonically from earlier to later versions. As the Court's discovery order clearly states, Defendants are not excused from the requirements of the Patent Rules because they have not completed their investigation of the case, or because another party has not made its disclosures.

Our third area of concern deals with combinations of prior art alleged in your Invalidity Contentions to render the asserted claims obvious. Your Invalidity Contentions state, on page 17, that "Defendants identify the following additional exemplary prior art references that either alone or in combination with other prior art (including any of the above anticipatory prior art) renders the asserted claims invalid as obvious under 35 U.S.C. § 103." (emphasis added). On page 22, the Invalidity Contentions also declare that the combinations provided are merely illustrative.[4] Identifying exemplary or representative prior art references is not consistent with P.R. 3-3(b), which states that invalidity contentions must describe: "Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." (emphasis added). As stated in *Saffran v. Johnson & Johnson*, Civil Action No. 2:07-cv-00451 (TJW) (E.D. Tex. order compelling compliance with P.R. 3.3, Feb. 24, 2009), invalidity contentions that "include language purporting to make the contentions merely illustrative" are in violation of the letter of P.R. 3-3(b) and are subject to being stricken.

Our fourth area of concern was previously identified in our March 11, 2009 letter to defense counsel, and related to the number of references and combinations specified in your Invalidity Contentions. Your Invalidity Contentions regarding the '352 Patent, as set forth on page 17, state that: "Each prior art reference disclosed in the preceding sections (see § III.A), either alone or in combination with other prior art, also renders the asserted claims invalid as obvious." Given that the prior art references disclosed in section III.A amount to 63 references, the combinations of these 63 references could exceed hundreds of thousands, if not millions, in number, not including the "combination[s] with other prior art" suggested in your Invalidity Contentions. As noted above, P.R. 3-3(b) requires that when a "combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."[5] (emphasis added). Given your failure to identify each such combination, we presume that you will not rely on such combinations at trial. In the *Saffran* case cited above, the court held that because P.R. 3.3 requires parties to "crystallize their theories of the case early in the litigation" and provide notice of all information intended to be used at trial, hundreds of pages of references that do not specifically identify all combinations of prior art to be used at trial are in violation of P.R. 3-3(b).

---

[4] Defendants state on page 22: "Examples of combinations of prior art references relating to information retrieval include...." (emphasis added)

[5] Furthermore, P.R. 3-4(a) requires the production of a "copy of each item of prior art identified pursuant to P.R. 3-3(a) which does not appear in the file history...." Defendants' Invalidity Contentions refer to several software programs by name, including Bell Laboratories' S Language, TIP, ENVISION, SMART, Intermedia, Cyberpilot, "Lycos", all versions of Structure through Structure Version 4.2, all versions of UCINET through UCINET IV, GENVL, WWWW, gIBIS, and LEND Pattern Language Syntax Specification v. 1.3, but Defendants have failed to specifically assert such programs as prior art or produce a copy of the source code, executable code, or operational software systems for these programs, including the files, databases, commands, scripts, etc. that you intend to cite in this case or refer to at trial, or any documents, published or unpublished, that you intend to refer to at trial as being descriptive of each version of the these programs.

Finally, our <u>fifth</u> area of concern deals with prior art cited in your claim charts, but not provided to us under P.R. 3-4(a). For example, EX A-40 Chart cites Gelbart, D., Smith, J.C., "Beyond Boolean Search: Flexicon, A Legal Text-Based Intelligent System." ACM, pp. 225-234 (1991) ("Gelbart, 1991"). We have not been provided with a copy of this document. Given your failure to produce this document, we presume that you will not rely on it. Similarly, EX A-40 Chart cites Turtle, "Inference Networks for Document Retrieval", SIGIR '90 (1990). Given your failure to produce this document, we presume that you will not rely on it. If you have a different understanding of the things I have stated in this letter, please let me know.

Yours very truly,

DINOVO PRICE ELLWANGER & HARDY LLP

*Victor Hardy* (WP)

Victor Hardy

cc: Counsel for Plaintiff
Counsel for Defendants