# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC, <br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC.; YAHOO! INC.; IAC SEARCH & MEDIA, INC.; AOL, LLC; and LYCOS, INC., <br> Defendants. | Civil Action No. 2:07-cv-511-TJW <br><br> JURY TRIAL DEMANDED |

## AGREED SUPPLEMENTAL PROTECTIVE ORDER TO GOVERN THE PRODUCTION/INSPECTION OF GOOGLE SOURCE CODE

This Court previously entered an Agreed Protective Order on August 5, 2009 (Dkt. No. 161) in this matter. Paragraph 9 of Dkt. No. 161 contemplated that the parties would jointly submit (if agreement could be reached) a supplemental protective order to govern the production of any source code in this matter. Plaintiff Software Rights Archive, LLC ("SRA") and Defendant Google Inc. ("Google") have reached agreement as a temporary measure on this Agreed Supplemental Protective Order to Govern the Production/Inspection of Google Source Code. This Agreed Supplemental Protective Order shall govern the production/inspection of any Google source code in this matter until and unless further order of this Court. This Agreed Supplemental Protective Order supplements but does not replace Dkt. No. 161. Accordingly, to the extent any term, word, or phrase which was defined in Dkt. No. 161 is also used in this Agreed Supplemental Protective Order, the same definition for such term, word, or phrase from

1

Dkt. No. 161 will also apply herein.  For purposes of this Agreed Supplemental Order, "producing party" refers to Google and  "receiving party" refers to SRA.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

**A.     Information Designated Restricted Confidential — Source Code**

Documents or other things that contain Google's source code may be designated "RESTRICTED CONFIDENTIAL — SOURCE CODE", if they constitute confidential, proprietary and/or trade secret source code or object code.  Other documents or things that include confidential, proprietary and/or trade secret source code or object code may be designated RESTRICTED CONFIDENTIAL — SOURCE CODE only if confidential, proprietary and/or trade secret source code or object code cannot reasonably be segregated from the document or thing.

Google source code shall be made available on three separate laptops at any of the ten (10) U.S. offices of its outside counsel (Fish & Richardson P.C.).

The following conditions shall govern the production, review and use of Google's source code information.

1.     All Google source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE."  Nothing in this Protective Order shall obligate Google to produce any source code or act as an admission that any particular source code is discoverable.  However, if material designated as RESTRICTED CONFIDENTIAL — SOURCE CODE is produced, it shall be subject to the following provisions.  Moreover, all such source code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE," shall be subject to the following provisions:

a. All source code will be made available by the producing party to the receiving party's outside counsel and/or technical advisors in a secured private room on three separate laptops (with the same source code loaded on each) that are locked down (i.e., so that additional peripheral devices cannot be connected to the computer by a receiving party), without Internet access, and without network access to other computers in order to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the three separate laptops on which the source code is provided for inspection ("Source Code Laptops"). There shall be three Source Code Laptops made available so that up to three people can work on the source code at the same time.

b. No more than five (5) individuals who qualify under 8(a)-(f) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161) for the receiving party, may have access to the Source Code Laptops. In addition, no more than ten (10) additional attorneys and/or experts who qualify under 8(a)-(f) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161) for the receiving party, may have access to printed copies of any portion of the producing party's source code, excluding legal translators. Source code may not be disclosed to in-house counsel. For each day that counsel for the receiving party requests a review of the Source Code Laptops, it must give at least three business days (and at least 72 hours) written (including e-mail) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the Source Code Laptops. The receiving party shall identify all individuals who will be given access to the source code at least ten (10) days prior to any inspection, after which time the producing party may object to providing source code access to any persons so identified. If an objection to an individual is made by the producing party, it will be the burden of the

requesting party to prove that individual should be authorized to inspect the producing party's source code.

  c. The producing party need not produce executable or native code absent agreement by the Parties or by further court order.

  d. The producing party shall install the following search tools on the three Source Code Laptops that such producing party makes available to the receiving party as follows:   Each Source Code Laptop will contain the same exact source code held in one or more TrueCrypt files.  Each laptop will have loaded on it a Linux Ubuntu 9.10 virtual machine running on VMWare Workstation 7.0 (including the grep and vi editor tools standard in linux) mounted with the TrueCrypt files.

  e. The receiving party can not attempt to modify the actual code that is produced by the producing party on the Source Code Laptops.  In order to verify that its source code has not later been altered, the producing party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Laptop.

  f. The receiving party may use appropriate tool software on the Source Code Laptop, which shall be installed by the producing party, provided (a) the receiving party possesses an appropriate license to such tool(s); (b) the producing party approves such tool(s); and (c) the receiving party does not attempt to modify the actual code that is produced by the producing party on the Source Code Laptops.  In no event shall the receiving party use any compilers, interpreters or simulators in connection with the producing party's source code.

