**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SOFTWARE RIGHTS ARCHIVE, LLC** | |
| **v.** | **Civil Case No. 2:07-cv-511 (CE)** |
| **GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC, AND LYCOS, INC.** | |

## DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND SUPPLEMENT INVALIDITY CONTENTIONS (DKT. NO. 198) AND RESPONSE IN OPPOSITION TO SRA'S MOTION TO STRIKE INVALIDITY CONTENTIONS (DKT. NO. 213)

02904.51330/3335215.2

Dockets.Justia.com

# TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................................I

INTRODUCTION ..............................................................................................................1

ARGUMENT .....................................................................................................................4

I.       DEFENDANTS' MOTION FOR LEAVE TO AMEND AND SUPPLEMENT
         THEIR INVALIDITY CONTENTIONS (DKT. NO. 198) SHOULD BE
         GRANTED ..............................................................................................................4

         A.       Defendants Were Diligent in Their Prior Art Analysis ............................4

         B.       SRA Would Suffer No Prejudice from the Proposed Amendment.........................9

         C.       Defendants' Proposed Amendment is Important....................................11

         D.       Defendants' Proposed Amendment is Fully Consistent with the Spirit and
                  Purpose of the Local Patent Rules ........................................................12

II.      SRA'S MOTION TO STRIKE DEFENDANTS' INVALIDITY CONTENTIONS
         (DKT. NO. 213) SHOULD BE DENIED...........................................................13

         A.       The Length of Defendants' Invalidity Contentions Is Reasonable In Light
                  of The Number of Claims Asserted and SRA's Broad Infringement
                  Contentions ............................................................................................14

         B.       SRA Is On Notice of Defendants' Anticipation Contentions For Each
                  Element of The Asserted Claims ............................................................15

         C.       Defendants' Combinations of References Disclosed Are Sufficiently
                  Specific ..................................................................................................16

         D.       SRA Improperly Seeks Arbitrary Limits On The Number of Prior Art
                  References and Obviousness Combinations Defendants May Use .......................18

CONCLUSION.................................................................................................................19

# TABLE OF AUTHORITIES

**Page**

## Cases

*Alt v. Medtronic, Inc.*,
  No. 04-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006).......................................8, 9

*Arbitron, Inc. v. Int'l Demographics Inc.*,
  No. 06-434, 2008 WL 4755761 (E.D. Tex. Oct. 29, 2008)...............................6, 10

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*,
  No. 04-5385, 2007 WL 951818 (N.D. Cal. Mar. 28, 2007)...........................16, 17

*Computer Acceleration Corp. v. Microsoft Corp.*,
  481 F. Supp. 2d 620 (E.D. Tex. 2007)................................................................9, 10

*Cummins-Allison Corp. v. SBM Co., Ltd.*,
  No. 07-cv-196, 2009 WL 763926 (Mar. 19, 2009)...........................................8, 19

*Golden Hour Data Sys., Inc. v. Health Serv's Integration, Inc.*,
  No. 06-7477, 2008 WL 2622794 (N.D. Cal. July 1, 2008) ...................................10

*Keithley v. The Homestore.com, Inc.*,
  553 F. Supp. 2d 1148 (N.D. Cal. 2008) ...............................................................16

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
  250 F.R.D. 284 (E.D. Tex. 2008).............................................................................5

*Mass. Inst. Tech. v. Abacus Software*,
  No. 01-344, 2004 WL 5586072 (E.D. Tex. Sept. 10, 2004)...................................5

*Nike, Inc. v. Adidas Am. Inc.*,
  479 F. Supp. 2d 664 (E.D. Tex. 2007)..................................................................12

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 08-144, 2009 WL 4782062 (E.D. Tex. Dec. 8, 2009) ...................................19

*Saffran v. Johnson & Johnson*,
  No. 2:07 CV 0451 (E.D. Tex. Feb. 24, 2009)................................................13, 14

*Sunpower Corp. Sys. v. Sunlink Corp.*,
  No. 08-2807, 2009 WL 1657987 (N.D. Cal. June 12, 2009)...................................5

*Tessera, Inc. v. Advanced Micro Devices, Inc.*,
  No. 05-4063, 2007 WL 1288199 (N.D. Cal. Apr. 30, 2007)...............................7, 9

*Therasense, Inc. v. Becton, Dickinson and Co.*,
  No. 04-2123, 2008 WL 931368 (N.D. Cal. Apr. 3, 2008).....................................6

*Trimble Navigation Ltd. v. RHS Inc.*,
  No. 03-1604, 2007 WL 2457512 (N.D. Cal. Aug. 27, 2007) .................................6

*West v. Jewelry Innovations, Inc.*,
   No. 07-1812, 2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) .......................................................5

*Yodlee, Inc. v. CashEdge, Inc.*,
   No. 05-01550, 2007 WL 1454259 (N.D. Cal. May 17, 2007)..................................................12

*Zoltar Satellite Alarm Sys., Inc. v. Motorola, Inc.*,
   No. 06-44, 2008 WL 913326 (N.D. Cal. Apr. 2, 2008)............................................................6

## **Statutes**

35 U.S.C. § 103...............................................................................................................................4

