**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SOFTWARE RIGHTS ARCHIVE, LLC**<br><br>v.<br><br>**GOOGLE INC., YAHOO! INC., IAC SEARCH & MEDIA, INC., AOL, LLC, AND LYCOS, INC.** | **Civil Case No. 2:07-cv-511 (CE)** |

**AGREED SUPPLEMENTAL PROTECTIVE ORDER TO GOVERN THE
PRODUCTION/INSPECTION OF SOURCE CODE**

This Court previously entered an Agreed Protective Order on August 5, 2009 (Dkt. No. 161) in this matter. Paragraph 9 of Dkt. No. 161 contemplated that the parties would jointly submit (if agreement could be reached) a supplemental protective order to govern the production/inspection of any source code in this matter. The parties have reached agreement, and this Agreed Supplemental Protective Order shall govern the production/inspection of any source code in this matter. This Agreed Supplemental Protective Order supplements but does not replace Dkt. No. 161. Accordingly, to the extent any term, word, or phrase which was defined in Dkt. No. 161 is also used in this Agreed Supplemental Protective Order, the same definition for such term, word, or phrase from Dkt. No. 161 will also apply herein.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

1. For Protected Information designated RESTRICTED CONFIDENTIAL – SOURCE CODE, ("Source Code Material" or "source code") the following additional restrictions apply:

    (a) Access to a party's Source Code Material shall be provided only on three (3) "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet or be connected to any other computer or peripheral devices in order to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the three separate laptops on which the source code is provided for inspection) ("stand-alone computers"). The three stand-alone computer(s) shall be available in a secured room at the same time. The producing party shall provide a reasonably comfortable work environment within the secured room, including maintaining a proper room temperature and providing power, lighting, a table or desk, a phone, and chairs.  No cameras (including but not limited to cellular phones with camera functionalities), computers, laptops, or storage devices (including but not limited to floppy drives, portable hard drives, and zip drives) shall be permitted in the secured room where the stand-alone computers are made available.  The stand-alone computer(s) may only be located at the offices of the producing party's outside counsel unless otherwise mutually agreed to in writing by the producing party and the receiving party.

    (b) The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m, Monday through Friday (excluding holidays) until the close of discovery in this action, unless there are exceptional circumstances or the parties agree to otherwise.  The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

    (c) The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

    (d) The producing party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described below:

        (i) Google and AOL: The stand-alone computer(s) containing Google source code will contain the same exact source code held in one or more TrueCrypt files. Each laptop will have loaded on it a Linux Ubuntu 9.10 virtual machine running on VMWare Workstation 7.0 (including the grep and vi editor tools standard in linux) mounted with the TrueCrypt files.

        (ii) Yahoo!: The stand-alone computer(s) containing Yahoo! source code shall be installed with Nusphere PHPed; Visual Paradigm UML 6.4; Adobe Web Standard CS4; Eclipse CPP, Java, JEE SDK; SciTools Understand 2.0; SciTools UndDiff; Microsoft Office 2003; and Adobe Reader 9.

        (iii) IACSAM and Lycos: The stand-alone computers containing IACSAM source code shall be installed with tools to be identified by IACSAM and Lycos at a later date to be determined by the parties that is well in advance of the commencement of the source code review by SRA.

The receiving party can not attempt to modify the actual code that is produced by the producing party on the stand-alone computer(s). In order to verify that its source code has not later been altered, the producing party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the stand-alone computer(s). The receiving party may use appropriate tool software on the stand-alone computer(s), which shall be installed by the producing party, provided (a) the receiving party possesses an appropriate license to such tool(s); (b) the producing party approves such tool(s); and (c) the receiving party does not attempt to modify the actual code that is produced by the producing party on the stand-alone computer(s). In no event shall the receiving party use any compilers, interpreters or simulators in connection with the producing party's source code unless otherwise agreed by the parties in writing or authorized by the Court. The parties have agreed to defer until a later date, if necessary, the issue of whether any source code to be produced/inspected need be made available for production/inspection in executable or native format. All parties reserve their respective rights and defenses on this issue should the issue need to later be submitted to the Court for determination.

(e)     Where they exist, programmers' notes or comments embedded within the code will be made available on the stand-alone computer(s).

