IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC | § | |
| | § | |
| v. | § | CIVIL NO. 2:07-CV-511 (CE) |
| | § | |
| GOOGLE INC., YAHOO! INC., IAC | § | |
| SEARCH & MEDIA, INC., AOL LLC, | § | |
| and LYCOS, INC. | § | |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO DISCLOSE THEIR NONINFRINGEMENT CONTENTIONS

Plaintiff Software Rights Archive, LLC ("SRA") moves to compel Defendants Google Inc., Yahoo! Inc., and AOL LLC ("Defendants") to provide discovery regarding their assertion of noninfringement.

This case was filed almost two and a half years ago, and the claim construction process is underway, yet Defendants still have not produced any noninfringement contentions. That is contrary to this Court's precedents. It is also unfair and unreasonable. SRA has produced thorough infringement contentions to Defendants, yet Defendants insist that they cannot properly prepare for claim construction unless SRA provides even more thorough supplemental disclosures. If that is so, simple fairness requires Defendants likewise to provide thorough noninfringement contentions to SRA so that it too can properly prepare for claim construction. This Court should compel Defendants to disclose their noninfringement contentions.

### INTRODUCTION

SRA filed this case in November 2007. In August 2008, SRA served Interrogatory No. 8 on Defendants:

> Describe in detail all of the bases for Your contention, if any, that You have not and do not infringe, whether direct, indirect, contributory, or inducement and or whether literal or under the doctrine of equivalents the '352, '494 or '571 Patents as well as any documents and facts supporting that contention.

Ex. 1, 8/11/08 SRA 1st Rogs. at 9. Defendants objected to the interrogatory "as premature until SRA serves infringement contentions in this case, and the Court issues a claim construction." Ex. 2, 10/10/08 Google Resp. at 28.[1] In October 2008, SRA served its infringement contentions on Defendants. In April 2009, SRA served Interrogatory No. 17 on Defendants:

> For each element of the asserted claims that you contend is not present in the accused software, please describe the basis for your contention including a description of why the accused steps and functionality set forth in Plaintiff's Infringement Contentions do not correspond to the claim element.[2]

Ex. 3, 4/8/09 SRA 3rd Rogs. at 6. Defendants again objected to the interrogatory as premature.[3] In March 2010, SRA then served a 30(b)(6) notice on Google seeking its noninfringement contentions. Google has not provided a witness to testify to this topic. To date, Defendants have refused to disclose their noninfringement contentions to SRA.

Even while refusing to provide disclosures to SRA, Defendants have demanded that SRA provide additional infringement disclosures beyond those SRA already served over one and a half years ago. For example: "Defendants ask that SRA amend its own Infringement Contentions to specifically identify how each and every one of Defendants' accused products or services allegedly infringe immediately." Ex. 4, 3/27/09 Hung-Hardy Letter at 2. Likewise: "[W]e repeat our prior request that SRA first amend its Infringement Contentions to identify specifically how each and every one of the accused products and services allegedly infringes." Ex. 5, 7/16/09 Saelao-Hardy Letter at 1. In discussions, Defendants' counsel have tied their claimed need for supplemental infringement contentions to their ability to properly prepare for claim construction.

---

[1] AOL and Yahoo! objected on the same grounds.
[2] On issuing Interrogatory No. 17, SRA withdrew Interrogatory No. 8 as being duplicative thereof.
[3] In the interest of preserving confidentiality, and because SRA's contentions regarding the history of this dispute are likely to be undisputed, SRA is not attaching certain supporting discovery documents to this motion.

Defendants' complaints against SRA's infringement contentions are unfounded. SRA's infringement disclosures total well over 500 pages. SRA has identified, for each defendant, each claim that is infringed. SRA has also provided detailed claim charts to accompany its disclosures. Nevertheless, in the spirit of cooperation, SRA agreed to supplement its infringement contentions, asking in return only that Defendants supply noninfringement contentions. SRA noted Defendants' claim that they needed updated infringement contentions to formulate their claim construction positions and requested merely that Defendants reciprocally furnish noninfringement contentions to enable SRA to formulate its claim construction positions. Even in the face of SRA's agreement, however, Defendants have refused to provide noninfringement contentions, insisting that SRA's request remains premature. In March and April 2010, the parties held meet-and-confer meetings. Despite earnest efforts, the parties have been unable to bridge their differences.

**ARGUMENT**

This Court should compel Defendants to disclose their noninfringement contentions. Two orders from this Court are directly on-point. Both require defendants to disclose noninfringement contentions:

- In *Performance Pricing, Inc. v. Google Inc.*, No. 2:07-cv-432, slip op. (E.D. Tex. May 27, 2009), the plaintiff requested precisely what SRA requests here: "Plaintiff moves to compel Google to produce a witness to testify as to the facts and documents forming the basis of its noninfringement contention and to supplement its interrogatory response to identify the facts and documents that form the basis of that position." *Id.* at 1. The defendants likewise responded precisely as Defendants have responded here: "Defendant contends that Plaintiff's demand for contention discovery through a supplementation of Google's response to Plaintiff's Interrogatory No. 1 and a Rule 30(b)(6) witness are premature under the Patent Rules." *Id.* This Court

rejected the defendant's objection and compelled it to disclose its noninfringement contentions: "Defendant is ORDERED to respond to Plaintiff's Interrogatory No. 1 . . . within ten (10) days . . . . [and] to produce a witness to testify to the facts and documents forming the basis for its noninfringement position within thirty (30) days of this order." *Id.* at 2. The Court noted that Patent Rule 2-5 specifically "provides that 'it shall *not* be a legitimate ground for objecting to an opposing party's discovery request that the discovery request is premature in light of, or otherwise conflicts with, these Patent Rules.'" *Id.* (quoting P.R. 2-5; emphasis supplied; internal ellipses omitted).

- In *Caritas Technologies, Inc. v. Comcast Corp.*, No. 2:05-cv-339, slip op. (E.D. Tex. Feb. 10, 2006), the plaintiff requested noninfringement contentions just as SRA has done: "[S]tate the basis for . . . Comcast's contention that it has not infringed the Caritas patent . . . ." *Id.* at 11. The defendant likewise objected on prematurity grounds just as Defendants have here: "Comcast . . . specifically object[ed] to Interrogatory No. 8 to the extent it seeks premature disclosure of . . . Comcast's positions regarding . . . non-infringement . . . ." *Id.* This Court rejected the defendant's objection and compelled it to disclose its noninfringement contentions: "Comcast's objections are overruled, and this portion of Caritas' motion is GRANTED. . . . Comcast shall amend its answer to Interrogatory No. 8 within thirty days from the date of entry of this Order." *Id.* at 12. The Court reasoned that "P.R. 2-5 does not provide Comcast a basis for objecting to Caritas' Interrogatory No. 8 as premature." *Id.*

In the face of these two on-point holdings, Defendants have identified not one case denying a plaintiff a request for noninfringement contentions. Instead, Defendants rest their intransigence entirely on *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery*, No. 2:05-cv-185 slip op. (E.D. Tex. Aug. 18, 2006). That opinion does not control here, for multiple

4

reasons. First, that opinion did not deny a plaintiff its request for noninfringement contentions from a defendant. Instead, it denied a defendant its request for noninvalidity contentions from a plaintiff. *Id.* at 1. In a footnote, the Court did opine that "[t]he court sees no reason why this holding would not apply equally to the reverse situation—an interrogatory served by a plaintiff early on in the case asking a defendant to identify all of the limitations of an asserted claim that the defendant contends are not found in an accused product." *Id.* at 2 n.1. But, unlike the orders in *Performance Pricing* and *Caritas* cited above, which were on-point holdings, that statement was strictly dictum.

Second, even on its own terms, the *Jacobs Chuck* dictum does not apply here. That statement applied narrowly to "interrogator[ies] served by a plaintiff *early on in the case*." *Jacobs Chuck* Order at 2 n.1 (emphasis supplied). That opinion, for example, issued fifteen months after the case was filed. The opinion in *Performance Pricing*, in contrast, was issued twenty months into the case. This motion comes twenty-nine months into this case—almost twice as far into the case as in *Jacobs Chuck* and nine months later in the case than in *Performance Pricing*. Thus, this motion does not come "early on in" this case, and the *Jacobs Chuck* dictum does not apply.

Third, even if the *Jacobs Chuck* dictum does apply, *Performance Pricing* should be accorded greater weight, because it is almost three years more recent than *Jacobs Chuck*.

Defendants should disclose their noninfringement contentions also as a matter of simple fairness. Defendants have strenuously insisted that they require thorough infringement contentions from SRA to properly prepare for claim construction. Insofar as that is so, fairness dictates that Defendants likewise provide thorough noninfringement contentions to SRA so that it too can properly prepare for claim construction.

## CONCLUSION

This Court should order Defendants to promptly disclose their noninfringement contentions.

Respectfully submitted,

_____
Lee L. Kaplan (by RD)

Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
**SMYSER KAPLAN & VESELKA, L.L.P.**
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Admitted *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522
**DINOVO PRICE ELLWANGER HARDY LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX**
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 0078352
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)

## CERTIFICATE OF CONFERENCE

I certify that SRA has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conferences required by this rule have been conducted. The date of the conference with Google and AOL was March 29, 2010. The date of the conference with Yahoo! was April 12, 2010. The participants in the conference with Google and AOL were Lee Kaplan, Charley Ainsworth, and other counsel for SRA, and Ruffin Cordell and other counsel, including local counsel, for Google. The participants in the conference with Yahoo! were Lee Kaplan, Charley Ainsworth, and other counsel for SRA, and Richard Hung, Michael Jones, and other counsel for Yahoo!. No agreement could be reached because SRA, Google, AOL, and Yahoo! disagree regarding the discoverability of Defendants' noninfringement contentions at this stage of the litigation. The discussions have conclusively ended in an impasse leaving open issues for this Court to resolve.

*Lee Kaplan (by RD)*
Lee Kaplan, Lead Trial Counsel for SRA

/s/ Charley Ainsworth
Charley Ainsworth, Local Counsel for SRA

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 4th day of May, 2010.

*Lee Kaplan (by RD)*
Lee L. Kaplan