4

sf- 2780097

g. Where they exist, programmers' notes or comments embedded within the code will be made available on the Source Code Laptops.

h. The producing party shall provide a reasonably comfortable work environment within the secured site, including maintaining a proper room temperature and providing power, lighting, a table or desk, a phone, and chairs. The Source Code Laptops shall be made available from 9:00 am to 5:30 pm local time, Monday through Friday (excluding holidays), upon reasonable request and with proper notice as required under sub-section b until the close of discovery in this action. Access on weekends, holidays, or hours outside of 9:00 am to 5:30 pm local time shall be permitted only when (a) the receiving party provides three (3) day advanced written notice and (b) there are exceptional circumstances requiring such access.

i. A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the secured room to view the source code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the log.

j. No cameras (including but not limited to cellular phones with camera functionalities), computers, laptops, or storage devices (including but not limited to floppy drives, portable hard drives, and zip drives) shall be permitted in the secured room where the Source Code Laptops are made available.

k. The receiving party's outside counsel and/or technical advisors shall be entitled to take notes in paper relating to the source code but may not copy verbatim lines

of the source code into the notes   Such notes shall be subject to the provisions of sub-section o, below.  The receiving party shall not copy, remove, or otherwise transfer any source code from the Source Code Laptops including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party shall not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

     l. At the review, the receiving party may indicate to the producing party the lines of source code for which it seeks production.  The receiving party shall request the production of only such portions as are reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims in this case.  If the producing party objects that the portions of the code that the receiving party has requested for production are not reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims in this case, the producing party shall make such objection known to the receiving party within five (5) business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the source code in question is not reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims of invalidity in this case.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages on colored paper to the receiving party within five (5) business days and shall retain one copy set. The producing party shall Bates number and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any

6

and all pages provided to the receiving party. In no event may the receiving party request more than 25 consecutive pages or more than 500 total pages of source code in aggregate during the duration of the case without prior written approval by the producing party.

      m.      Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or technical advisors shall remove all notes, documents, and all other materials from the secured source code viewing room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

      n.      Counsel for the receiving party may not make any copies—printed, electronic, or otherwise—of the printed source code; but counsel for the receiving party may request that the producing party make up to 5 copies of printed source code for the receiving party's use where such use is limited by and subject to all applicable provisions of this protective order. For purposes of clarification, and without limiting the foregoing, the receiving party may not create, use, access, or receive electronic images, photographic images, or any other images, of the source code made from the paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned using optical character recognition technology. The receiving party shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person under 8(a)-(f) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161). The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel for the receiving

party, (ii) the offices of Technical Advisors who have been approved to access source code under paragraphs 12-17 of the August 5, 2009 Agreed Protective Order (Dkt. No. 161) in this matter; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location pursuant to sub-section o, below. The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order. The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

      o.      The receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in sub-section k) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use. Such locked cabinet or container shall be held or transported only within (i) the offices of outside counsel of record for the receiving party, (ii) the offices of Technical Advisors who have been approved to access source code under paragraphs 12-17 of the August 5, 2009 Agreed Protective Order (Dkt. No. 161) in this matter; (iii) the site where any deposition is taken, (iv) the Court, or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition, provided, however, that only outside counsel may transport source code outside of its offices and the locked container must remain with counsel at all times during transport.

      p.      Notwithstanding sub-section n above, the receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition

8

sf- 2780097

transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. As an example, excerpts of approximately 25-40 lines in length would be allowed. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

    q. To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped RESTRICTED CONFIDENTIAL — SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as RESTRICTED CONFIDENTIAL — SOURCE CODE. All SOURCE CODE DOCUMENTS shall be filed under seal.

    r. All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

    s. Nothing herein shall be deemed a waiver of a Party's right to object to the production of source code. Absent a subsequent and specific court order, nothing herein shall obligate a Party to breach any third party license agreement relating to such source code.

It is so ORDERED.

SIGNED this 2nd day of February, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

SOFTWARE RIGHTS ARCHIVE, LLC

AGREED: <u>/s/ Lee L. Kaplan (by permission)</u>

Its: Attorney of Record

Dated: February 1, 2010


GOOGLE INC.

AGREED: <u>/s/ Thomas B. Walsh, IV_____</u>

Its Attorney of Record

Dated: February 1, 2010

11

sf- 2780097