# INTRODUCTION

Defendants sought leave of Court on December 18, 2009 to submit amended and supplemental invalidity contentions that (i) clarify and narrow their obviousness combinations and (ii) add ten prior art references to their invalidity contentions in this case.[1] It is irrefutable that Defendants sought to do so at a time when:

- this case was still in its early stages (as SRA recently acknowledged in writing)[2]

- jury selection for trial was not scheduled until May 2, 2011 – more than sixteen months away from the time of the filing of Dkt. No. 198

- no pretrial filings, hearings, or discovery (other than seeking prior art) related to invalidity had occurred yet

- none of the parties had served expert reports

- claim construction briefing was not even scheduled to begin until August 2010

- the P.R. 4-1 – P.R. 4-5 claim construction process was not even scheduled to begin for more than four months from the filing of Dkt. No. 198 and

- the claim construction hearing was still approximately eleven months away from the filing of Dkt. No. 198.[3]

Unbelievably, SRA opposes this amendment even though SRA itself had repeatedly requested that Defendants provide amended obviousness combinations. (*See, e.g.*, Dkt. No. 198, Ex. A at 2 ("[Defendants'] claim charts are merely long lists of a multitude of combinations of references that give no real guidance as to the actual combinations the Defendants are

---

[1] *See* Dkt. No. 198.

[2] *See* Dkt. No. 176.

[3] It is also worth noting that SRA received a copy of the amended and supplemental contentions on November 25, 2009, more than 3 weeks *prior* to the filing by Defendants of Dkt. No. 198. Moreover, all of the new references identified in Dkt. No. 198 were previously produced by Defendants to SRA by no later than October 30, 2009, approximately 7 weeks prior to the filing by Defendants of Dkt. No. 198. The amended and supplemental invalidity (footnote continued)

pursuing.").)  SRA's about-face is especially egregious because Defendants spent many months and incurred great expense to prepare the amended invalidity contentions, which describe in detail the specific (and many) combinations that invalidate the patents-in-suit.

There is good cause for the Defendants' proposed amendment.  Defendants have been diligent throughout this case in locating the numerous prior art references that invalidate the patents-in-suit, engaging in time-consuming and costly efforts to reexamine and amend their contentions at SRA's request, and then promptly moving for leave to amend after SRA declined to consent to the amendment.  SRA notes that this case has been pending for over two years, but SRA ignores the fact that Defendants moved for leave to amend less than three months after they requested for a *third* time in writing that SRA amend its infringement contentions, which provide no reasonable guidance concerning the scope of the patents-in-suit.[4]  Moreover, for the reasons set forth in the above bullet points, there is no risk that SRA is prejudiced by the proposed amendment.  Defendants' motion for leave should therefore be granted.

By contrast, SRA's retaliatory and belated motion to strike should be denied.  SRA's motion was filed nearly one year after Defendants served detailed invalidity contentions that demonstrate how the patents-in-suit are invalidated by over 100 prior art references, and only after Defendants moved for leave to amend to add ten additional references that bolster their invalidity contentions.  SRA asserts without any support that it has been "forced" to "waste months of time and hundreds of thousands of dollars" to determine Defendants' invalidity positions.  (Dkt. No. 213 at 12.)  However, SRA's assertion is belied by the fact that no pretrial

---

contentions sent by Defendants to SRA on November 25, 2010 are attached to the Second Baker Declaration as Ex M.

filings, hearings, expert reports, or discovery (other than seeking prior art) related to invalidity have occurred yet and the fact that the claim construction process has yet to even begin.

Here, Defendants' invalidity contentions satisfy the requirements of the Local Patent Rules – particularly when viewed in light of the deficient nature of SRA's infringement contentions and the number of patents and claims asserted – and no part of the original P.R. 3-3 disclosures should be stricken. SRA complains that the invalidity contentions are lengthy, but it is not Defendants' fault that many prior art references (either alone or in combination) invalidate the patents-in-suit. Moreover, the contentions themselves are only 81 pages – the remainder of the submission is comprised of detailed claim charts that contain specific and detailed quotations from the many references that invalidate the patent-in-suit, as required by P.R. 3-3(c) (invalidity contentions must contain "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found"). Moreover, Defendants' motion for leave to amend and supplement (Dkt. No. 198) seeks to provide the very amended obviousness combinations that SRA previously requested.[5] In short, SRA's motion to strike is without support and the relief it seeks – to arbitrarily limit Defendants to five anticipatory prior art references and five obviousness combinations per claim – lacks any support in the case law. SRA's motion to strike (Dkt. No. 213) should therefore be denied.

---

[4] For this reason, Defendants may be left with no choice but to move to strike SRA's deficient infringement contentions in the near future if agreement cannot be reached with SRA regarding amendment of SRA's infringement contentions.

[5] SRA's true motives here are clear: On the one hand, SRA wishes to prevent Defendants from providing the very amended obviousness combinations that SRA had previously requested while on the other hand seeking to strike Defendants' Invalidity Contentions served in January 2009 – all in a litigation inspired strategy to attempt to unfairly limit Defendants to a mere five anticipatory prior art references and five obviousness combinations per patent claim.

<u>**ARGUMENT**</u>

**I.    DEFENDANTS' MOTION FOR LEAVE TO AMEND AND SUPPLEMENT THEIR INVALIDITY CONTENTIONS (DKT. NO. 198) SHOULD BE GRANTED**

**A.    Defendants Were Diligent in Their Prior Art Analysis**

As explained in Defendants' Opening Brief (Dkt. No. 198), Defendants have been diligent throughout this case in collecting and analyzing the many prior art references that invalidate the patents-in-suit. Defendants timely served their invalidity contentions on January 23, 2009, notwithstanding severe deficiencies in SRA's infringement contentions.[6] On March 11, 2009, Defendants received a letter from SRA requesting that Defendants amend their invalidity contentions to provide additional specificity, including Defendants' obviousness combinations under 35 U.S.C. § 103.[7] In a good faith effort to comply with SRA's request, Defendants engaged in the time-consuming process of revisiting their invalidity contentions and in doing so, Defendants identified additional combinations of references that invalidate the claims of the patents-in-suit under 35 U.S.C. § 103.

To assist Defendants' good faith efforts to amend their invalidity contentions and provide the specificity SRA requested (and to hopefully avoid a needless multiplicity of amendments), Defendants repeatedly requested that SRA clarify its own infringement contentions.[8] SRA refused. Defendants again requested revised infringement contentions on July 19, 2009 and September 29, 2009. After it became clear in late September 2009 that SRA would not provide

---

[6]   For example, SRA failed to provide claim charts for the vast majority of the purportedly accused products, and the charts it did provide frequently lacked the degree of specificity required under P.R. 3-1(c). (*See* Defendants' Opening Brief (Dkt. No. 198) at 2.)

[7]   Declaration of Mark D. Baker in Support of Motion for Leave to Amend Invalidity Contentions ("Baker Decl.") (Dkt. No. 198-2), Ex. A (3/11/2009 Letter from counsel for SRA to counsel for Defendants) at 3.

[8]   Baker Decl. Exs. C-E.

amended infringement contentions, Defendants spent several months (and many thousands of dollars) developing revised invalidity contentions that address the concerns raised in SRA's March and July 2009 letters. Without explanation, SRA refused to consent to the proposed amendment in December 2009, and this motion followed.

In its opposition, SRA offers several theories in an attempt to disparage Defendants' diligence, none of which have any merit. First, SRA alleges that Defendants' claim of diligence "finds no support in the case law whatsoever"[9] and there is not "even one case finding diligence where a defendant sought to amend its invalidity contentions over two years after filing."[10] (*Id.* at 16.) In fact, contrary to SRA's representations, there are numerous cases in which courts granted leave to amend invalidity contentions over two years after suit was filed.[11] *See, e.g.*,

---

[9] Contrary to SRA's assertions, the court in *Sunpower* did not decide whether an absence of diligence ends the court's inquiry. *See Sunpower Corp. Sys. v. Sunlink Corp.*, No. 08-2807, 2009 WL 1657987, at *2 (N.D. Cal. June 12, 2009) ("The Court need not decide whether diligence is an absolute precondition to good cause. The Court is mindful of the importance of diligence even under the balancing approach advocated by Defendant."). The other cases SRA cites are similarly inapt. In *West v. Jewelry Innovations, Inc.*, No 07-1812, 2008 WL 4532558, at *3 (N.D. Cal. Oct. 8, 2008), unlike this case, the movant waited until *after* claim construction before seeking leave to amend and offered far less detail than Defendants have about its efforts to uncover additional prior art. Likewise, in *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284 (E.D. Tex. 2008), unlike this case, the movant ignored the Court's scheduling order and did not serve any invalidity contentions in an effort to avoid potential litigation expenses.

[10] Over two years have elapsed since SRA filed suit in November 2007, but only 10 months had elapsed from the time Defendants served their invalidity contentions on January 23, 2009 to the time that SRA received a copy of the amended and supplemental contentions on November 25, 2009. Moreover, as noted above, less than 2 months had elapsed from the time of Defendants' last letter in late September 2009 requesting that SRA provide amended infringement contentions to the time that SRA received a copy of the amended and supplemental contentions on November 25, 2009.

[11] Cases from the Northern District of California are particularly instructive because this Court adopted its Local Patent Rules from the Northern District. *See Mass. Inst. Tech. v. Abacus Software*, No. 01-344, 2004 WL 5586072, at *5 (E.D. Tex. Sept. 10, 2004) ("For patent infringement cases, Judge Ward adopted the Northern District of California's Patent Local Rules. This Court will therefore consider cases in the Northern District of California that have (footnote continued)

*Therasense, Inc. v. Becton, Dickinson and Co.*, No. 04-2123, 2008 WL 931368, at *1 (N.D. Cal. Apr. 3, 2008) (granting leave to amend invalidity contentions 40 months after suit was filed, while explicitly noting Defendant's diligence); *Trimble Navigation Ltd. v. RHS Inc.*, No. 03-1604, 2007 WL 2457512, at *1 (N.D. Cal. Aug. 27, 2007) (granting motion to amend invalidity contentions 58 months after suit was filed, after holding that "defendants have acted reasonably diligently in securing" relevant prior art); *Zoltar Satellite Alarm Sys., Inc. v. Motorola, Inc.*, No. 06-44, 2008 WL 913326 (N.D. Cal. Apr. 2, 2008) (granting motion to amend invalidity contentions 30 months after suit was filed). Moreover, this Court has also granted defendants leave to amend invalidity contentions roughly two years after suit was commenced. *See, e.g.*, *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 06-434, 2008 WL 4755761 (E.D. Tex. Oct. 29, 2008) (granting motion to amend invalidity contentions that was filed 22 months after suit commenced). Thus, there is no merit to SRA's argument that the case law frowns upon amendments to invalidity contentions two years into a case. This is especially so where, as here, SRA itself requested that Defendants clarify their obviousness combinations (and Defendants have in fact complied with this request in their amended and supplemental contentions).

Moreover, the relevant time period here is far less than two years. SRA did not serve its infringement contentions until October 31, 2008 – nearly one year after filing its lawsuit against Defendants. Less than three months later on January 23, 2009, Defendants timely served their invalidity contentions, despite the deficiencies in SRA's infringement contentions referenced above and discussed in Defendants' Opening Brief. Thereafter, the parties corresponded regarding alleged deficiencies in their respective contentions. When it became clear the parties

---

interpreted its Patent Local Rules with regard to the issues presented by Microsoft's motion [to amend its invalidity contentions.]").

had reached a stalemate in September 2009, Defendants prepared amended contentions, and filed the present motion less than three months later (and less than two months after SRA received a copy of the amended and supplemental contentions on November 25, 2009).

SRA next argues that Defendants could not have been diligent in locating prior art references because "web search technology is at the heart of what Defendants do" and "[t]he prior art references that Defendants seek to assert now are not obscure, but are published papers available in academic libraries and discoverable through searches on Defendants' own search engines." (Dkt. No. 213 at 17.) Yet SRA concedes that "Defendants did conduct a sweeping search of the alleged prior art." (Dkt. No. 213 at 19.) The fact that Defendants subsequently uncovered additional references in addition to the 100 references that they previously uncovered in their "sweeping search" does not show that Defendants lacked diligence. *See Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. 05-4063, 2007 WL 1288199, at *1-2 (N.D. Cal. Apr. 30, 2007) (finding diligence where Defendants timely served invalidity contentions with 180 prior art references and then uncovered nine additional references that warranted inclusion in amended contentions). Rather, Defendants' "sweeping search" indicates that Defendants *did* show diligence in attempting to locate relevant prior art, and this diligence weighs strongly in favor of finding good cause to grant Defendants leave to amend.

SRA then disputes Defendants' statement that "Defendants' identification of additional references can be attributed in part to the breadth of SRA's infringement contentions, which, as noted above, spanned over 600 pages and purported to accuse hundreds of products of infringing 64 claims." (Dkt. No. 198 at 6-7.) SRA argues it cannot shoulder *any* blame for Defendants' lengthy and wide-ranging prior art search, claiming "there simply is no connection between the

content of a plaintiff's infringement contentions and a defendant's ability to assess invalidity."
(Dkt. No. 213 at 18.)

Yet, again contrary to SRA's claims, this Court has recognized that a plaintiff's broad infringement contentions – evincing a broad construction of the claims – can justifiably cause the defendant to engage in a similarly broad and far-reaching prior art search. *See Alt v. Medtronic, Inc.*, No. 04-370, 2006 WL 278868, at *4 (E.D. Tex. Feb. 1, 2006) ("Medtronic has shown that it was diligent in its attempts to discover relevant prior art before and after the filing of its Preliminary Invalidity Contentions. *Alt apparently had a broader definition of activity sensor at the beginning of the case, which directed Medtronic's research to a larger spectrum of devices than are presently at issue in the case.*") (emphasis added). So too here, SRA's infringement contentions were based on a breathtakingly broad construction of the claims. Thus, Defendants were forced to engage in a broad and far-reaching prior art search, wherein they uncovered numerous pieces of prior art that invalidate the claims under SRA's broad construction. Given the sheer number of prior art references that Defendants had to collect and review, it was inevitable that a few additional pieces of prior art would be subsequently discovered (or that a few pieces of prior art previously in Defendants' possession would become more relevant/significant to the invalidity case upon further examination and study),[12] thereby necessitating an amendment to Defendants' invalidity contentions.[13]

---

[12]     As noted on p. 6 of Dkt. No. 198, seven of the ten references at issue did not come to Defendants' attention until *after* they served their invalidity contentions on January 23, 2009. The 3 other references' potential relevance was not apparent to Defendants until after that date as Defendants continued to analyze the prior art in the course of deconstructing SRA's infringement contentions.

[13]     SRA claims the scope of its infringement contentions is irrelevant, but offers only dicta in support. *See Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 07-cv-196, 2009 WL 763926, at *3 (Mar. 19, 2009) (observing that plaintiff's "tactical games" did not excuse (footnote continued)

In sum, Defendants have shown more than the requisite diligence in searching for relevant prior art, as demonstrated by SRA's own admission that "Defendants did conduct a sweeping search of the alleged prior art."[14] Defendants' diligence weighs heavily in favor of finding good cause to amend.

### B.    SRA Would Suffer No Prejudice from the Proposed Amendment

SRA devotes only a single paragraph, and a single case citation, to the argument that it would suffer prejudice from Defendants' proposed amendment. (Dkt. No. 213 at 21.) Specifically, SRA argues that it has already spent considerable time and money reviewing Defendants' original invalidity contentions and would have to spend more time and money reviewing the additional references that Defendants seek to add. (*Id.*) Yet if the time and expense of reviewing additional references were sufficient to establish "prejudice," then *every* plaintiff would be prejudiced *whenever* a defendant sought to add one or more references to its invalidity contentions. Clearly this is not the case, as numerous opinions have explicitly found little or no prejudice where Defendants sought to amend their invalidity contentions to add one or more references. *See, e.g.*, *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625-26 (E.D. Tex. 2007); *Alt*, 2006 WL 278868, at *5; *Tessera*, 2007 WL 1288199, at *2. Indeed, Defendants' Opening Brief cogently explained why SRA would *not* suffer any prejudice from the addition of a few references at this early stage of the case. Specifically, no pretrial filings, hearings, or depositions related to invalidity have yet occurred, no parties have served

---

defendants' failure to file complete invalidity contentions where defendant omitted combinations that it disclosed to the USPTO before serving its invalidity contentions).

[14]    Furthermore, SRA concedes the relevance of the prior art references Defendants have identified, having disclosed many of the same references to the U.S. Patent and Trademark Office in connection with its pending patent application concerning Internet search. (*See* Second Baker Decl. Ex. H.)

any expert reports relating to invalidity, claim construction briefing is still several months away (beginning in August 2010), and jury selection is not set until May 2011.  Moreover, SRA will unquestionably have more than ample time to review and analyze the modest number of additional references that Defendants seek to add, and this weighs heavily against any finding of prejudice.  *See Arbitron*, 2008 WL 4755761, at *1 (finding no prejudice where the court had not yet conducted a claim construction hearing, discovery had just begun, no depositions had been taken, and trial was more than six months away).

Tellingly, the only case SRA marshals to support its "prejudice" argument involved a situation in which Defendant sought to add _58_ prior art references less than _three_ months before trial.  (Dkt. No. 213 at 21) (citing *Finisar Corp. v. The DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 897-98 (E.D. Tex. 2006)).  That is not the case here.  Defendants sought to narrow their obviousness combinations and add just *ten* references a full *sixteen* months before jury selection for trial, and well before any briefing or discovery has been conducted on invalidity.  Simply put, *Finisar* does not remotely support SRA's unfounded claim of prejudice.

The lack of prejudice to SRA weighs very heavily towards finding "good cause" for Defendants' proposed amendment.  Indeed, both this Court and other courts have found that the lack of prejudice to the opposing party may establish good cause for amendment even if the amending party was *not* diligent with respect to its invalidity contentions.  *See, e.g.*, *Computer Acceleration*, 481 F. Supp. 2d at 627 ("The lack of unfair prejudice to CAC, and the ample opportunity for CAC to respond to the new invalidity contentions outweigh Microsoft's dilatory conduct."); *Golden Hour Data Sys., Inc. v. Health Serv's Integration, Inc.*, No. 06-7477, 2008 WL 2622794, at *5 (N.D. Cal. July 1, 2008) (finding good cause to amend invalidity contentions because "whether HSI *could* have raised these contentions at an earlier date, Golden Hour will

not suffer substantial prejudice as a result of HSI's filing of its proposed amendments")
(emphasis in original). Thus, even if SRA were correct that Defendants were not diligent in
collecting and reviewing prior art, the lack of any prejudice from Defendants' proposed
amendment weighs strongly in favor of finding good cause for the amendment.

### C.     Defendants' Proposed Amendment is Important

Good cause also exists because Defendants' proposed amendment is important – it seeks
to add powerful new references that anticipate or render obvious the claims of the patents-in-suit.
For instance, the Brodda & Karlgren reference that Defendants seek to add explains the notion of
analyzing indirect links between documents that is allegedly disclosed in the patents-in-suit. *See,
e.g.*, Second Baker Decl., Ex. I at 4 ("We now say that two articles are (directly) <u>connected</u> if
there is an arrow from A pointing at B or vice versa. We say that they are <u>indirectly connected</u> if
there is a <u>chain</u> of articles $C_1, C_2, \ldots C_n$, so that A is connected with $C_1$, $C_1$ is connected with $C_2$
and so on until finally $C_n$ is connected with B. The general idea behind our suggestion is now
that it should be possible to define a numerical measure which indicates a <u>degree of connection</u>
(or degree of association) between articles . . .") (emphasis in original). In addition, the
Cleveland reference that Defendants seek to add discloses the concept of charting the relatedness
of documents by their Euclidean distance from one another – a key limitation from Claim 33 of
the '352 Patent. *See* Second Baker Decl., Ex. J at 345 ("At this point, the four matrices showed
the relatedness between each pair of documents in terms of the four basic measures with values
between 0 and 1. It was now necessary to convert these matrices into distance matrices and
combine them, using the Euclidean distance formula.").

These examples provide an illustrative snapshot of how the references which Defendants
seek to add invalidate various claims from the patents-in-suit. Because these references have

significant power to invalidate the patents, the proposed amendment to add these references is "important," and the importance of the amendment weighs in favor of finding good cause.

### D. Defendants' Proposed Amendment is Fully Consistent with the Spirit and Purpose of the Local Patent Rules

Finally, the Court should find good cause because Defendants' proposed amendment is fully consistent with the spirit and purpose of the Local Patent Rules. As the Northern District of California (the source of this Court's Patent Rules) observed: "The Patent Local Rules were designed to prevent the parties from shifting their theories in reaction to adverse substantive rulings, or late in discovery, leaving the opposing party with little time to conduct discovery on a new theory." *Yodlee, Inc. v. CashEdge, Inc.*, No. 05-01550, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007). Defendants' proposed amendment does not run afoul of either policy: it was not prompted by any adverse ruling by the Court, and it leaves SRA with ample time to seek discovery on the few additional references that Defendants now seek to include in their invalidity contentions.

Likewise, this Court has explained that the Local Rules are designed to prevent parties from "hiding their true intentions until late in a case." *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 670 (E.D. Tex. 2007). Yet this is not a "late" stage of the case,[15] and, in any event, SRA cannot seriously allege that Defendants have "hidden their true intentions" as to invalidity. Throughout this case, Defendants have consistently asserted that a large number of academic articles anticipate and render obvious the claims of the patents-in-suit. The ten additional references that Defendants now seek to add to their invalidity contentions constitute important

---

[15] To the contrary, in Dkt. No. 176, a joint motion to which SRA was a party and which was filed on November 25, 2009 – the *very* day that Defendants provided their amended and supplemental invalidity contentions to SRA – SRA represented to this Court that this case was in its "relatively early stages."

new support for this invalidity theory, but they certainly do not evince any *new* theory that Defendants have heretofore "hidden." Rather, these new references simply buttress Defendants' long-disclosed theory that the teachings of the Egger patents are fully set forth in the prior academic literature. Moreover, SRA cannot claim surprise or prejudice by the Defendants' attempt to submit narrowed obviousness combinations – narrowed obviousness combinations that SRA previously requested.

Because Defendants' proposed amendment/supplementation is completely consistent with the spirit and purpose of the Local Patent Rules, and for all of the reasons set forth in Dkt. No. 198 and in this Reply, the Court should find good cause to grant the amendment/supplementation. Accordingly, Defendants respectfully request that the Court grant Defendants leave to amend and supplement their invalidity contentions in the manner sent to SRA on November 25, 2009 and that the Appendix and claim charts containing the proposed amendments and supplementation to Defendants' invalidity contentions, which were served by Defendants on SRA on November 25, 2009, be deemed by the Court to be a part of Defendants' Invalidity Contentions in this case.

## II.  SRA'S MOTION TO STRIKE DEFENDANTS' INVALIDITY CONTENTIONS (DKT. NO. 213) SHOULD BE DENIED

SRA's motion to strike should be denied. Neither the Local Patent Rules nor the *Saffran*[16] case cited by SRA endorse the arbitrary and highly prejudicial relief SRA seeks, particularly where, as here, (i) SRA served deficient infringement contentions that spanned over 600 pages and purported to accuse hundreds of products and services of infringing 64 claims; (ii) SRA has been in possession of Defendants' P.R. 3-3 disclosures for over one year; (iii)

---

[16] *Saffran v. Johnson & Johnson*, No. 2:07 CV 0451 (E.D. Tex. Feb. 24, 2009).

Defendants have already moved for leave to amend *prior* to the filing of SRA's motion to strike; and (iv) jury selection was more than sixteen months away from the time of the filing of Dkt. No. 198.[17]  As further discussed below,  Defendants' invalidity contentions are sufficiently specific under P.R. 3-3 and provide sufficient notice of Defendants' invalidity arguments.

>    **A.    The Length of Defendants' Invalidity Contentions Is Reasonable In Light of The Number of Claims Asserted and SRA's Broad Infringement Contentions**

SRA misleadingly claims that Defendants' invalidity contentions should be stricken in their entirety because they are "13,000 pages long – over 16 times longer than the contentions stricken in *Saffran*."  (Dkt. No. 213 at 11.)  In fact, Defendants' invalidity contentions are exactly 81 pages long and conform with P.R. 3-3.  (Second Baker Decl. Ex. K.)  The remaining pages consist of detailed claim charts that set forth the specific prior art references asserted against the patents-in-suit, such as the exemplary claim charts submitted herewith as Exhibit L to the Second Baker Declaration.  Thus, Defendants provided SRA with a clear roadmap for all the prior art references asserted.

SRA also misstates this court's holding in *Saffran*.  (Dkt. No. 213 at 9.)  In *Saffran*, the court did not hold the defendants' invalidity contentions were somehow deficient due to their length or the number of claim charts attached.  Instead, the court's ruling concerned invalidity contentions that did not specifically identify combinations of references and included language purporting to make the contentions merely illustrative.  *Saffran*, No. 2:07 CV 0451, at 2 (E.D. Tex. Feb. 24, 2009) (noting Defendants "do not specifically identify combinations of references that [they] anticipate using at trial, and they include language purporting to make the contentions merely illustrative.").  That is not the case here because Defendants specifically identified the

---

[17]    Jury selection is currently set for May 2, 2011.

prior art references that anticipate SRA's patents.  Moreover, Defendants also provided more than a dozen claim charts that specifically describe the combinations that render obvious one or more of the claims of the patents-in-suit.

Furthermore, Defendants' claim charts are necessarily quite long because SRA has alleged that five different defendants infringe 64 claims of three different patents.  In order to explain how even a single anticipatory reference, or a combination of references for obviousness, discloses all of the limitations of even a single asserted claim requires several pages at least.  In addition, the length of Defendants' invalidity contentions results from Defendants' attempt to assist SRA by providing the actual text of the invalidity references rather than just the citations.  Removing this text from Defendants' invalidity contentions for the sole purpose of reducing a page count would likely only hinder SRA's understanding of Defendants' positions.

> ### B.    SRA Is On Notice of Defendants' Anticipation Contentions For Each Element of The Asserted Claims

SRA further contends it has not received adequate notice of Defendants' anticipation contentions for each element of each asserted claim, arguing the disclosures offer only "meaningless boilerplate."  (Dkt. No. 213 at 12.)  SRA's vague assertions fail to withstand scrutiny.  In accordance with P.R. 3-3(b) and (c), Defendants' disclosures set forth specific prior art references anticipating some or all of the asserted claims and include detailed claim charts that identify specific examples of where each limitation of the anticipated claims is found in that reference.  (*See* Second Baker Decl. Ex. K at 14-16, 34-37, 59-62.)  Thus, defendants have clearly complied with the Local Patent Rules and provided SRA with the requisite notice.  For these reasons, Defendants' invalidity contentions regarding anticipation should not be stricken.

## C.   Defendants' Combinations of References Disclosed Are Sufficiently Specific

Patent Local Rule 3-3(b) provides that "[i]f a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."  P.R. 3-3(b).  SRA contends that Defendants' P.R. 3-3 disclosures do not identify the specific references that Defendants intend to assert in arguing obviousness, claiming that Defendants have instead disclosed "trillions" of combinations.  (Dkt. No. 213 at 11.)  However, given the large number of invalidating prior art references Defendants have identified, the approach Defendants have taken fairly and efficiently provides SRA with notice of the potential obviousness combinations in a manner that complies with P.R. 3-3(b).

As an initial matter, it is irrefutable that Defendants provided several specific obviousness combinations for each of the asserted patents in their invalidity contentions. Moreover, in its motion to strike, SRA ignores the fact that Defendants, in the text of the invalidity contentions themselves, provided disclosures identifying *groups* of references and specific combinations that render obvious the asserted claims.  (*See* Second Baker Decl. Ex. K at 20-27, 42-52, 68-78.)  Courts have recognized that the grouping of references is permissible under Patent Local Rule 3-3(b) so long as the defendant reasonably specifies the combination of prior art references that allegedly render the asserted patents obvious.  For example, in *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. 04-5385, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007), the court found that defendant complied with Patent Local Rule 3-3(b) even though it grouped prior art references together in a manner resulting in literally billions of different possible combinations.  Similarly, in *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008), the court denied plaintiff's motion to strike, finding that defendants' "grouping method" for obviousness combinations was consistent with *Avago* and the

Patent Local Rules.  For these reasons, Defendants' invalidity contentions regarding should not be stricken.[16]

Finally, because SRA itself requested more specificity regarding the obviousness combinations previously supplied by Defendants, Defendants *have already* provided the requested specificity in their amended and supplemental contentions supplied to SRA on November 25, 2009.  Thus, to the extent that SRA complains about the "trillions" of combinations in Defendants' invalidity contentions, Defendants' amended and supplemental contentions withdraws the claim chart reproduced on p. 4 of Dkt. No. 213 to address this concern.  (*See* Second Baker Decl. Ex. M at 3 ("Defendants withdraw the combination of references previously presented in Exhibit C-1 of their Invalidity Contentions and add Table App-5.").[17]  SRA cannot have it both ways – it cannot use this chart as a basis for moving to strike Defendants' invalidity contentions while simultaneously refusing to consent to an amendment that actually withdraws the specific claim chart at issue.  This is pure litigation gamesmanship on the part of SRA.

---

[16] Defendants inclusion of language in their disclosures reserving their rights to later amend or supplement, or identifying certain prior art as exemplary, was done in an abundance of caution to protect against any future claim of waiver.  There is no basis to strike the entirety of Defendants' disclosures on this ground alone, particularly where Defendants are not relying upon such language as a basis to amend their invalidity contentions and there is no risk of prejudice to SRA.  *See Avago*, 2007 WL 951818, at *3 (concluding that plaintiffs' concerns about "shifting" invalidity contentions were unfounded because the Local Patent Rules require a noticed motion and court order for amendment).

[17] In light of Defendants' withdrawal of this chart and others in order to set forth more narrow invalidity contentions, SRA's statement that "Defendants have neither pared down nor clarified their invalidity contentions" is categorically incorrect.  (Dkt. No. 213 at 7.)

**D.  SRA Improperly Seeks Arbitrary Limits On The Number of Prior Art References and Obviousness Combinations Defendants May Use**

Rather than grant Defendants leave to amend their invalidity contentions to add a limited number of prior art references and more narrowed combinations, SRA urges the Court to strike Defendants' original P.R. 3-3 disclosures, order Defendants to serve amended invalidity contentions within ten days that assert no more than five obviousness combinations and no more than five anticipatory references per claim, and order Defendants to attach "detailed claim charts identifying the specific language on which they intend to rely." (Dkt. No. 213 at 13.) SRA attempts to justify this arbitrary and blatantly prejudicial request by claiming it has "wasted hundreds of thousands of dollars and many months attempting to discern Defendants' invalidity positions" and even accuses Defendants of bad faith. (Dkt. No. 213 at 13-14.) SRA's assertions ring hollow.

SRA concedes it waited nearly one year after receiving Defendants' invalidity contentions before filing the instant motion. (Dkt. No. 213 at 2.) During the intervening year-long period, SRA sent Defendants just two letters objecting to Defendants' disclosures, the most recent of which was sent more than six months ago, even though Defendants responded promptly and in good faith to both letters. (Dkt. No. 213 at 6-7; Baker Decl. Exs. C-D.) With jury selection currently set for May 2, 2011 – more than sixteen months away from the filing of Dkt. No. 198 – and no depositions related to invalidity or prior art conducted to date, this case is still in its relatively early stages. SRA therefore will have had more than ample opportunity to analyze Defendants' comprehensive P.R. 3-3 disclosures, either in their original form or as modified pursuant to Defendants' request for leave to amend. Thus, denial of SRA's motion to strike will not prejudice SRA.

Contrary to SRA's assertions, limiting the number of prior art references and obviousness combinations Defendants may use is not within the letter or spirit of the Local Patent Rules.[18] The arbitrary limits SRA proposes are nowhere to be found in the Local Patent Rules. Thus, rather than utilize the Local Patent Rules as intended – to further the goal of full, timely discovery and information with which to litigate – SRA improperly urges the Court to find a loophole to permit SRA to "practice litigation by ambush." *See Cummins-Allison Corp.*, 2009 WL 763926, at *1. SRA's request would unfairly prejudice Defendants and should be denied in its entirety. In short, SRA's motion to strike (Dkt. No. 213) should be seen for what it is – a litigation tactic not grounded on the facts or the law – and it should be denied.

## CONCLUSION

For all of these reasons set forth above and the reasons set forth in Dkt. No. 198, Defendants respectfully request that the Court grant Defendants' motion for leave to amend and supplement their invalidity contentions in its entirety (Dkt. No. 198) and that the Appendix and claim charts containing the proposed amendments and supplementation to Defendants' invalidity contentions, which Defendants served on SRA on November 25, 2009, be deemed by the Court to be a part of Defendants' Invalidity Contentions in this case. Defendants further respectfully request that this Court deny SRA's motion to strike Defendants' invalidity contentions (Dkt. No. 213) in its entirety.

---

[18] The *Realtime Data* case SRA cites is inapposite. In *Realtime Data, LLC v. Packeteer, Inc.*, plaintiff moved to strike combinations of prior art references that were not disclosed in defendant's preliminary invalidity contentions. No. 08-144, 2009 WL 4782062, at *1 (E.D. Tex. Dec. 8, 2009). Unlike this case, defendant never sought leave to amend and waited until summary judgment before asserting the additional references. *Id.* Not surprisingly, the court found that "timely moving for leave to amend" could have remedied defendant's problem of introducing the references at summary judgment and trial. *Id.* at *3.

By: /s/ Thomas B. Walsh, IV(by permission)
Ruffin B. Cordell - Lead Attorney
Texas Bar No. 04820550
FISH & RICHARDSON P.C.
1425 K Street, 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas B. Walsh, IV
Texas Bar No. 00785173
E-mail: walsh@fr.com
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Ramon K. Tabtiang
Massachusetts BBO 663,943
E-mail: rkt@fr.com
Stephen A. Marshall
Massachusetts BBO 666,200
E-mail: smarshall@fr.com
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Harry L. Gillam, Jr.
Texas Bar No. 07921800
E-mail: gil@gillamsmithlaw.com
Melissa R. Smith
Texas Bar No. 24001351
E-mail: melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Attorneys for Defendants GOOGLE INC. and
AOL LLC

By:   /s/ Richard S.J. Hung (by permission)
      Michael A. Jacobs (CA Bar No. 111664)
      Richard S. J. Hung (CA Bar No. 197425)
      MORRISON & FOERSTER
      425 Market Street
      San Francisco, CA 94105
      Telephone: 415-268-7000
      Facsimile: 415-268-7522
      Email: mjacobs@mofo.com
      Email: rhung@mofo.com

      Michael E. Jones
      Texas Bar No. 10929400
      Potter Minton, A Professional Corporation
      110 North College, Suite 500
      Tyler, Texas 75702
      Telephone: (903) 597-8311
      Facsimile: (903) 593-0846
      Email: mikejones@potterminton.com

Attorneys for Defendant YAHOO! INC.

By: /s/ Collin Maloney
    Claude M. Stern (CA Bar No. 96737)
    Jennifer A. Kash (CA Bar No. 203679)
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
    Email: claudestern@quinnemanuel.com
    Email: jenniferkash@quinnemanuel.com

    Otis Carroll
    Tex. Bar No. 03895700
    Collin Maloney
    Tex. Bar No. 00794219
    IRELAND, CARROLL & KELLEY, P.C.
    6101 S. Broadway, Suite 500
    Tyler, Texas 75703
    Tel: (903) 561-1600
    Fax: (903) 581-1071
    Email: Fedserv@icklaw.com


Attorneys for Defendants IAC SEARCH &
MEDIA, INC. and LYCOS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 22nd day of February, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Collin Maloney