(f)     The receiving party's outside counsel and Approved Consultants (as defined in paragraph 1(g) below shall be entitled to take notes in paper relating to the source code, but may not copy the source code into the notes. Such notes shall be

      designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall be subject to the provisions of paragraph 1(k) below. The receiving party shall not copy, remove, or otherwise transfer any source code from the stand-alone computers including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The receiving party shall not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(g)    Access to Protected Material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8(b) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161) ("Approved Consultants").[1] Source code may not be disclosed to in-house counsel. For each day that counsel for the receiving party requests a review of the stand-alone computers, it must give at least three business days (and at least 72 hours) written (including e-mail) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the stand-alone computers. The receiving party shall identify all individuals who will be given access to the source code at least ten (10) days prior to any inspection, after which time the producing party may object to providing source code access to any persons so identified. If an objection to an individual is made by the producing party, it will be the burden of the requesting party to prove that individual should be authorized to inspect the producing party's source code. A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the secured room to view the source code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to receive a copy of the log. A receiving party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under

---

[1] For the purposes of this paragraph, an Approved Consultant is defined to include the Approved Consultant's direct reports and other support personnel, such that the disclosure to an Approved Consultant who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single Approved Consultant.

this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(h) No electronic copies of Source Code Material shall be made without prior written consent of the producing party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. As an example, excerpts of approximately 25-40 lines in length would be allowed. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped "RESTRICTED CONFIDENTIAL — SOURCE CODE" or (2) those pages containing quoted source code will be separately bound, and stamped as "RESTRICTED CONFIDENTIAL — SOURCE CODE." All SOURCE CODE DOCUMENTS shall be filed under seal.

(i) At the review, the receiving party may indicate to the producing party the lines of source code for which it seeks production. The receiving party shall request the production of only such portions as are reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims in this case. If the producing party objects that the portions of the code that the receiving party has requested for production are not reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims in this case, the producing party shall make such objection known to the receiving party within five (5) business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the source code in question is not reasonably necessary to (a) SRA's claims of alleged infringement in this case or (b) Defendants' defenses and counterclaims of invalidity in this case. In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages on colored paper to the receiving party within five (5) business days and shall retain one copy set. The producing party shall Bates number and label "RESTRICTED CONFIDENTIAL – SOURCE CODE" any and all pages provided to the receiving party. If the producing party believes that the amount of code in the aggregate which the receiving party wishes to have printed during the duration of this case becomes excessive or overly burdensome, the producing party may object on this basis and seek Court intervention on this issue. Similarly, if the producing party believes that the number

of consecutive pages of code that the receiving party wishes to have printed at any one time is excessive or overly burdensome, the producing party may object on this basis and seek Court intervention on this issue. The standard for resolving such disputes is whether the code requested for production satisfies the reasonably necessary standard set forth above. A printer will be made available at the premises to print out source code for use during the review, but all printing will be controlled by the producing party. The pages may not be removed by the receiving party from the premises where the source code review is occurring except according to the procedure for production as set forth above.

(j) Counsel for the receiving party may not make any copies—printed, electronic, or otherwise—of the printed source code; but counsel for the receiving party may request that the producing party make up to 5 copies of printed source code for the receiving party's use where such use is limited by and subject to all applicable provisions of this protective order. For purposes of clarification, and without limiting the foregoing, the receiving party may not create, use, access, or receive electronic images, photographic images, or any other images, of the source code made from the paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned using optical character recognition technology. The receiving party shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person under 8(a)-(b) of the Court's August 5, 2009 Agreed Protective Order (Dkt. No. 161). The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of Technical Advisors who have been approved to access source code under paragraphs 12-17 of the August 5, 2009 Agreed Protective Order (Dkt. No. 161) in this matter; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location pursuant to sub-section k, below. The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for use that otherwise complies with this order. The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

(k) If the receiving party's outside counsel or Approved Consultants obtain printouts or photocopies of Source Code Material, the receiving party shall ensure that such outside counsel or Approved Consultants keep the printouts or photocopies in a secured locked area in the offices of such outside counsel or Approved Consultants. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and

      (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition), provided, however, that only outside counsel may transport source code outside of its offices and the locked container must remain with counsel at all times during transport.

(l)     A producing party's Source Code Material may only be transported by the receiving party at the direction of a person authorized under paragraph 1(g) above to another person authorized under paragraph 1(g) above, on paper via hand carry or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(m)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or Approved Consultants shall remove all notes, documents, and all other materials from the secured source code viewing room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

(n)     All paper copies shall be securely destroyed if they are no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(o)     Nothing herein shall be deemed a waiver of a party's right to object to the production of source code or constitute an admission that any particular source code is discoverable. Absent a subsequent and specific court order, nothing herein shall obligate a party to breach any third party license agreement relating to such source code.

(p)     This Order contemplates that additional written agreements will be entered into by the parties regarding the subject matter covered in this Order. Any such additional written agreements will be enforceable by the Court if necessary.

SIGNED this 22nd day of March, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE